THOMPSON & ASSOCIATES LLC
Benjamin S. Thompson
369 Lexington Avenue
Suite 327
New York, New York 10017
Telephone: (646) 770-1097
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.* | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| – against – | |
| CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED), | **Civ. Action No.: 14-cv-0240 (AKH) ECF Case** |
| *Defendants*. | |

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Thompson & Associates LLC, upon their knowledge and belief, and as against Defendants Cutler Soho, LLC, Cutler Park Avenue, LLC, Daniro 57th Street Salon New York, LLC, Rodney Cutler, Michael Gordon, Ben Stewart, Anthony Barrow, David Kastin, XYZ Companies 1–10 (unidentified) and John and Jane Does A–Z (unidentified) (collectively the "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants.

2.      Defendants own, operate, and control a group of hair salons located at three locations: 47 W. 57th St. #2, New York, New York, 10019 ("Cutler Midtown"); 465 W. Broadway, New York, New York, 10012 ("Cutler Soho"); and 420 Park Avenue S., New York, New York, 10016 ("Cutler Park Avenue") (Cutler Soho, Cutler Midtown, And Cutler Park Avenue, and are collectively referred to as the "Cutler Salons").

3.      Upon information and belief, Individual Defendants Rodney Cutler, Michael Gordon, Ben Stewart, Anthony Barrow, David Kastin, and John and Jane Does A–Z (unidentified) (collectively referred to as the "Individual Defendants") serve or served as owner, manager, principal, or agent of Defendants Cutler Soho, LLC, Cutler Park Avenue, LLC, Daniro 57th Street Salon New York, LLC, and XYZ Companies 1–10 (collectively referred to as the "Cutler Entities"), and through these entities operate or operated the Cutler Salons as a joint or unified enterprise.

4.      Plaintiffs are former (and, prospectively, current) employees of Defendants.  They were ostensibly employed as assistants, training to be stylists and colorists.

5.      However, a substantial portion of the daily work performed by each of Plaintiffs entailed additional responsibilities that were not related to styling or coloring, and were not included in Plaintiffs' job description upon hire, including washing and folding laundry, mopping, cleaning, running grocery errands, retrieving managers' cars, attendance at photography shoots, and other similar functions.

6.      Defendants pay and paid stylists and colorists in commission in the form of a percentage of fees paid by customers for services, plus cash tips from customers.  Assistants are

and were paid a "salary" lesser than that required by the Fair Labor Standards Act of 1938 ("FLSA"), plus cash tips from customers.

7.     At all times relevant to this complaint, Plaintiffs worked for Defendants in excess of forty (40) hours per week, without appropriate compensation for the hours over forty (40) per week worked.  Rather, Defendants failed to maintain accurate recordkeeping of their Plaintiffs' hours worked, failed to pay Plaintiffs appropriately for any hours worked over forty (40), either at the straight rate of pay, or for any additional overtime premium.  Defendants additionally failed to pay Plaintiffs the required "spread of hours" pay for any day in which Plaintiffs were forced to work over ten (10) hours per day.

8.     Defendants employed and accounted for assistants, stylists, and colorists in their payroll and employee manual, but in reality their duties included greater or equal time spent in non-styling, non-coloring, non-tipped duties including washing and folding laundry, mopping, cleaning, running grocery errands, and other similar functions.

9.     At all times, regardless of duties, Defendants paid Plaintiffs at a lowered, tip-credited rate.

10.     However, under both the FLSA and the New York Labor Law (NYLL), Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceed or exceeded 20% of each workday, or two (2) hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising its employees' actual roles, duties, and employment classifications in its payroll and policy records to avoid paying plaintiffs at the minimum wage rate, and to enable them to pay

Plaintiffs at a lower, tip-credited rate by designating them as stylists, colorists, assistant stylists, or assistant colorists instead of non-tipped employees.

12.      Plaintiffs now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., the New York Minimum Wage Act, NYLL §§ 650 *et seq*., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2005) (the "Spread of Hours Wage Order").

