THOMPSON BUKHER LLP

369 Lexington Avenue, Suite 327
New York, New York 10017
Telephone: (646) 770-1097
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*<br><br>                              *Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>                              *Defendants*. | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>Civ. Action No.: 14-cv-0240 (AKH)<br>ECF Case |

**[PROPOSED] ORDER GRANTING CERTIFICATION OF COLLECTIVE ACTION AND APPROVAL OF NOTICE OF LAWSUIT AND ORDER TO SHOW CAUSE FOR CERTIFICATION OF COLLECTIVE ACTION AND APPROVAL OF NOTICE**

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually, and on behalf of others similarly situated ("Plaintiffs"), having moved *ex parte* against Cutler Soho, LLC, Cutler Park Avenue, LLC, Daniro 57th Street Salon New York, LLC, Rodney Cutler, Michael Gordon, Ben Stewart, Anthony Barrow, David Kastin, XYZ Companies 1–10 (Unidentified), and John and Jane Does A–Z (Unidentified) (collectively, the "Defendants") for Certification of Collective Action

1

and Approval of Notice of Lawsuit, and Order to Show Cause for Certification of Collective Action and Approval Of Notice (collectively, the "Order") pursuant to the Fair Labor Standards Act 29 U.S.C. § 216(b) ("FLSA") for the reason that Defendants have violated Plaintiffs' rights under New York Labor Law 12 N.Y.C.R.R. § 146 ("NYLL") and the FLSA by failing to pay Plaintiffs minimum wage, failing to pay Plaintiffs proper overtime compensation, failing to pay Plaintiffs the proper "spread" payments for days on which Plaintiffs' hours exceeded ten hours, failing to pay Plaintiffs in a timely fashion, and making unauthorized deductions from Plaintiffs' wages as alleged in the Affirmation of Benjamin S. Thompson, Esq., the Declaration of Vicktor Stevenson, the Declaration of Gloria Espinoza, and the Memorandum of Law in support of this Order and incorporated herein by reference.

The Court, having reviewed the Memorandum of Law in support of this Order and supporting affirmations, declarations, and exhibits submitted therewith, finds:

1. Plaintiffs have satisfied their burden to demonstrate a factual nexus between their situation and the other former and current employees of the Defendants. The Complaint shows that the named Plaintiffs and the putative members of the collective action are similarly situated;

2. Plaintiffs' Revised Proposed Notice of Lawsuit (the "Notice") is fair, accurate, and informative;

3. The Notice defines the FLSA Covered Employees to include Defendants' assistant stylists, assistant colorists, stylists, and colorists who worked for Defendants since January 9, 2011; provides clear instructions on how to opt-in; and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action;

4. Plaintiffs' request for Defendants' current and past employee information is

reasonable;

5. Defendants should be required to post a copy of the Notice at all Defendants' salons, in a place where potential opt-in plaintiffs are likely to see it and learn about their rights related to this lawsuit, in order to best facilitate dissemination of the Notice to its employees and potential plaintiffs;

6. Defendants would not be unduly burdened by the above requirement to post the Notice at all Defendants' salons;

7. Entry of an order other than the requested Order would not adequately achieve the purposes of the FLSA or the NYLL for ongoing violations thereof including, *inter alia*, restraint of Defendants' continued failure to pay Plaintiffs minimum wage, failure to pay Plaintiffs proper overtime compensation, failure to pay Plaintiffs the proper "spread" payments for days on which Plaintiffs' hours exceeded ten hours, failure to pay Plaintiffs in a timely fashion, and making unauthorized deductions from Plaintiffs' wages.

THEREFORE, IT IS HEREBY ORDERED that the Defendants appear to show cause on the _____ of _____ 2015 at _____ a.m. / p.m. or as soon thereafter as counsel can be heard, in Courtroom _____, in the United States District Court for the Southern District of New York, why an Order pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA") and New York Labor Law 12 N.Y.C.R.R. § 146 ("NYLL") should not be entered, allowing Plaintiffs' action to proceed as follows:

(a) Conditionally certifying this case as a collective action;

(b) Ordering Defendants to produce to Plaintiffs a list, in electronic format, of all persons employed by Defendants as assistant stylists, assistant colorists, stylists, and colorists from January 9, 2011 to the present, including the employee's name, address, telephone number, last four digits of the social security numbers, position, and dates of employment, within ten days of

the Court's Order;

(3)  Authorizing the mailing of the Notice to all potential opt-in plaintiffs employed by Defendants from January 9, 2011 to the present; and

(4)  Ordering Defendants to post copies of the notice and consents to sue in a conspicuous place in Defendants' salons .

ORDERED, that this case is hereby certified as a collective action; and it is further

ORDERED, that any third party having provided services in connection with any Defendants shall within ten (10) days of receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a)  All persons employed by Defendants as assistant stylists, assistant colorists, stylists, and colorists from January 9, 2011 to the present, including the employee's name, address, telephone number, last four digits of the social security numbers, position, and dates of employment; and it is further

ORDERED, mailing of the Notice may begin immediately, by Plaintiffs, to all potential opt-in plaintiffs employed by Defendants from January 9, 2011 to the present; and it is further

ORDERED, that Defendants shall post copies of the Notice and consents to sue in a conspicuous place in Defendants' salons; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon attorneys for Plaintiff by delivering copies thereof to the offices of Thompson Bukher LLP, 369 Lexington Avenue, Suite 327, New York, NY 10017, Attn. Benjamin S. Thompson, Esq., before _____ a.m. / p.m. on the _____ day of _____ 2015. Any reply shall be filed and served by Plaintiffs by the _____ day of _____ 2015;

ORDERED, that Plaintiff's moving papers be served on Defendants' counsel of record by FedEx overnight delivery within two (2) days of the date of this Order; and it is finally

ORDERED, that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in the immediate issuance of the prayed-for relief.

Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Order and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this _____ day of _____ 2015.

_____
UNITED STATES DISTRICT COURT JUDGE