THOMPSON BUKHER LLP

369 Lexington Avenue, Suite 327
New York, New York 10017
Telephone: (646) 770-1097
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*<br><br>        *Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>        *Defendants*. | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br><br>**Civ. Action No.: 14-cv-0240 (AKH) ECF Case** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE SEEKING
CERTIFICATION OF COLLECTIVE ACTION AND APPROVAL OF NOTICE**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................................3

**INTRODUCTION**......................................................................................................................4

**STATEMENT OF FACTS**........................................................................................................6

**ARGUMENT**............................................................................................................................8

    **POINT I - PLAINTIFFS HAVE MET THE MINIMAL BURDEN NECESSARY FOR THIS COURT TO GRANT CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION** .......8

        **A.   Certifying this Case as a Collective Action**....................................................................9

        **B.   Plaintiffs Have Met Their Minimal Burden** ...................................................................11

    **POINT II - THE PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO THE CLASS** ..............................................................................................................................12

        **A.   Plaintiffs' Proposed Notice is Fair, Accurate, and Informative**..........................................12

        **B.   Discovery of Names, Addresses, and Social Security Numbers** .........................................13

        **C.   Posting of Notice**...............................................................................................................14

**CONCLUSION** ........................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Anglada v. Linens 'N Things, Inc.,* No. 06-CV-12901 (CM) (LMS), 2007 U.S. Dist LEXIS 39105 (S.D.N.Y. Apr. 26, 2007).................................................................................................................9

*Braunstein v. Eastern Photographic Labs., Inc.,* 600 F.2d 335 (2d Cir. 1978) ............................9

*Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55 (S.D.N.Y. 2009) ..................................................10

*Dumitrescu v. Mr. Chow Enterprises, Ltd.,* No. 07 Ov. 3601 (PKL), 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008).........................................................................................................8

*Gjurovicl1 v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ...............11

*Hoffman v. Sbarro,* 982 F. Supp. 249 (S.D.N.Y. 1997).........................................................9, 11

*Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)* ................................................8, 9, 12

*Iglesias-Mendoza v. LaBelle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007)......................11

*Khalil v. The Original Homestead Rest., Inc., d/b/a Old Homestead,* No. 07-CV-695(RJH), 2007 U.S. Dist. LEXIS 70372, at *4-5 (S.D.N.Y. Aug. 9, 2007) .................................................11

*Krueger v. New York Tel. Co.,* No. 93-CV-0178 (LM:M), 93-CV-0179 (L:MM:), 1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. 1993) ...................................................................................................11

*Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346 (E.D.N.Y. 2008) .................................10

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193 (S.D.N.Y. 2006).............................................5, 12

*Lewis v. National Finandal Systems, Inc.,* No. 06 Ov. 1308 (DRH)(ARL), 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007)..................................................................................................8

*Lyncll v. United Servs. Auto Ass'n,* 491 F. Supp. 2d 357 (S.D.N.Y. 2007)...............................10

*Malena v. Victoria's Secret Direct, LLC,* 09 Civ. 5849, 2010 U.S. Dist. LEXIS 121320 (S.D.N.Y. Nov. 16, 2010) ...........................................................................................................9

*Malloy v. Richard Fleischman & Assocs.,* No. 09-CV-322, 2009 U.S. Dist. LEXIS 51790 (S.D.N.Y. June 3, 2009) .............................................................................................................10

*Masson v. Ecolab, Inc.,* 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 18, 2005).......10, 11

*Patton v. Thomson Corp.,* 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ............................................13

*Pefanis v. Westway Diner,* No. 08-CV-002, 2008 U.S. Dist. LEXIS 1082 (S.D.N.Y. Oct. 8, 2008) .........11

*Rubery v. Buth-Na-Bodlzaige, Inc.,* 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008) .....................14

*Sanchez v. La Cocina Mexicana, Inc.,* 2010 WL 2653303 (S.D.N.Y. July 1, 2010).................10

*Torres v. Gristede's Operating Corp.,* No. 04-CV-3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) ............................................................................................................9

*Young v. Cooper Cameron Corp.,* 229 F.R.D. 50 (S.D.N.Y. 2005) ..........................................10

*Young v. County of Nassau,* No. 09-3830 (DRH), 2010 U.S. Dis. LEXIS 2471 (E.D.N.Y. Jan. 13, 2010) .........................................................................................................................10, 11

**Statutes**

Fair Labor Standards Act 29 U.S.C. § 216(b)........................................................................4, 8
New York Labor Law 12 N.Y.C.R.R. § 146 ...............................................................................7

This Memorandum of Law is submitted by Plaintiffs in support of their Motion for Conditional Collective Action Certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("**FLSA**").

