THOMPSON BUKHER LLP

369 Lexington Avenue, Suite 327
New York, New York 10017
Telephone: (646) 770-1097
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated,*<br><br>                    *Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>                    *Defendants*. | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>Civ. Action No.: 14-cv-0240 (AKH)<br>ECF Case |

### DECLARATION OF VICKTOR STEVENSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION AND APPROVE NOTICE OF LAWSUIT

VICKTOR STEVENSON, being duly sworn, deposes and says:

1.     I was employed by Defendants from approximately February 2011 until on or about February 2012.

2.     I was officially employed by Defendants as an assistant stylist but was frequently asked to perform duties outside those included in my job description. Such outside duties included traveling to get groceries, mopping floors, cleaning walls, doors, and mirrors, receiving

deliveries, refilling bottled products, washing and folding laundry, retrieving managers' cars, attendance at photography shoots, and other similar functions.

3. I spent more than three hours of each work day performing non-stylist work, as described above for the duration of my employ with the Defendants.

4. I was paid a salary by Defendants that did not amount to minimum wage, including tips distributed to me, if they were distributed at all.

5. I regularly worked more than forty (40) hours per week. I did not receive adequate pay for hours worked in excess of forty (40) per week, neither in the form of the straight rate of pay, nor in overtime premium.

6. I never received "spread of hours" pay for any day in which I was required to work over ten (10) hours per day.

7. Many of my coworkers were similarly employed and accounted for as assistants, stylists, and colorists on payroll and in the employee manual, but whose duties also included greater or equal time spent in non-styling, non-coloring, non-tipped duties including washing and folding laundry, mopping, cleaning, running grocery errands, and other similar functions.

8. Defendants had a policy of disguising their employees' actual roles, duties, and employment classifications in their payroll and policy records in order to avoid paying me and other employees in similar positions at the minimum wage rate and instead, pay us at a low, tip-credited rate by designating them as stylists, colorists, assistant stylists, or assistant colorists, instead of non-tipped employees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2015.

_____
Vicktor Stevenson

2