UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VICKTOR STEVENSON and GLORIA
ESPINOZA, individually, and on
behalf of others similarly situated,

                Plaintiffs,                                 Civil Action No.
                                                                        14 Civ. 0240 (Hellerstein, J.)

                -against-

CUTLER SOHO, LLC, CUTLER PARK
AVENUE, LLC, DANIRO 57TH STREET
SALON NEW YORK, LLC, RODNEY
CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID
KASTIN, XYZ COMPANIES 1-10
(UNIDENTIFIED) and JOHN and
JANE DOES A-Z (UNIDENTIFIED),

                Defendants.
-----------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW

**MOSS & KALISH, PLLC**
Attorneys for Plaintiff
**Office and Post Office Address**
**122 East 42nd Street, Suite 2100**
**New York, New York 10168**
**(212)867-4488**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICKTOR STEVENSON and GLORIA
ESPINOZA, individually, and on
behalf of others similarly situated,

                    Plaintiffs,                            Civil Action No.
                                                             14 Civ. 0240 (Hellerstein, J.)

                  -against-

CUTLER SOHO, LLC, CUTLER PARK
AVENUE, LLC, DANIRO 57TH STREET
SALON NEW YORK, LLC, RODNEY
CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID
KASTIN, XYZ COMPANIES 1-10
(UNIDENTIFIED) and JOHN and
JANE DOES A-Z (UNIDENTIFIED),

                    Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION AND APPROVE NOTICE OF LAWSUIT

### PRELIMINARY STATEMENT

        Defendants in the captioned action except for defendant Michael Gordon (the "Defendants") submit this memorandum of law in opposition to Plaintiffs' motion to conditionally certify this FLSA action as a collective action and approve notice of lawsuit.

        Defendants consent to the certification of a FLSA collective action for notice and discovery purposes only, and that as is requested by the plaintiffs in the "Conclusion" section at page 14 of their memorandum of law, that the notice be sent to those persons employed by Defendants as assistant stylists, assistant colorists, stylists and colorists.

        However, the Defendants object to the notice of lawsuit and consent form proposed by the plaintiffs. Defendants have proposed changes to the notice of lawsuit and consent form (set

1

forth in paragraph 4 of the Declaration of James Schwartzman, Esq.) which primarily are intended to insure that the notice of lawsuit and consent form are more consistent with the Court's "Form Notice Template" for a "Notice of Collective Action Lawsuit" attached to the Court's Individual Rules.

Moreover, as is set forth below, although requested by plaintiffs in their memorandum of law, the Defendants should not be compelled to provide the plaintiffs with the last four digits of the social security numbers, and telephone numbers, of the potential opt-in plaintiffs, nor be ordered to post the notice of lawsuit and consent form at Defendants' salons.

## ARGUMENT

### I.  CERTIFICATION AS COLLECTIVE ACTION SHOULD BE CONDITIONAL

Here, the parties have not yet engaged in discovery. Accordingly, certification of this action as a collective FLSA action should be conditional for notice and discovery purposes only. See Meyers v. The Hertz Corporation, 624 F.3d 537, 554-555 (2nd Cir. 2010).

### II.  DEFENDANTS SHOULD NOT BE COMPELLED TO TURN OVER PORTIONS OF SOCIAL SECURITY NUMBERS AND TELEPHONE NUMBERS FOR POTENTIAL PLAINTIFFS OF THE COLLECTIVE ACTION

In their memorandum of law, in addition to requesting that defendants provide addresses, positions and dates of employment for those persons to whom the notice of lawsuit is to be sent, the Plaintiffs request that Defendants be compelled to provide the last four digits of the employees' social security numbers and telephone numbers. See "Conclusion" section of plaintiff's Memorandum of Law at page 14. Defendants should not be required to turn over

such sensitive, personal information as individual social security numbers and telephone numbers, which could be subject to inadvertent disclosure even if a confidentiality agreement is executed. Plaintiffs make no showing that enough of the addresses for the prospective members provided by Defendants will be inaccurate or have changed so as to warrant revealing the social security numbers and telephone numbers of employees.

As a matter of law, the plaintiffs' request for social security numbers and telephone numbers for potential opt-in plaintiffs should be denied. See Michael v. Bloomberg L.P., 2015 U.S. Dist. LEXIS , 14-cv-2657, at *9 (S.D.N.Y. April 17, 2015) ("privacy concerns have precluded courts from ordering the disclosure of certain personal information, including telephone numbers and social security numbers, absent a showing that a significant number of notices have been returned as undeliverable.")


III.     DEFENDANTS SHOULD NOT BE COMPELLED TO POST THE NOTICE OF LAWSUIT AND CONSENT TO SUE AT THEIR SALONS

In their memorandum of law, the Plaintiffs request that Defendants be ordered to post copies of the notice of lawsuit and consent to sue in a conspicuous place in Defendants' salons. See "Conclusion" section of plaintiff's Memorandum of Law at page 15.

Defendants' vigorously oppose such a request. Defendants' businesses will be severely and unduly prejudiced by their customers potentially learning of the existence of this lawsuit by notices so posted at their salons. In addition, since employees who are potential plaintiffs will be receiving notice directly from plaintiffs' counsel, there is no need to also post the notice and consent form at the locations.

Plaintiffs' request that Defendants be required to post the notice of lawsuit and consents to sue at Defendants' salons should be denied since "absent a showing that a significant number of notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace." Michael v. Bloomberg L.P., supra, at *9-10.

## CONCLUSION

Based upon the foregoing, the Court should deny the Plaintiffs' motion and in the event the Court conditionally certifies the action as an FLSA collective action should order the following:

(1)   that the action is conditionally certified as a collective action for notice and discovery purposes only;

(2)   that the Plaintiffs be directed to use a notice of lawsuit and consent form with the changes proposed by the Defendants; and

(3)   that the Defendants provide the Plaintiffs with the names, dates of employment, positions and addresses of those employed by defendants as assistant stylists,

assistant colorists, stylists and colorists from January 13, 2011 to the present.


Dated:   New York, New York
         May 12, 2015

                                        Respectfully submitted,

                                        MOSS & KALISH, PLLC

                                        By: _____
                                        JAMES SCHWARTZMAN (JS-6605)
                                        Attorneys for Appearing Defendants
                                        122 East 42nd Street, Suite 2100
                                        New York, New York 10168
                                        (212)867-4488

5