THOMPSON BUKHER LLP

369 Lexington Avenue, Suite 327
New York, New York 10017
Telephone: (646) 770-1097
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*<br><br>                              *Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>                              *Defendants*. | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>Civ. Action No.: 14-cv-0240 (AKH)<br>ECF Case |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION AND APPROVE NOTICE OF LAWSUIT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................3

PRELIMINARY STATEMENT......................................................................................................4

ARGUMENT...................................................................................................................................4

    I.    Defendants Must Be Required to Produce Contact Information of Potential Plaintiffs, Including Telephone Numbers and Partial Social Security Numbers .......................................................4

    II.    Defendants Must Be Required to Post Notice of This Lawsuit in Their Workplaces...................6

    III.    Defendants' Remaining Contentions Are Without Merit and Authority ......................................7

        A.    The Proposed Notice Already States that the Potential Plaintiff May Elect to Join the Lawsuit, Bring His/Her Own Lawsuit, or Do Nothing .......................................................................7

        B.    Damages Referred to in Paragraph Three of the Proposed Notice Do Not Need to Be Stated as "Alleged Damages" ...............................................................................................................8

        C.    Potential Plaintiffs Are Not Required to Return Their Consent Only by Mail ..............................8

        D.    Defendants' Law Firm Contact Information Does Not Need to Be Included in Full ...................8

        E.    Potential Plaintiffs Are Not Required to Assert Separate Facts to Establish That He or She Is Similarly Situated to Plaintiffs .............................................................................................9

        F.    Potential Plaintiffs Are Not Required to Sign the Consent Before a Notary Public .....................9

CONCLUSION.................................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Capsolas v. Pasta Resources, Inc.*,
No. 10-cv-5595 (RJH), 2011 WL 1770827 (S.D.N.Y. May 9, 2011)..........................................5
*Fang v. Zhuang*,
No. 10-cv-1290 (RRM)(JMA), 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010)..............................5
*Garcia v. Pancho Villa's of Huntington Village, Inc.*,
678 F.Supp.2d 89 (E.D.N.Y. 2010) .............................................................................................7
*Guan Ming Lin v. Benihana Nat'l Corp.*,
755 F.Supp.2d 504 (S.D.N.Y. 2010 ............................................................................................5
*Lynch v. U.S. Auto. Ass'n*,
491 F.Supp.2d 357 (S.D.N.Y. 2007).............................................................................................5
*Malloy v. Richard Fleischman & Assocs. Inc.*,
No. 09-cv-322 (CM), 2009 WL 1585979 (S.D.N.Y. June 3, 2009)............................................7
*Michael v. Bloomberg L.P.*,
No. 14-cv-2657 (S.D.N.Y. Apr. 17, 2015)..................................................................................6
*Schear v. Food Scope America, Inc.*,
297 F.R.D. 114 (S.D.N.Y. 2014) ................................................................................................5
*Shajan v. Barolo, Ltd.*,
No. 10-cv-1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010)..........................................5
*Spicer v. Pier Sixty LLC*,
269 F.R.D. 321 (S.D.N.Y. 2010) ................................................................................................5
*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
767 F.Supp.2d 445 (S.D.N.Y. 2011)........................................................................................5, 7

**Statutes**

Fair Labor Standards Act 29 U.S.C. § 216(b)..............................................................................1
Federal Ruls of Civil Procedure 26(a)(1)(A) ...............................................................................4

This Reply Memorandum of Law is submitted by Plaintiffs in support of their Motion for Conditional Collective Action Certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("**FLSA**") (the "**Motion**").

## PRELIMINARY STATEMENT

Defendants oppose certain portions of the Motion in a continued effort to create burden, difficulty, and confusion for and among potential plaintiffs seeking to opt-in to this action. Plaintiffs have modified their proposed notice of lawsuit and consent form (the "**Proposed Notice**") in strict accordance with this Court's order of November 3, 2014, which required that the Proposed Notice more clearly provide free choice of attorney to members of the putative class and allowing the Court to determine a reasonable fee.

There is no just basis for any of defendants' requests. Defendants cite one case in their opposition brief to support only some of their contentions, and the rest are based purely in their desire to minimize notice to potential plaintiffs, and to decrease the likelihood that a noticed potential plaintiff will opt-in.

Accordingly, the Proposed Notice should be approved in its current form.

