RECEIVED
MAR 10 2017
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

MARK L. KALISH
GARY N. MOSS
LARRY Z. LAZAR*
HON. DAVID B. GELFARB*
—
JAMES SCHWARTZMAN

*ALSO ADMITTED IN NEW JERSEY

**MOSS & KALISH**, PLLC
COUNSELLORS AT LAW
122 EAST 42ND STREET
NEW YORK, NY 10168-0098
---
TELEPHONE: (212) 867-4488
TELECOPIER: (212) 983-5276
E-MAIL: LAWYERS@MOSSKALISH.COM

NASSAU OFFICE
500 OLD COUNTY, SUITE 206
GARDEN CITY, NY 11530
---
writer's e-mail:
schwartzman@mosskalish.com

March 10, 2017

**VIA ECF AND FACSIMILE**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Stevenson and Espinoza v. Cutler Soho, et. al. (14-CV-0240)</u>

Dear Judge Hellerstein:

This firm represents the answering defendants in the above-referenced matter. I write this letter pursuant to Rule 2E of the Court's Individual Rules and Section E of the Case Management Plan with the consent of plaintiffs' counsel who jointly drafted this letter with me, regarding the scheduling of the plaintiffs' and defendants' depositions.

Defendants' Position

Under the Case Management Plan, the plaintiffs' depositions were to be completed by February 28, 2017 and the defendants' depositions by March 31, 2017.

On February 23, 2017, plaintiff Gloria Espinoza was deposed in New York. When defendants attempted to schedule the depositions of the three remaining plaintiffs within the time frame set by the Case Management Plan issued by this court, counsel for plaintiffs refused to produce the remaining three plaintiffs in New York. Plaintiffs' counsel took the position that since plaintiffs resided outside of New York he would permit them to be deposed "via telephone or web conference only."

It is defendants' position that the three remaining plaintiffs be deposed in New York.

*In light of the continuing dispute between counsel, I vacate my order endorsed on March 2, 2017. The order of depositions shall be as follows. All depositions shall take place in New York City, and all shall be completed by April 21/24:*
1. *Pl. Victor Stevenson;*
2. *any of the def+s ptfs as chosen by plaintiff's counsel;*
3. *the remaining plaintiffs;    4. the remaining def/s.*
*So ordered.  Alvin K. Hellerstein   3-15-17*

Hon. Alvin K. Hellerstein
March 10, 2017
Page Two

By a joint letter to the Court dated February 28, 2018, the parties set forth their respective positions with respect to this question. By an order dated March 2, 2017, the Court directed plaintiffs to bring a formal motion "...for a protective order, supported by memorandum and affidavits..."

Plaintiffs now wish to take the depositions of defendants while the Court resolves this issue. It is Defendants' position that the depositions of all plaintiffs, by whatever means they are taken, should be completed before Defendants are deposed.

The Case Management Plan supports Defendants' position.

The Case Management Plan, reflecting that plaintiffs' depositions were noticed first, provided that plaintiffs be deposed before defendants and that those depositions be completed by February 28, 2017. Plaintiffs' depositions were not completed by February 28, 2017 for the sole reason that three of the four plaintiffs refused to appear in New York for their depositions. The order of the depositions set in the Case Management Plan should not be altered simply because plaintiffs refuse to appear for a deposition in New York and the Court must now resolve this question by formal motion.

Defendants submit that under these circumstances the depositions of defendants should only proceed after plaintiffs' motion for a protective order is decided and depositions of all plaintiffs are completed. Defendants are prepared to promptly depose the plaintiffs after a decision is issued on plaintiffs' motion and to thereafter promptly appear for defendants' depositions.

In accordance with Section E of the Case Management Plan, the defendants submit the enclosed proposed order setting forth modified dates for the completion of plaintiffs' and defendants' depositions and for other dates under the Plan likely to be affected.

Plaintiffs' Position

Defendants initially noticed their depositions on November 20, 2015; voluntarily adjourned them on January 6, 2016; and never re-noticed them, instead relying on an informal email request that only came on February 13, 2017, merely fifteen days before this Court ordered defendants to have completed their depositions of plaintiffs.

