Stevenson v. Cutler, et al - 14-cv-0240 (AKH)
Plaintiffs' Motion for Sanctions

# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*

*Plaintiffs*,

– against –

CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),

*Defendants*.

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**Civ. Action No.: 14-cv-0240 (AKH)
ECF Case**

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE**, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the oral deposition of defendant Cutler SOHO, LLC on April 12, 2017 beginning at 10:00 a.m. before an officer authorized to administer oaths at the offices of Thompson Bukher, LLP, with respect to the evidence material and necessary in the prosecution of this action and defense of the counterclaims.

Pursuant to Fed.R.Civ.P 30(b)(6), Defendant is required to identify and produce for deposition one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, with respect to each of the matters set forth on the Schedule attached hereto and made a part hereof.

2

Dated: New York, New York
March 29, 2017

THOMPSON BUKHER LLP

By: _____
Benjamin S. Thompson (BT2176)
Tim Bukher (TB1984)
75 Broad Street, Suite 2120
New York, New York 10017
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

Plaintiffs incorporate by reference herein, the Definitions set forth in Plaintiffs' Complaint, dated January 9, 2014.

## MATTERS TO WHICH EXAMINATION IS REQUESTED

1. Facts and circumstances surrounding the allegations set forth in Plaintiffs' Complaint.

2. For the period of January 13, 2011 through January 13, 2014, facts and circumstances surrounding Defendant's hiring process for full and part-time employees, consultants, independent contractors, and other individuals who provided services to the corporation (collectively, "**Employees**"), including the procedures by which Employees were/are classified as full-time, part-time, etc.

3. For the period of January 13, 2011 through January 13, 2014, facts and circumstances regarding Defendant's management of its Employees, including, but not limited to, assignment of official title and/or job description, assignment of individual tasks, scheduling, attendance, tracking, and general day-to-day management.

4. For the period of January 13, 2011 through January 13, 2014, facts and circumstances regarding the Defendant's accounting and bookkeeping, including how Employee hours were submitted, recorded, tracked, organized, and classified.

5. For the period of January 13, 2011 through January 13, 2014, facts and circumstances regarding Defendant's compensation of Employees, including, but not limited to, how wages were determined, how pay periods were determined, and how Defendant ensured compliance with the FLSA and New York State laws regulating employee hiring, classification, treatment, and compensation.

6. For the period of January 13, 2011 through January 13, 2014, facts and circumstances regarding Defendant's internal communication channels, specifically, any mechanisms or procedures made available to Employees for the purpose of safely communicating potential grievances, reporting errors, or making general inquiries regarding their employment with Defendant.