# MOSS & KALISH, PLLC

COUNSELLORS AT LAW
122 EAST 42ND STREET
NEW YORK, NY 10168-0098

---

TELEPHONE: (212) 867-4488
TELECOPIER: (212) 983-5276
E-MAIL: LAWYERS@MOSSKALISH.COM

MARK L. KALISH
GARY N. MOSS
LARRY Z. LAZAR*
HON. DAVID B. GELFARB*
---
JAMES SCHWARTZMAN

*ALSO ADMITTED IN NEW JERSEY

NASSAU OFFICE
500 OLD COUNTY, SUITE 206
GARDEN CITY, NY 11530
---
writer's e-mail:
kalish@mosskalish.com

May 12, 2017

**VIA EXPRESS MAIL AND ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **Stevenson and Espinoza v. Cutler Soho, et. al. (14-CV-0240)**

Dear Judge Hellerstein:

  This firm represents the answering defendants in the above-referenced matter. I write this letter pursuant to Rule 2E of the Court's Individual Rules with plaintiffs' counsel who jointly drafted this letter with me. By this letter, defendants are requesting that the Court extend for a period of 30 days the May 9, 2017 deadline set by the Case Management Order to complete non-expert discovery, and that plaintiffs' counsel or someone in his office with knowledge of the facts be directed to appear for a deposition. Plaintiffs are opposing the foregoing request.

  Defendants' Position

  In this action, four plaintiffs seek to recover damages arising from the alleged failure of defendants to pay for overtime work. In response to interrogatories propounded by the defendants which requested an itemization of the overtime hours allegedly worked, plaintiffs provided the Response to Interrogatories annexed to this letter.

  Between February 23, 2017 and April 5, 2017, defendants deposed the four plaintiffs. In their testimony, none of the plaintiffs had even the slightest clue as to how the numbers which appeared on the Responses to Interrogatories were derived.

  During the deposition of Gloria Espinosa, the first plaintiff to be deposed, in response to questioning, she repeatedly stated that she did not know from where the calculations of the number of

Hon. Alvin K. Hellerstein
May 12, 2017
Page Two

days and overtime hours she worked which appeared in her Interrogatory Responses and were certified by her to be accurate were derived. See page 136 of Ms. Espinosa's deposition transcript annexed hereto. The number of days and hours she worked are matters which require no legal calculation or analysis by her attorneys.

In cross examination by Ben Thompson, plaintiffs' counsel, of Ms. Espinosa, Mr. Thompson asked Ms. Espinosa to confirm that they discussed the case, that she provided him with information, that he, in turn, explained to her that he was going to submit the information in various forms to the court, that she provided him with "…many statements and information …related to the amount of time you worked there, the hours that you worked there, the days that you worked there…."

Ms. Espinosa, in further response to Mr. Thompson's questioning, confirmed that the information which she provided him was sufficient to calculate the damage claim which was ultimately reflected in the Interrogatory Responses. See pages 172 and 173 of Ms. Espinoza's deposition transcript annexed hereto.

Similarly, the three other plaintiffs who were deposed had no idea how the damages which they claimed to have suffered were calculated.

Over the last 10 days or so, following the completion of the depositions of the plaintiffs, I had several conversations and exchanges with Mr. Thompson. I indicated to him that based on my reading of the deposition transcript of Gloria Espinosa, Mr. Thompson, in his cross-examination of her, arguably breached the attorney-client privilege. More importantly, it was clear to me from the exchange between Mr. Thompson and his client that it was either Mr. Thompson or someone in his office who had calculated the damage numbers which appeared in the Responses to Interrogatories. Thus, either Mr. Thompson or someone in his office was now a witness in this case.

I told Mr. Thompson that under the circumstances I felt compelled to depose either him or whoever in his office it was that did the calculations since he or someone in his office appeared to be the only persons who had any idea how the plaintiffs calculated their damages. At the same time, I stated to Mr. Thompson that I felt uncomfortable deposing an opposing attorney in a case.

The Case Management Order directs the parties to engage in a settlement conference on May 17, 2017. I suggested to Mr. Thompson that we agree to extend the discovery cutoff date until some point in time after May 17, 2017. I explained to him that on behalf of the defendants I was prepared to engage in good faith negotiations to settle the case on May 17 and if Mr. Thompson acted in the same manner perhaps we could settle the case and avoid the unpleasantness of me having to depose him.