13.      Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.  At all times relevant to this complaint, Defendants maintained a policy and practice requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the FLSA, 29 US.C. §§ 201 *et seq*., for violations of the NYLL §§ 190 *et seq*. and 650 *et seq*., and for violations of the Spread of Hours Wage Order and overtime wage orders of the New York Commission of Labor, including applicable liquidated damages, interest, attorneys' fees, and costs.

15.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et*

*seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue of this action is proper pursuant to 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their principal offices within this district, and Defendants operate each of the Cutler Salons in this district.  Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

18.     Plaintiff Vicktor Stevenson ("Plaintiff Stevenson" or "Stevenson") is an adult individual residing in Bronx County, New York.  Mr. Stevenson was employed by Defendants from approximately February 2011 until in or about February 2012.

19.     Plaintiff Gloria Espinoza ("Plaintiff Espinoza" or "Espinoza") is an adult individual residing in Queens County, New York.  Ms. Espinoza was employed by Defendants from approximately January 2011 until in or about June 2011.

### *Defendants*

20.     The Individual Defendants own, operate, or control (or owned, operated, or controlled) the Cutler Entities and the Cutler Salons located at three locations in New York, New York at all times relevant to this complaint.

21.     Upon information and belief, Defendant Cutler Soho, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 465 W Broadway, New York, New York 10012.

22.     Upon information and belief, Defendant Cutler Park Avenue, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 47 W. 57th St. #2, New York, New York 10019.

23.     Upon information and belief, Defendant Daniro 57th Street Salon New York, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 115 E. 57th St., New York, New York 10022.

24.     Upon information and belief, there are other unidentified entities that own, operate, or control the Cutler Salons as a joint or unified enterprise.

25.     Upon information and belief, Defendant Rodney Cutler is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rodney Cutler is sued individually in his capacity as an owner, officer, and/or agent of one or more of the Cutler Entities.   Defendant Rodney Cutler possesses or possessed operational control over one or more of the Cutler Entities, possesses or possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  He determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Upon information and belief, Defendant Michael Gordon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Michael Gordon is sued individually in his capacity as an owner, officer, and/or agent of one or more of the Cutler Entities.  Defendant Michael Gordon possesses or

possessed operational control over one or more of the Cutler Entities, possesses or possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  He determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Upon information and belief, Defendant Ben Stewart is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Ben Stewart is sued individually in his capacity as an owner, officer, and/or agent of one or more of the Cutler Entities.  Defendant Ben Stewart possesses or possessed operational control over one or more of the Cutler Entities, possesses or possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  He determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Upon information and belief, Defendant Anthony Barrow is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Anthony Barrow is sued individually in his capacity as an owner, officer, and/or agent of one or more of the Cutler Entities.  Defendant Anthony Barrow possesses or possessed operational control over one or more of the Cutler Entities, possesses or possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  He determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29.     Upon information and belief, Defendant David Kastin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant David Kastin is sued individually in his capacity as an owner, officer, and/or agent of one or more of the Cutler Entities.  Defendant David Kastin possesses or possessed operational control over one or more of the Cutler Entities, possesses or possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  He determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30.     Upon information and belief, there are other unidentified persons that own, operate, or control one or more of the Cutler Salons as a joint or unified enterprise by possessing or having possessed operational control over one or more of the Cutler Entities, possessing or having possessed an ownership interest in one or more of the Cutler Entities, or controlled significant functions of one or more of the Cutler Entities.  Such unidentified persons also determined wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

31.     Defendants operate the Cutler Salons located in three locations within Manhattan, New York.

32.     Defendants maintain as their principal place of business a centralized office, which is located at 47 W. 57th St. #2, New York, New York, 10019 (which is also the location of Cutler Midtown).

33.     The Individual Defendants, Rodney Cutler, Michael Gordon, Ben Steward, Anthony Barrow, and David Kastin, possess or possessed operational control over the Cutler Salons and one or more of the Cutler Entities, possess or possessed and ownership interest in one or more of the Cutler Entities, and controlled significant functions of one or more of the Cutler Entities.

34.     Employees of the Cutler Salons typically work at all three Cutler Salons, and shift from salon to salon per a schedule dictated by Defendants.

35.     All employees of the Cutler Salons, despite their primary location or employment, receive the same employee handbook.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the same employees.