## INTRODUCTION

This case alleges that Defendants—multiple salons, their owners, and managers (the "**Cutler Parties**")—violated provisions of the FLSA by failing to pay Plaintiffs minimum wage and failing to pay Plaintiffs proper overtime compensation, and violated provisions of the New York Labor Law ("**NYLL**") by failing to pay Plaintiffs minimum wage, failing to pay Plaintiffs proper overtime compensation, failing to pay Plaintiffs the proper "spread" payments for days on which Plaintiffs hours exceeded ten hours, failing to pay Plaintiffs in a timely fashion, and making unauthorized deductions from Plaintiffs' wages.

On January 9, 2014, Plaintiffs filed their Complaint in this action.  Defendants filed an Answer with the Court in response to the Complaint.  Plaintiffs' and Defendants' counsel discussed the putative class and proposed notice of lawsuit extensively, but were unable to reach agreement on either.  On August 8, 2014, a preliminary conference was held before the Court, whereby the Court requested that the parties move the Court seeking determination of the conditional certification of a collective action and approval of the corresponding notice of lawsuit to be sent to potential opt-in members of the proposed collective action.  Thereafter, Defendants' counsel agreed to file a consent motion, agreeing to Plaintiffs' identification of the putative class and proposed notice of lawsuit.

On November 3, 2014, the Court denied the consent motion, ordering revisions to the proposed notice of lawsuit more clearly providing free choice of attorney to members of the

putative class and allowing the Court to determine a reasonable fee (the "**Order**").  The Order is

annexed to the Attorney Affirmation of Benjamin S. Thompson, dated March 5, 2015 (the

"**Thompson Aff**") attached to this order to show cause at **Exhibit A**.

Thereafter, Defendants' counsel took this opportunity to reject Plaintiffs' proposed notice

of lawsuit in nearly its entirety, demanding myriad additions and revisions that were not prescribed

by the Order.  Additionally, Defendants' counsel would take weeks to respond to each revised

version proposed by Plaintiffs, amounting to months of fruitless efforts on Plaintiffs' behalf, as

Defendants ultimately refused to agree to any compromised version of the proposed notice of

lawsuit.

The FLSA allows claims to be brought as an opt-in collective action in which similarly

situated employees may assert similar claims without having to initiate multiple individual

lawsuits.  "The consent procedures of 29 U.S.C. § 216(b) require that parties affirmatively 'opt in'

to [a] collective action by filing consents, and district courts have discretion to regulate notices

sent to potential opt-in plaintiffs." *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 196 n.3 (S.D.N.Y.

2006).  The FLSA provides for a three-year statute of limitations for willful violations. 29 U.S.C.

§ 216(b).  In this order to show cause, plaintiffs ask the Court for:

(1) Conditional certification of this action as a representative collective action
    pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all staff employed by
    the Cutler Parties (the "**FLSA Covered Employees**") from January 9, 2011
    until the present (the "**FLSA Period**");

(2) Court-facilitated notice of this action to the FLSA Covered Employees in the
    form of **Exhibit B** of the Thompson Aff (the "**Notice**") (a blackline document
    indicating the changes made to the previously proposed notice is also attached
    in Exhibit B);

(3) Production of names, last known mailing addresses, alternate addresses, all
    telephone numbers, the last four digits of social security numbers, and dates of
    employment of all FLSA Covered Employees; and

(4) Posting of the Notice, along with the consent forms, in a place where putative plaintiffs are likely to view it.

## STATEMENT OF FACTS

Defendants collectively own, operate, and control a group of hair salons located at three locations in New York City (the "**Cutler Salons**"). Plaintiffs are former (and, prospectively, current) employees of Defendants. They were ostensibly employed as assistants, training to be stylists and colorists. However, a substantial portion of the daily work performed by each of Plaintiffs entailed additional responsibilities that were not related to styling or coloring, and were not included in Plaintiffs' job description upon hire, including washing and folding laundry, mopping, cleaning, running grocery errands, retrieving managers' cars, attendance at photography shoots, and other similar functions. See Declaration of Vicktor Stevenson, dated March 5, 2015 (the "**Stevenson Dec.**"), annexed to this order to show cause, at ¶ 2; *see also* Declaration of Gloria Espinoza, dated March 5, 2015 (the "**Espinoza Dec.**"), annexed to this order to show cause, at ¶ 2.