## ARGUMENT

**I.  Defendants Must Be Required to Produce Contact Information of Potential Plaintiffs, Including Telephone Numbers and Partial Social Security Numbers**

Defendants oppose the production of telephone numbers and partial social security numbers, notwithstanding plaintiffs' consent to execute a confidentiality agreement, citing privacy issues.

"The request to compel production of social security numbers [and telephone numbers] is within the Court's sound discretion." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 448 (S.D.N.Y. 2011) (citations omitted). "Courts in the Second Circuit have become progressively more expansive regarding the extent of the employee information they will order defendants to produce in FLSA collective actions, even at the pre-certification stage." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F.Supp.2d 504, 514 (S.D.N.Y. 2010).

The weight of authority in this district favors disclosure of contact information, including telephone numbers, of potential plaintiffs in FLSA cases. *See Capsolas v. Pasta Resources, Inc.*, No. 10-cv-5595 (RJH), 2011 WL 1770827, *5 (S.D.N.Y. May 9, 2011); *see also Shajan v. Barolo, Ltd.*, No. 10-cv-1385 (CM), 2010 WL 2218095, *1 (S.D.N.Y. June 2, 2010). Indeed, defendants would also be required to produce this information pursuant to Rule 26(a)(1)(A), so it would be inefficient and uneconomic to restrict production of telephone numbers.

The production of social security numbers, particularly when there is a confidentiality agreement in place, is also routinely ordered in FLSA cases. *See Shajan,* 2010 WL 2218095 at *1; *see also Fang v. Zhuang*, No. 10-cv-1290 (RRM)(JMA), 2010 WL 5261197, *1 (E.D.N.Y. Dec. 1, 2010); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010); *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 136 (S.D.N.Y. 2014); *Lynch v. U.S. Auto. Ass'n*, 491 F.Supp.2d 357, 371–72 (S.D.N.Y. 2007).

As stated in Plaintiff's moving memorandum of law, in its counsel's experience, hairstylists and colorists, and especially their assistants, are chronically difficult to locate due to their low pay and consequent need to find new living arrangements that are less expensive and closer to their subsequent job locations.

Further, in defendants' Declaration of James Schwartzman, at paragraph 7, he states that "[t]here is also a question as to what extent the Defendants have the social security numbers in question in their possession." This speaks to the insufficiency of defendants' record-keeping and information that will be shared in this process. The potential plaintiffs were and are employees of the company that should have been paid through state and federal wage requirements that would unquestionably require the acquisition and use of their social security numbers. That defendants admit that they may not even have these numbers reflects the inadequacy of information that has been collected and stored, and that will be produced.

In defendants' memorandum of law, they cite one case in the entire brief to support their contention, *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (S.D.N.Y. Apr. 17, 2015). This case presents different facts than those at issue here, as the plaintiffs and potential plaintiffs in that case were analysts at Bloomberg, and thus were less transient and more likely to be reached at the record information on file with the defendant. In this case, there are concerns that defendants even have the necessary contact information, as they have conceded.

Accordingly, Defendants should be required to produce the necessary information to allow potential plaintiffs to be contacted, including telephone numbers and partial social security numbers, as any of defendants' produced information cannot be trusted to be complete and/or accurate, and the more information that is produced in order to inform the putative class, the more likely it is that those people will actually be reached.

## II.     Defendants Must Be Required to Post Notice of This Lawsuit in Their Workplaces

Defendants also object to notice of the lawsuit being posted at the salons in order to inform current employees of the lawsuit, claiming that such posting will severely and unduly prejudice defendants by their customers potentially learning of the existence of this lawsuit.

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn*, 767 F.Sup.2d at 449; *see Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09-cv-322 (CM), 2009 WL 1585979 (S.D.N.Y. June 3, 2009); *see also Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F.Supp.2d 89, 96 (E.D.N.Y. 2010) ("Moreover, while defendants object to the posting of the Notice at their business locations—and request an order prohibiting it—such a practice has been routinely approved in other cases.").

Defendants claim that posting such notice could potentially inform customers of the lawsuit. The documents in this lawsuit are part of the public domain—nothing would be presented that is not already publicly available. Further, Defendant is not required to post the notice on the front door, nor anywhere in the salon where customers are present. These notices can be placed in the employee break room or other parts of the salon conspicuous to employees, but not visible to the salons' patrons.

### III. Defendants' Remaining Contentions Are Without Merit and Authority

Defendants remaining contentions and requests are solely an effort to enhance the labor and burden required for a potential plaintiff to opt-in to this action.[1] Those contentions are set forth and addressed in the following paragraphs.