Now, defendants delay resolution of this matter and refuse to produce their clients for deposition despite the Court's order to complete depositions of defendants by March 31, 2017. The basis of this refusal, as provided by defendants, is simply because they are entitled to have completed their depositions of plaintiffs first. Defendants offer <u>no reason at all nor cite to any supporting rule of law</u>. The very clear reason is to delay the outcome of this matter.

Hon. Alvin K. Hellerstein
March 10, 2017
Page Three

Federal Rule of Civil Procedure 26(d)(3) states that, barring stipulation or Court order to the contrary, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." While the Court did order a shorter timeframe for plaintiffs to be deposed than that for defendants, the Court did not instruct that one was to be completed before the other could proceed, or that any sequence should take place. Indeed, there is no compelling reason why plaintiffs should be fully deposed first, and defendants have not offered one. This is especially true since the deadline for defendants to depose plaintiffs has passed, and they could have easily deposed plaintiffs had they cooperated with plaintiffs' request to be deposed remotely.

Defendants would not stipulate to depose plaintiffs by web conference, but instead sought an extension of time to complete their depositions. Once the deadline for defendants to depose plaintiffs passed on February 28, 2017, plaintiffs re-noticed depositions of defendants on March 1, 2017 having recognized that defendants would refuse production. Defendants now do so, requesting that they wait for plaintiffs to submit their motion for a protective order relating to web-conferenced depositions, wait for the decision of this Court on that motion, and then wait for them to depose the remainder of plaintiffs, if they are allowed to do so at all. There is absolutely no reason that plaintiffs cannot proceed with depositions of defendants in the meantime—it is more efficient to do so in every respect, and there is no reason to delay this matter any further.

Accordingly, plaintiffs respectfully request that the Court order defendants' production for deposition in the timeframe already established by this Court, March 31, 2017.

Respectfully,

JAMES SCHWARTZMAN

cc: Thompson Bukher LLP (by e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICKTOR STEVENSON and GLORIA
ESPINOZA, individually, and on
behalf of others similarly
situated,

                Plaintiffs,

-against-

CUTLER SOHO, LLC, CUTLER PARK
AVENUE, LLC, DANIRO 57TH STREET
SALON NEW YORK, LLC, RODNEY
CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID
KASTIN, XYZ COMPANIES 1-10
(UNIDENTIFIED) and JOHN and
JANE DOES A-Z (UNIDENTIFIED),

                Defendants.
------------------------------------------------------------X

**ORDER**

14 Civ. 0240 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The Case Management Plan is hereby modified as follows:

| Item | Plan Date | Modified Date |
|---|---|---|
| Completion of Plaintiffs' Depositions | 2/28/17 | 21 days after date of decision on plaintiffs' motion for a protective order concerning plaintiffs' depositions |
| Completion of Defendants' Depositions | 3/31/17 | 21 days after completion of plaintiffs' depositions |
| Additional Interrogatories and/or Requests for Production | 4/5/17 | 7 days after completion of defendants' depositions |
| Requests for Admissions | 4/5/17 | 7 days after completion of defendants' depositions |

1

| Item | Plan Date | Modified Date |
|---|---|---|
| Non-Expert Discovery (Section B of Plan) | 5/9/17 | 45 days after completion of defendants' depositions |
| Dispositive Motions (Section D.1 of Plan) | 6/8/17 | 30 days after deadline for Non-Expert Discovery |
| Settlement Meeting (Section D.2 of Plan) | 5/17/17 at 10:00 a.m. | mutually agreed upon date and time within 10 days before Second Case Management Conference |
| Second Case Management Conference (Section D.3 Of Plan) | 5/26/17 at 10:00 a.m. | [to be determined by the Court] |

SO ORDERED.

Dated: March___, 2017
      New York, New York

                                                ALVIN K. HELLERSTEIN
                                                United States District Judge

Judge wrote:

"In light of the continuing dispute between counsel, I vacate my order endorsed on March 2, 2017. The order of depositions shall be as follows. All depositions shall take place in New York City, and all shall be completed by April 21, 2017. 1. Pl. Vicktor Stevenson; 2. Any of the defendants, as chosen by plaintiff's counsel; 3. The remaining plaintiffs; 4. The remaining defendants. SO ORDERED.

Alvin K. Hellerstein
3-15-17"