Hon. Alvin K. Hellerstein
May 12, 2017
Page Three

      Mr. Thompson offered to provide me with a declaration detailing how the damages were calculated. I responded that I would be happy to review any declaration he provided but could not, in advance, agree that a deposition of him would not be required.

      About one week ago, Mr. Thompson stated that he would review my proposal with his clients. Despite repeated inquiries by me over the last week seeking a response to my proposal, I heard nothing back. This past Monday, on the eve of the expiration of the discovery deadline in the Case Management Order, Mr. Thompson rejected my offer. At the same time, Mr. Thompson filed a motion to sanction defendants for failing to engage in discovery.

      Defendants respectfully request that the Court extend the discovery cutoff date of May 9, 2017 for a period of 30 day and that Mr. Thompson or the person in his office with the knowledge of the damage calculations be directed to appear for a deposition on a date after May 17, 2017, the date of the settlement conference, and before the expiration of the newly set discovery cutoff date.

Plaintiffs' Position

      Plaintiffs oppose the defendants' foregoing request. It is the plaintiffs' position that defendants are attempting to improperly take a second stab at deposing witnesses, the plaintiffs, who the defendants have, as admitted above, already deposed. The defendants are seeking to depose the plaintiffs' counsel for information that should have been requested from the plaintiff witnesses in the first instance. Plaintiffs also suspect, based on the defendants' position above, that the threat to depose plaintiffs' counsel is nothing more than a settlement tactic.

      As evidenced in the annexed deposition transcript of Gloria Espinoza, Ms. Espinoza was unable to answer how the damages were calculated in this matter. This is because the calculation of damages consists of a legal analysis, performed by plaintiffs' counsel, based on the hours that the plaintiff witnesses recollect that they worked for the defendants. As evidenced in the annexed deposition transcript, the defendants' counsel failed to ask Ms. Espinoza what hours she worked, choosing instead to focus on asking her how the legal conclusions in this matter were calculated—something she obviously could not answer. As admitted by the defendants' counsel, above, plaintiffs' counsel has offered to provide details of their damages calculations which details constitute legal argument rather than discoverable fact.

      Furthermore, plaintiffs dispute that any attorney-client privilege was waived at Ms. Espinoza's deposition. As evident from the annexed transcript, Mr. Thompson's rebuttal questions to Ms. Espinoza expressly avoided asking Ms. Espinoza to reveal the *substance* of any communication she had made to her counsel. And even if any waiver was made, the proper time to question Ms. Espinoza about such substance was at her deposition. It would not be proper, and would in fact be pointless, to now depose Ms. Espinoza's counsel about statements made to him by Ms. Espinoza because: (i) such statements are

Hon. Alvin K. Hellerstein
May 12, 2017
Page Four

privileged; (ii) even were privilege waived, Ms. Espinoza's counsel would have no recollection of such statements without consulting his notes which notes constitute privileged attorney work-product; and (iii) Ms. Espinoza would be the proper first-hand witness for any statements she made since any of her counsel's testimony regarding such statements would constitute inadmissible hearsay.

Plaintiffs further note that plaintiffs' motion for sanctions is not relevant to this issue. Plaintiffs have moved for sanctions on the basis that (i) the defendants have not produced adequately responsive documents during discovery; and (ii) the defendants have refused to provide an adequately prepared Rule 30(b)(6) witness. As clear from the defendants' position above, the defendants are not requesting to extend discovery deadlines in order to cure the foregoing deficiencies.

Plaintiffs further note that, pursuant to the Court's order dated May 11, 2017 (Dkt. 52), plaintiffs strongly urged the defendants not to file this letter.

Respectfully,

MARK L. KALISH

Cc: Tim Bukher, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*

                                *Plaintiffs,*

– against –

CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),

                                *Defendants.*

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**Civ. Action No.: 14-cv-0240 (AKH)
ECF Case**

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually, and on behalf of others similarly situated ("Plaintiffs"), hereby respond to each numbered paragraph of the interrogatories (the "Interrogatories") propounded by the defendants ("Defendants") as follows:

## GENERAL OBJECTIONS

A. Plaintiffs object to Defendants Interrogatories to the extent that they are improper under FRCP Rule 33.

B. Plaintiffs object generally to Defendants Interrogatories on the grounds that they are overly broad and burdensome. Plaintiffs have made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of the Interrogatories.

C. The following responses and objections are based upon information now known. Plaintiffs have not yet completed discovery or preparation for trial in this action and therefore will supplement these responses and objections to the extent required by the FRCP.