37.     Each Defendant possessed substantial control over the Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiffs, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed the Plaintiffs, and all similarly situated individuals, and were and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

39.     In the alternative, the Defendants constitute a single employer of the Plaintiffs and/or similarly situated individuals.

40.     Upon information and belief, the Individual Defendants operate the Cutler Salons and the Cutler Entities as either alter egos of themselves, and/or fail to operate the Cutler Entities as entities legally separate and apart from their own selves, by, among other things:

   a.     transferring assets and debts freely as between all Defendants;

   b.     operating the Cutler Entities for their own benefit as the sole or majority owner of membership interests;

   c.     intermingling assets and debts of their own with the Cutler Entities;

   d.     diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

   e.     other actions evincing the unlawful use of statutorily provided liability limitations.

41.     At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and the NYLL.  Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

42.     Upon information and believe, in each year from at least 2005 to the present, the Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level).

43.     In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used and sold in the Cutler Salons on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

44.   The Plaintiffs are former employees of the Defendants, who were primarily employed in performing a variety of tasks, such as washing hair, folding laundry, running errands, filling product bottles, cleaning mirrors, sweeping and mopping floors, cleaning tools, and assisting with, and participating in, the styling and coloring of clients' hair.

45.   They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Vicktor Stevenson*

46.   Plaintiff Stevenson was employed by the Defendants from approximately February 2011 through in or about February 2012.

47.   Defendants ostensibly employed Plaintiff Stevenson as an assistant stylist. However, Plaintiff Stevenson was also required to perform additional duties including traveling to get groceries, mopping floors, cleaning walls, doors, and mirrors, washing and folding laundry, receiving deliveries, and refilling bottled products.

48.   Although Plaintiff Stevenson was ostensibly employed as an assistant stylist, he spent more than three hours on a daily basis performing non-stylist work throughout his employment with Defendants.

49.   Plaintiff Stevenson regularly handled goods in interstate commerce, such as salon products and other supplies that were produced outside of the State of New York.

50.   Plaintiff Stevenson's work duties required neither discretion nor independent judgment.

51.   Plaintiff Stevenson regularly worked in excess of forty (40) hours per week.

52.     From approximately February 2011 to February 2012, Plaintiff Stevenson worked a typical schedule from, at least, 10:00 a.m. to 8:00 p.m., Monday through Friday, and often including Saturday and Sunday.

53.     Plaintiff Stevenson typically worked between fifty-five (55) and sixty-five (65) hours per week.

54.     Throughout his employment, Plaintiff Stevenson was paid a "salary," as classified by Defendants, of $290 per week.

55.     Throughout his employment, if Plaintiff Stevenson was absent for one or more days of the week, his weekly pay was reduced in prorated form per day absent.

56.     Plaintiff Stevenson's pay did not, however, increase for extra time per day and/or extra days spent in his work week.

57.     Plaintiff Stevenson was informed he would receive one fifteen minute break and one forty-five minute lunch break per day.  In fact, Plaintiff Stevenson was typically forced to work through his fifteen minute break and lunch break.

58.     Plaintiff Stevenson was never notified by Defendants that his tips would be included as an offset for wages.

59.     Defendants did not account for these tips in any daily, weekly, or other accounting of Plaintiff Stevenson's wages.

60.     Indeed, Plaintiff Stevenson was instructed how much to claim in tips on his personal tax returns so that Defendants' violations would not be discovered.

61.     Furthermore, Defendants did not provide Plaintiff Stevenson with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

62.     Defendants required Plaintiff Stevenson to purchase tools, equipment, and apparel with his own funds—including particular shoes, pants, and shirts (of which requirements were modified from time to time); as well as a blow dryers, brushes, shears, water bottles, clippers, and other items by which Defendant benefitted.  The costs of these items cost Plaintiff Stevenson approximately $1,000.

*Plaintiff Gloria Espinoza*

63.     Plaintiff Espinoza was employed by the Defendants from approximately January 2011 through in or about June 2011.

64.     Defendants ostensibly employed Plaintiff Espinoza as an assistant stylist. However, she was also required to perform additional duties including traveling to get groceries, mopping floors, cleaning walls, doors, and mirrors, washing and folding laundry, receiving deliveries, and refilling bottled products.