Defendants paid stylists and colorists in commission in the form of a percentage of fees paid by customers for services, plus cash tips from customers. *See* Stevenson Dec., ¶ 4; *see also* Espinoza Dec., ¶ 4. Assistants are and were paid a "salary" lesser than that required by the Fair Labor Standards Act of 1938 ("FLSA"), plus cash tips from customers. Additionally, Plaintiffs worked for Defendants in excess of forty (40) hours per week, without appropriate compensation for the hours over forty (40) per week worked. *See* Stevenson Dec., ¶ 5; *see also* Espinoza Dec., ¶ 5. Rather, Defendants failed to maintain accurate recordkeeping of Plaintiffs' hours worked, failed to pay Plaintiffs appropriately for any hours worked over forty (40), either at the straight rate of pay, or for any additional overtime premium. *See* Stevenson Dec., ¶ 5; *see also* Espinoza

Dec., ¶ 5.  Defendants additionally failed to pay Plaintiffs the required "spread of hours" pay for

any day in which Plaintiffs were forced to work over a period exceeding ten (10) hours per day.

*See* Stevenson Dec., ¶ 6; *see also* Espinoza Dec., ¶ 6.

Defendants employed and accounted for assistants, stylists, and colorists in their payroll

and employee manual, but in reality their duties included greater or equal time spent in non-styling,

non-coloring, non-tipped duties including washing and folding laundry, mopping, cleaning,

running grocery errands, and other similar functions.  *See* Stevenson Dec., ¶¶ 2, 3, 7; *see also*

Espinoza Dec., ¶¶ 2, 3, 7.  At all times, regardless of duties, Defendants paid Plaintiffs at a lowered,

tip-credited rate.  However, under both the FLSA and the NYLL, Defendants were not entitled to

take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or two

(2) hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

Upon information and belief, Defendants employed the policy and practice of disguising

its employees' actual roles, duties, and employment classifications in its payroll and policy records

to avoid paying Plaintiffs at the minimum wage rate, and to enable them to pay Plaintiffs at a

lower, tip-credited rate by designating them as stylists, colorists, assistant stylists, or assistant

colorists instead of non-tipped employees.  *See* Stevenson Dec., ¶ 8; *see also* Espinoza Dec., ¶ 8.

Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.  *See*

Stevenson Dec., ¶ 8; *see also* Espinoza Dec., ¶ 8.  At all times relevant to this action, Defendants

maintained a policy and practice requiring Plaintiffs and other employees to work in excess of

forty (40) hours per week without providing the minimum wage and overtime compensation

required by federal and state law and regulations.

## ARGUMENT

### POINT I - PLAINTIFFS HAVE MET THE MINIMAL BURDEN NECESSARY FOR THIS COURT TO GRANT CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

Under the FLSA, employees may bring a collective action "[on] behalf . . . of themselves and other employees similarly situated." 29 U.S.C. § 216(b). In addition, "no employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing ... and such consent is filed in the court in which such action is brought." *Id.* The collective action procedure allows for the efficient adjudication of similar claims, so "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join together to prosecute their claims. *See Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989). In order to participate in a collective action, an employee must affirmatively "opt-in," meaning that an individual must consent in writing to join the suit and this consent must be filed with the Court. *See, e.g., Hoffman-La Roche,* 493 U.S. at 168; *Lewis v. National Finandal Systems, Inc.,* No. 06 Ov. 1308 (DRH)(ARL), 2007 U.S. Dist. LEXIS 62320, at *2 (E.D.N.Y. Aug. 23, 2007) ("[S]ection 216(b) requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent."); *Dumitrescu v. Mr. Chow Enterprises, Ltd.,* No. 07 Ov. 3601 (PKL), 2008 U.S. Dist. LEXIS 49881, at *7 (S.D.N.Y. June 30, 2008) ("[A] plaintiff must 'opt in' to the case by signing a consent and filing it with the court, or will otherwise not be involved . . . [and] courts may order notice to other potential similarly situated employees to inform them of the opportunity to opt in to the case.").