#### A. The Proposed Notice Already States that the Potential Plaintiff May Elect to Join the Lawsuit, Bring His/Her Own Lawsuit, or Do Nothing

Defendants argue that the Proposed Notice should state that the potential plaintiff may elect to join the lawsuit, bring his or her own lawsuit, or do nothing. The Proposed Notice clearly states that, "If you choose not to join this lawsuit, you do not need to do anything. If you

---

[1] Plaintiffs' moving memorandum incorrectly stated the Proposed Notice should reach back to employees employed by defendants beginning January 9, 2011. The correct date should be January 13, 2011.

do not join this lawsuit, you will not be a part of the case in any way, and will not be bound by any resolution." Proposed Notice at ¶ 5. It further states that "You may elect to participate in the lawsuit using Thompson Bukher LLP as your counsel, or you may join using your own counsel." *Id.* at ¶ 6. Defendants' request is superfluous and duplicative of the contents already contained in the Proposed Notice.

### B. Damages Referred to in Paragraph Three of the Proposed Notice Do Not Need to Be Stated as "Alleged Damages"

Defendants request that paragraph three of the Proposed Notice state that damages sought are "alleged." Again, this is duplicative and unnecessary. Paragraph three of the Proposed Notice states that the lawsuit is "seeking damages," which clearly implies that the damages are not certain. There is no benefit to adding to the Proposed Notice that damages are "alleged," except to further purport to potential plaintiffs that the lawsuit lacks merit.

### C. Potential Plaintiffs Are Not Required to Return Their Consent Only by Mail

Defendants also request that the Court limit potential plaintiffs' return of their consent forms to delivery by mail only. There is no precedent cited by defendants that requires that the only means of returning the consent form be by mail. Again, defendants' sole purpose in requesting this restriction is to increase the burden of potential plaintiffs in consenting to join the lawsuit.

### D. Defendants' Law Firm Contact Information Does Not Need to Be Included in Full

Defendants seek to have their counsel's name, address, and telephone number included in the Proposed Notice. There is no authority for this request, nor is there any reason set forth for doing so. Once again, defendants' only reason for this request is to confuse potential plaintiffs by including multiple law firms' contact information on the Proposed Notice.

### E. Potential Plaintiffs Are Not Required to Assert Separate Facts to Establish That He or She Is Similarly Situated to Plaintiffs

Defendants also request that potential plaintiffs assert separate facts that state their belief as to why they should be included in this lawsuit. The consent form already establishes that the consenting plaintiff was "employed as an Assistant, Assistant Colorist, Assistant Stylist, Colorist, and/or Stylist at Cutler and/or Cutler Salon between January 13, 2011 and present." This clearly states that the opt-in plaintiff is similarly situated with existing plaintiffs, and the potential plaintiff would not sign the consent form if this were not true. Once again, the only reason that defendants make this request is to heighten the burden of potential plaintiffs in opting in to the collective action.

### F. Potential Plaintiffs Are Not Required to Sign the Consent Before a Notary Public

Finally, defendants request that potential plaintiffs be required to notarize their consent form prior to submission to their attorney of choice. Again, defendants cite no authority requiring a notary public to sign the consent form of potential plaintiffs. Indeed, plaintiffs' counsel reviewed over 25 consent forms approved by this Court, and not one included a notary public signature requirement. This is burdensome and costly, and is wholly unnecessary.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs again respectfully request that this Court take the following action:

> (1) conditionally certify this case as a collective action;
>
> (2) order Defendants to produce to Plaintiffs a list, in electronic format, of all persons employed by Defendants as assistant stylists, assistant colorists, stylists, and colorists from January 13, 2011 to the present, including the employee's name, address, telephone number, last four digits of the social security numbers, position, and dates of employment, within ten days of the Court's Order;

(3) authorize the mailing of the proposed notice to all potential opt-in plaintiffs employed by Defendants from January 13, 2011 to the present; and

(4) order Defendants to post copies of the notice and consents to sue in a conspicuous place in defendants' salons.

Dated: New York, New York
       May 18, 2015



Benjamin S. Thompson (BT2176)
Tim Bukher (TB1984)
THOMPSON BUKHER LLP
369 Lexington Avenue, Suite 327
New York, NY 10017
P: 646-770-1010
F: 646-349-2366
bthompson@thomplegal.com

*Attorneys for Plaintiffs*