D. Without waiving these objections and by way of response, Plaintiffs provide the following responses.

## RESPONSES

### INTERROGATORY NO. 1

Identify the witnesses with knowledge or information relevant to the subject matter of this action.

### Response to No. 1:

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs identify Rodney Cutler, Michael Gordon, Ben Stewart, Anthony Barrow, David Kastin, Carissa Joseph, Melinda Cuevas-Ayassi, Vicktor Stevenson, Gloria

2

Espinoza, Amber Coutee, and Sally Laipert as relevant witness to the foregoing subject matter.

**INTERROGATORY NO. 2**

Set forth in detail the computation of each category of damage alleged for each plaintiff.

<u>Response to No. 2:</u>

SBBI objects to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs set forth the computation of damages as follows:

<u>Vicktor Stevenson</u>

| | |
|---|---|
| Actual Hourly Wage: | $5.38 |
| Days Worked: | 348 |
| Regular Hours Worked: | 2,320 |
| Overtime Hours Worked: | 1,856 |
| Regular Pay Due: | $4,338.40 |
| Overtime Pay Due: | $20,193.28 |
| Spread of Hours Pay Due: | $2,523.00 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $32,054.68 |
| State Law Liquidated Damages: | $32,054.68 |
| Federal Law Liquidated Damages: | $32,054.68 |
| **Total Damages:** | **$96,164.04** |

<u>Gloria Espinoza</u>

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 131 |
| Regular Hours Worked: | 1,048 |
| Overtime Hours Worked: | 695 |
| Overtime Pay Due: | $7,485.44 |
| Spread of Hours Pay Due: | $949.75 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $13,435.19 |
| State Law Liquidated Damages: | $13,435.19 |
| Federal Law Liquidated Damages: | $13,435.19 |
| **Total Damages:** | **$40,305.57** |

Sally (Clemente) Laipert

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 65 |
| Regular Hours Worked: | 440 |
| Overtime Hours Worked: | 407 |
| Overtime Pay Due: | $4,428.16 |
| Spread of Hours Pay Due: | $471.25 |
| Wage Notice Violation: | $3,250.00 |
| Total Pay Due: | $8,149.41 |
| State Law Liquidated Damages: | $8,149.41 |
| Federal Law Liquidated Damages: | $8,149.41 |
| **Total Damages:** | **$24,448.23** |

Amber Coutee

| | |
|---|---|
| Actual Hourly Wage: | $5.75 |
| Days Worked: | 342 |
| Regular Hours Worked: | 2,280 |
| Overtime Hours Worked: | 1,824 |
| Regular Pay Due: | $3,420.00 |
| Overtime Pay Due: | $19,845.12 |
| Spread of Hours Pay Due: | $2,479.50 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $30,744.62 |
| State Law Liquidated Damages: | $30,744.62 |
| Federal Law Liquidated Damages: | $30,744.62 |
| **Total Damages:** | **$92,233.86** |

## INTERROGATORY NO. 3

Identify each document relied upon by plaintiffs to compute their alleged damages and for each such document identify the custodian and state the location thereof.

### Response to No. 3:

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs have relied on the pay stubs they received during their employ with Defendants; the Employee Handbook drafted by Defendants and provided to Plaintiffs during their

4

employ with Defendants; certain letter(s) drafted by Defendants to, or on behalf of, Plaintiffs; and the documents produced by Defendants in this matter.

**INTERROGATORY NO. 4**

If you are aware of any document responsive to any of the requests in the Answering Defendants' First Requests for the Production of Documents that for any reason you cannot product, state where such documents are located and who has possession of them.

<u>Response to No. 4:</u>

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, that the information it seeks is not relevant, that it is not reasonably calculated to lead to admissible evidence, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Specifically, the last objection made here, that such documents are in the possession of Defendants, is the sole reason that documents cannot be provided in this matter, considering that Defendants have produced a deficient set of records and documents responsive to Plaintiffs' demands as required by law, both to maintain and to produce.

**INTERROGATORY NO. 5**

Other than plaintiffs' attorney(s), identify each person who provided plaintiffs with information to support the allegations that defendants violated federal and New York state wage and hours laws as asserted in the complaint.

<u>Response to No. 5:</u>

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, that the information it seeks is not relevant, that it is not reasonably calculated to lead to admissible evidence, and to the extent that the information it seeks is in the

5

possession of Defendants and/or third parties, and not Plaintiffs. To the extent that this interrogatory is at all sensible, it is Defendants that have provided Plaintiffs with information to support the allegations set forth in this action.