65.     Although Plaintiff Espinoza was ostensibly employed as an assistant stylist, she spent more than three hours on a daily basis performing non-stylist work throughout his employment with Defendants.

66.     Plaintiff Espinoza regularly handled goods in interstate commerce, such as salon products and other supplies that were produced outside of the State of New York.

67.     Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

68.     Plaintiff Espinoza regularly worked in excess of forty (40) hours per week.

69.     From approximately January 2011 to June 2011, Plaintiff Espinoza worked a typical schedule from, at least, 10:00 a.m. to 8:00 p.m., Tuesday through Saturday, frequently six days per week, and sometimes seven days per week.

70.     Plaintiff Espinoza typically worked between fifty (50) and sixty (60) hours per week.

71.     Throughout her employment, Plaintiff Espinoza was paid a "salary," as classified by Defendants, of $290 per week.

72.     Throughout her employment, if Plaintiff Espinoza was absent for one or more days of the week, her weekly pay was reduced in prorated form per day absent.

73.     Plaintiff Espinoza's pay did not, however, increase for extra time per day and/or extra days spent in her work week.

74.     Plaintiff Espinoza was informed she would receive one fifteen minute break and one forty-five minute lunch break per day.  In fact, Plaintiff Espinoza was typically forced to work through her fifteen minute break and lunch break.

75.     Plaintiff Espinoza was never notified by Defendants that her tips would be included as an offset for wages.

76.     Defendants did not account for these tips in any daily, weekly, or other accounting of Plaintiff Stevenson's wages.

77.     Indeed, Plaintiff Espinoza was instructed how much to claim in tips on her personal tax returns so that Defendants' violations would not be discovered.

78.     Furthermore, Defendants did not provide Plaintiff Espinoza with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of her hours worked.

79.     Defendants required Plaintiff Espinoza to purchase tools, equipment, and apparel with her own funds—including particular shoes, pants, and shirts (of which requirements were modified from time to time); as well as a blow dryers, brushes, shears, water bottles, clippers,

and other items by which Defendant benefitted.  The costs of these items cost Plaintiff Espinoza approximately $1,000.

*Defendants General Employment Practices*

80.     Defendants regularly required Plaintiffs (and others similarly situated) to work in excess of forty (40) hours per week without paying them the proper minimum and overtime wages or spread of hours compensation.

81.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

82.     Plaintiffs, and upon information and belief, all similarly situated assistant stylists and colorists, stylists, and colorists were paid week to week at the same flat rate of pay regardless of the actual hours worked, unless Plaintiff or a similarly situated employee was absent for one or more days, in which case that employee's weekly pay was reduced by a prorated amount equal to the compensation paid for one day.

83.     Defendants intentionally misclassify their employees in order to benefit themselves financially, including by forcing all employees to work in excess of forty (40) hours per week, and by classifying stylists' and colorists' pay as commission-based even though they are treated as employees under the FLSA and NYLL.

84.     All stylists, colorists, assistant stylists, and assistant colorists employed by Defendants work in excess of forty (40) hours per week, and are paid less than minimum wage due to tips they will reportedly receive from customers.

85.    Defendants' pay practices resulted in Plaintiffs, and other employees similarly situated, not receiving payment for all of their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

86.    It is also Defendants' practice not to compensate employees for significant time worked not performing ordinary tasks, but still benefitting Defendants, such as mandatory attendance at staff meetings, training seminars, recruiting efforts, and marketing efforts.

87.    Defendants did not provide Plaintiffs with statutorily required wage/hour records, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

88.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (i) their full hours worked; (ii) for overtime due; and (iii) for spread of hours pay.

89.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

90.    Defendants instructed Plaintiffs and other similarly situated employees what amount to claim in tip receipts so as to disguise Defendants' conduct of violations of the FLSA and NYLL.

91.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of minimum wage.

92.    Defendants failed to maintain a record of tips earned by Plaintiffs, and other similarly situated employees of Defendants, for work they performed for customers.