The Second Circuit has long recognized that FLSA cases should, where possible, be certified as collective actions in light of "the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest[s] of the courts in avoiding multiplicity of

suits." *Braunstein v. Eastern Photographic Labs., Inc.,* 600 F.2d 335, 336 (2d Cir. 1978). Court-supervised notice is also the preferred method for managing this notification process because (a) it allows the court to set deadlines to advance the disposition of the action; and (b) it protects plaintiffs' claims from expiring under the statute of limitations. *Hoffman-LaRoche,* 493 U.S. at 172. Court-supervised notice can also obviate disputes between the parties regarding the content of the notice. *ld.* ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").

## A. Certifying this Case as a Collective Action

As a policy matter, "courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffman v. Sbarro,* 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Since this often happens before the parties engage in formal discovery, courts regularly allow plaintiffs to "rely[] on his or her own pleadings, affidavit, or declaration, and the affidavits or declarations of other prospective class members" to determine whether the named plaintiffs and the putative class members are similarly situated. *Anglada v. Linens 'N Things, Inc.,* No. 06-CV-12901 (CM) (LMS), 2007 U.S. Dist LEXIS 39105, at *12 (S.D.N.Y. Apr. 26, 2007). As courts have noted, "[a]t this juncture also termed the 'notice stage' the court applies a 'fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.,* No. 04-CV-3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *23 (S.D.N.Y. Sept. 28, 2006) (quotations omitted). *See also Malena v. Victoria's Secret Direct, LLC,* 09 Civ. 5849, 2010 U.S. Dist. LEXIS 121320, at *8 (S.D.N.Y. Nov. 16, 2010) (*quoting Delaney v. Geisha NYC, LLC,* 261

F.R.D. 55, 58 (S.D.N.Y. 2009)) ("The standard for conditionally certifying a collective action is a 'lenient evidentiary standard.'").

At this stage of litigation, the Court need not determine the merits of Plaintiffs' claims. *See Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."). *See also Lyncll v. United Servs. Auto Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated"); *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (the "focus of this inquiry ... is not on whether there has been an actual violation of law"). Rather, under 29 U.S.C. § 216(b), plaintiffs must show only that that they and other employees "were victims of a common policy or plan that violated the law." *Sanchez v. La Cocina Mexicana, Inc.,* 2010 WL 2653303, *1 (S.D.N.Y. July 1, 2010). *See also Malloy v. Richard Fleischman & Assocs.,* No. 09-CV-322, 2009 U.S. Dist. LEXIS 51790, at* 6 (S.D.N.Y. June 3, 2009) (holding that plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.").

"If the court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs," who may elect to "opt-in" under § 216(b) by filing written consents. *Young v. County of Nassau,* No. 09-3830 (DRH), 2010 U.S. Dis. LEXIS 2471, at *4 (E.D.N.Y. Jan. 13, 2010). The action then proceeds as a collective action throughout the discovery process. *See Masson v. Ecolab, Inc.,* 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *39 (S.D.N.Y. Aug. 18, 2005).

### B. Plaintiffs Have Met Their Minimal Burden

Courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs are similarly situated. *See e.g., Hoffman,* 982 F. Supp. at 262 ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here"); *Krueger v. New York Tel. Co.,* No. 93-CV-0178 (LM:M), 93-CV-0179 (L:MM:), 1993 U.S. Dist. LEXIS 9988, at *6 (S.D.N.Y. 1993) ("even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case").  Inasmuch as the merits of the claim are not weighed at the notice stage, a potential need for "extensive" individual discovery does not prevent notice from going out. *Masson,* 2005 U.S. Dist. LEXIS 18022, at *43-44; *Young,* 2010 U.S. Dist. LEXIS 2471, at *5 (denying request to hold briefing of proposed motion for conditional collective action certification in abeyance pending discovery); *Hoffman,* 982 F. Supp. at 262 (the court need not wait for defendant to complete its discovery or make dispositive motions before authorizing notice).  In lieu of extensive individualized discovery, courts often rely solely upon the allegations in a complaint supported by declarations to determine whether the plaintiff and potential opt-ins are "similarly situated." *See Gjurovicl1 v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). *See also Pefanis v. Westway Diner,* No. 08-CV-002, 2008 U.S. Dist. LEXIS 81082, at *2-3 (S.D.N.Y. Oct. 8, 2008) (certifying collective action based upon complaint and one affidavit); *Khalil v. The Original Homestead Rest., Inc., d/b/a Old Homestead,* No. 07-CV-695(RJH), 2007 U.S. Dist. LEXIS 70372, at *4-5 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and affidavits); *Iglesias-Mendoza v. LaBelle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs rely, as they are entitled to do at this stage of the proceedings, on the pleadings and their own declarations.").