Dated: New York, New York
January 8, 2016

THOMPSON BUKHER LLP

By: _____

Benjamin S. Thompson (BT2176)
Tim Bukher (TB1984)
75 Broad Street
Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

Vicktor Stevenson, a plaintiff in the within action, hereby certifies that he has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which he has no knowledge), upon information and belief, he believes the matters to be stated therein to be true.

Dated: New York, New York
       March 24, 2017

_____
Vicktor Stevenson

Gloria Espinoza, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
March 24, 2017

_____
Gloria Espinoza

Sally Laipert, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
March 24, 2017

*Sally Laipert* 3/24/17

Amber Coutee, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
       March 24, 2017

*Amber Coutee*
Amber Coutee

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

VICKTOR STEVENSON and GLORIA ESPINOZA, individually, and on behalf of others similarly situated,

                                    Plaintiffs,
                             Civil Action No.
              14 Civ. 0240 (Hellerstein, J.)

        -against-

CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1-10 (UNIDENTIFIED) and JOHN and JANE DOES A-Z (UNITIFIED),

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

                            122 East 42nd Street
                            New York, New York

                            February 23, 2017
                            9:58 A.M.

                    DEPOSITION of GLORIA ESPINOZA, one of the Plaintiffs in the above-entitled action, taken by the attorney for the Defendants, Cutler Soho, LLC, Cutler Park Avenue, LLC, Daniro 57th Street Salon New York, LLC, Rodney Cutler, Ben Stewart, Anthony Barrow and David Kastin, pursuant to Notice and Order, held before Andrea Bloecker, a Notary Public within and for the State of New York, at the above time and place.

**ORIGINAL**

```
 1                    GLORIA ESPINOZA                    136
 2    forth for you, Gloria Espinoza?
 3         A    No.
 4         Q    Where it says annual hourly wage, seven
 5    twenty-five, do you know where that particular figure was
 6    obtained for this calculation?
 7         A    No.
 8         Q    It says days worked, 131. Do you know where
 9    the amount of days was gotten for this calculation?
10         A    No.
11         Q    Where it says regular hours worked, 1,048, do
12    you know where that was gotten for this calculation?
13         A    No.
14         Q    Where it says overtime hours worked, 695, do
15    you know where that was gotten for this calculation?
16         A    No.
17         Q    Where it says overtime pay due, $7,485.44, do
18    you know where that figure was gotten from in terms of
19    making this calculation?
20         A    No.
21              MR. SCHWARTZMAN:  Off the record.
22              (Whereupon, a discussion was held off
23              the record.)
24         Q    Where it says spread of hours pay due,
25    $949.75, do you know how that figure was obtained for
```

```
 1                    GLORIA ESPINOZA                    172
 2   the addresses as they are reflected here and in respect
 3   to the dates on Exhibit E are incorrect, is that
 4   correct?
 5        A    Yes.
 6        Q    Do you have any idea of how many times you and
 7   I have spoken by phone or by e-mail in respect to this
 8   matter?
 9        A    I don't recall how many.
10        Q    Would you say it's well over 50?
11             MR. SCHWARTZMAN:  Objection to form.
12        Q    You can answer.
13        A    I think so.  We've communicated a lot.
14        Q    Often times, if not always, we would discuss
15   this case and you would provide to me information and I
16   would explain that I was going to submit that information
17   in various forms to the court, is that correct?
18        A    Yes.
19        Q    You provided to me over the course of the
20   years that this has been an active matter many statements
21   and information, without going into those details, that
22   relate to the amount of time you worked there, the hours
23   that you worked there, the days that you worked there, is
24   that correct?
25        A    Yes.
```

GLORIA ESPINOZA        173

2  Q   Is it --

3      MR. SCHWARTZMAN:  Note my objection to
4      the question.

5  Q   The information that you have provided to me
6  that related to the hours worked, the days worked, the
7  months worked, is that information sufficient to compile
8  the information that was shown to you today used to
9  calculate the damages due to you and damages in this
10 case, meaning wages that were owed to you that were not
11 paid?

12     MR. SCHWARTZMAN:  Note my objection to
13     the question.

14 A   Do I answer it or do I not answer it?

15 Q   You can answer it.

16 A   Okay.

17     Yes.

18 Q   To be clear, in case the question was too
19 compound, was the information that you provided to me
20 about the hours, days, months, time that you worked at
21 Cutler sufficient for me to compile and calculate a
22 damages assessment of wages owed to you?

23 A   Yes.

24     MR. SCHWARTZMAN:  Note my objection to
25     the question.