93.     Moreover, at all times Defendants required Plaintiff who were tipped employees, and other similarly situated tipped employees, to perform the jobs of multiple employees in addition to their primary responsibilities.   These additional, non-related, and non-tipped duties occupied more than two hours of each Plaintiff's workday.

94.     Defendants paid these Plaintiffs at a lowered, tip-credits rate, however, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

95.     Defendants collected all tips and would control their disbursement to all employees, including Plaintiffs, so as to disguise the amounts paid to Defendants' employees, and prevent the employees from having a full understanding of the tip-crediting process.

96.     All tips paid by Defendants were paid in cash.

97.     Plaintiffs were employed ostensibly as styling and coloring assistants (tipped employees) by Defendants, although their actual duties included greater or equal time spent doing non-tipped functions such as traveling to get groceries, mopping floors, cleaning walls, doors, and mirrors, washing and folding laundry, receiving deliveries, and refilling bottled products.

98.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§ 137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a not-tipped occupation.

99.     Plaintiffs' non-styling and non-coloring duties were not incidental to their occupation as assistant stylists and assistant colorists, but instead constituted an entirely

17

unrelated occupation with duties including traveling to get groceries, mopping floors, cleaning walls, doors, and mirrors, washing and folding laundry, receiving deliveries, parking and retrieving managers cars and personal effects, and refilling bottled products.

100.    Since Plaintiffs spent as much as three hours or more of their workday in non-tipped, non-styling, and non-coloring functions, Defendants were not entitled to take a tip credit with respect to their wages.

101.    In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees and paid them below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate for all the hours they worked.

102.    Defendants employed Plaintiffs and required them to provide their own uniforms, tools, and instruments by which Defendants benefitted, and refused to compensate them or reimburse them for those expenses.

**FLSA COLLECTIVE ACTION CLAIMS**

103.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

104.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them at one and one-half

their regular rates for work in excess of forty (40) hours per work week, and by willfully failing to keep records required by the FLSA.

105.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

108.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

109.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)–(s).

110.     Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

111.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

112.     Plaintiffs have been damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

113.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

115.    Defendants' failure to pay Plaintiffs and putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

#### Violation of the New York Minimum Wage Act

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

119.    Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

120.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

121.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

#### Violation of the Overtime Provisions of the New York State Labor Law

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay

for each hour worked in excess of forty hours in a workweek, in violation of NYLL § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

124.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the NYLL.

125.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

126.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL § 650 *et seq.* and the wage order of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 137-1.7 and 137-3.11.

129.    Defendants failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

130.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Violation of the Timely Payment Provisions of the NYLL

131.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.    Defendants failed to pay Plaintiffs in a timely fashion, as required by NYLL § 191.

133.    Plaintiffs have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

**Violation of the Unauthorized Deduction Provisions of the NYLL**

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    Defendants made unauthorized deductions from Plaintiffs' wages in violation of NYLL § 193.

136.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective class members);

(f)     Awarding Plaintiffs' (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and order promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the NYLL and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred by providing their own uniforms, tools, and instruments, which were required by Defendants to be purchase with Plaintiffs' own funds;

(r)     Providing that, if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

(s)   All such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        January 9, 2014

                                   THOMPSON & ASSOCIATES LLC


                          By: _____
                                Benjamin S. Thompson
                                369 Lexington Avenue
                                Suite 327
                                New York, New York 10017
                                Telephone: (646) 770-1097
                                Facsimile: (646) 924-3040

                                *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.* | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| – against – | **Civ. Action No.: 14-cv-0240 (AKH) ECF Case** |
| CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED), | |
| *Defendants*. | |

# **EXHIBIT A**

## CONSENT TO BECOME A PARTY PLAINTIFF

**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

I hereby consent to be a party plaintiff in the foregoing action.

_____
Vicktor Stevenson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.* <br><br> *Plaintiffs*, <br><br> – against – <br><br> CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED), <br><br> *Defendants*. | **COMPLAINT** <br><br> **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** <br><br> **Civ. Action No.: 14-cv-0240 (AKH) ECF Case** |

# EXHIBIT B

## <u>CONSENT TO BECOME A PARTY PLAINTIFF</u>

**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

I hereby consent to be a party plaintiff in the foregoing action.

_____

Gloria Espinoza