Here, the plaintiffs have satisfied their burden to demonstrate a factual nexus between their situation and the other former and current employees of the Cutler Salons.  The Complaint shows that the named Plaintiffs and the putative members of the collective action are similarly situated. Every member of the Cutler Salons staff—all assistant stylists, assistant colorists, stylists, and colorists—were improperly categorized and paid less than minimum wage, were not paid overtime, and were inappropriately paid pursuant to state and federal tip credit, which was not available to Defendants.  *See* Stevenson Dec., ¶¶ 7, 8; *see also* Espinoza Dec., ¶ 7, 8.  Therefore, Plaintiffs have made the "minimal showing" required to certify this case as a collective action.

## POINT II - THE PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO THE CLASS

### A.  Plaintiffs' Proposed Notice is Fair, Accurate, and Informative

Where the named plaintiffs and potential plaintiffs are determined to be similarly situated, a district court will certify the case as a collective action, and authorize the plaintiffs to send a collective action notice to putative class members.  *See, e.g., Hoffman-La Roche,* 493 U.S. at 170 ("Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").  Annexed to the Thompson Aff. at Exhibit B is Plaintiffs' proposed notice (a blackline document indicating the changes made to the previously proposed notice is also attached in Exhibit B);.  The proposed notice defines the FLSA Covered Employees to include Cutler Salons assistant stylists, assistant colorists, stylists, and colorists who worked for Cutler Salons since January 9, 2011.  It provides clear instructions on how to opt-in, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.  The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the trial court."  *Lee,* 2008 U.S. Dist. LEXIS 38725, at *3–4.  It bears pointing out that Plaintiffs' proposed collective action notice is based upon the collective action notices

approved by the Court in numerous instances.  This notice will enable all similarly situated employees to make an informed decision as to whether they will opt-in to the collective action.

**B.  Discovery of Names, Addresses, and Social Security Numbers**

Plaintiffs seek the production of names, last known mailing address, alternate addresses, all telephone numbers, and dates of employment of all FLSA Covered Employees.  Plaintiffs also seek the last four digits of the social security numbers of the covered employees so that Plaintiffs' counsel can perform a skip trace for all notices returned as undeliverable because of a change of address.  Based on Plaintiff counsel's experience, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is by performing a search using the social security numbers.  This is particularly likely in a case such as this, where employee turnover at the Cutler Salons is extremely high due to their poor payment practices and dishonest treatment of their employees.  Plaintiffs are willing to execute a stipulation of confidentiality regarding the social security numbers. *See Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (requiring defendant to produce social security numbers of putative collective members subject to entry of a confidentiality agreement).

Plaintiffs therefore request that, in addition to entering an order granting conditional certification and approving Plaintiffs' proposed notice, the Court order Defendants to produce, within ten days of its order, a computer readable and searchable list (in the form of a Microsoft Excel spreadsheet or Word document) of all staff employed by the Cutler Parties from January 9, 2011 to the present with the following information: full name, last known mailing addresses, alternate addresses (if any), all known telephone numbers, last four digits of the social security number, position, and dates of employment.

### C. Posting of Notice

Finally, in order to best facilitate dissemination of the notice of pendency to its employees, Defendants should be required to post a copy of the proposed notice at all Cutler Salons in a place where potential opt-in plaintiffs are likely to see it and learn about their rights related to this lawsuit. *See Rubery v. Buth-Na-Bodlzaige, Inc.,* 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008) (holding that "it will not be overly burdensome to require defendant to post a hard copy of the class notice on each of its employee common area bulletin boards").

### CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court take the following action:

(1) conditionally certify this case as a collective action;

(2) order Defendants to produce to Plaintiffs a list, in electronic format, of all persons employed by Defendants as assistant stylists, assistant colorists, stylists, and colorists from January 9, 2011 to the present, including the employee's name, address, telephone number, last four digits of the social security numbers, position, and dates of employment, within ten days of the Court's Order;

(3) authorize the mailing of the proposed notice to all potential opt-in plaintiffs employed by Defendants from January 9, 2011 to the present; and

(4) order Defendants to post copies of the notice and consents to sue in a conspicuous place in defendants' salons.


Dated:  New York, New York
        March 6, 2015


Benjamin S. Thompson (BT2176)
THOMPSON BUKHER LLP
369 Lexington Avenue, Suite 327
New York, NY 10017
P: 646-770-1010
F: 646-349-2366
tbukher@thomplegal.com

*Attorneys for Plaintiffs*