Stevenson et al v. Cutler, et al – 14-cv-0240 (AKH)
Opposition to Plaintiffs' Motion for Sanctions

# EXHIBIT A

Case 1:14-cv-00240-AKH   Document 43   Filed 12/09/16   Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(Effective 10/4/16)

----------------------------------------x

VICKTOR STEVENSON and
GLORIA ESPINOZA
individually, and behalf of
others similarly situated,
                    Plaintiff(s),

        -against-

CUTLER SOHO, LLC, CUTLER PARK
AVENUE, LLC, DANIRO 57TH STREET
SALON NEW YORK, LLC, RODNEY
CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID
KASTIN, XYZ COMPANIES 1-10
(UNIDENTIFIED), and JOHN AND
JANE DOES A-Z (UNIDENTIFIED),
                    Defendants.

----------------------------------------x

14- Civ. 0240 (AKH)

**CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.   The case (is) ((is not)) to be tried to a jury. [Circle as appropriate].

B.   Non-Expert Discovery:

   1.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by ~~March 15, 2017~~ MAY 9, 2017 which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

        a.   The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2.   Joinder of additional parties must be accomplished by ~~January 10, 2017~~ JAN. 30, 2017

   3.   Amended pleadings may be filed without leave of the Court until ~~February 10, 2017~~ MAR. 1, 2017

C.   For all causes of action seeking monetary damages, each party shall identify and

Page 1 of 5

quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be ~~April 14, 2017~~ *JUNE 8, 2017*. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel *June 8, 2017*, to discuss settlement. The date for the meeting is ~~April 20, 2017~~, at *May 17, 2017* 10:00 a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on *May 26, 2017* at *10* a.m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

Page 2 of 5

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rule 1(D). Unless the Court rules otherwise, motions shall not modify or delay the conduct of discovery or the schedules provided in this Case Management Plan.

SO ORDERED.

DATED: New York, New York

December 9, 2016

_____
ALVIN K. HELLERSTEIN
United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

EACH PLAINTIFF WILL PROVIDE A SWORN SIGNED DECLARATION THAT THEY HAVE NO ADDITIONAL DOCUMENTS IN THEIR POSSESSION, CONTROL, OR AVAILABLE TO THEM OTHER THAN THOSE PRODUCED TO DEFENDANTS TO DATE THAT ARE RESPONSIVE TO DEFENDANTS SECOND DOCUMENT REQUESTS.

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

*to the extent directed by the Court

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Plaintiff's Productions of Documents for Defendants' Second Set of Requests for Production of Documents * | ~~January 10, 2017~~ January 30, 2017 |
| 2. Depositions of Plaintiffs | ~~January 24, 2017~~ Feb. 28, 2017 |
| 3. Depositions of Defendants | ~~February 7, 2017~~ Mar. 31, 2017 |
| 4. Additional Interrogatories and/or Requests for Production | ~~February 13, 2017~~ April 5, 2017 |
| 5. Requests for Admissions | ~~February 13, 2017~~ April 5, 2017 |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:**

    Violation of the Minimum Wage Provisions of the FLSA; Violation of the Overtime Provisions of the FLSA; Violation of the New York Minimum Wage Act; Violation of the Overtime Provisions of the New York State Labor Law; Violation of the Spread of Hours Wage order of the New York Commissioner of Labor; Violation of the Timely Payment Provisions of the NYLL; and Violation of the Unauthorized Deduction Provisions of the NYLL.

    The total calculated damages for all four plaintiffs is $84,383.90, plus interest. The total amount of damages including state and federal liquidated damages is $253,151.70, plus interest. The total amount of damages including state and federal liquidated damages and attorneys' fees in this matter is approximately $300,000.00, plus interest. Please see annexed Supplement statement for party details.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

3. **THIRD-PARTY CLAIMS:**

Stevenson v. Cutler Soho, LLC et al.
14-Civ. 0240 (AKH)
Page 1 of 2

## Civil Case Management Plan
### Attachment B – Supplement
### Plaintiffs' Claims

### Vicktor Stevenson

| | |
|---|---|
| Actual Hourly Wage: | $5.38 |
| Days Worked: | 348 |
| Regular Hours Worked: | 2,320 |
| Overtime Hours Worked: | 1,856 |
| Regular Pay Due: | $4,338.40 |
| Overtime Pay Due: | $20,193.28 |
| Spread of Hours Pay Due: | $2,523.00 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $32,054.68 |
| State Law Liquidated Damages: | $32,054.68 |
| Federal Law Liquidated Damages: | $32,054.68 |
| **Total Damages:** | **$96,164.04** |

### Gloria Espinoza

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 131 |
| Regular Hours Worked: | 1,048 |
| Overtime Hours Worked: | 695 |
| Overtime Pay Due: | $7,485.44 |
| Spread of Hours Pay Due: | $949.75 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $13,435.19 |
| State Law Liquidated Damages: | $13,435.19 |
| Federal Law Liquidated Damages: | $13,435.19 |
| **Total Damages:** | **$40,305.57** |

### Sally (Clemente) Laipert

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 65 |
| Regular Hours Worked: | 440 |
| Overtime Hours Worked: | 407 |
| Overtime Pay Due: | $4,428.16 |
| Spread of Hours Pay Due: | $471.25 |
| Wage Notice Violation: | $3,250.00 |
| Total Pay Due: | $8,149.41 |
| State Law Liquidated Damages: | $8,149.41 |
| Federal Law Liquidated Damages: | $8,149.41 |
| **Total Damages:** | **$24,448.23** |

Stevenson v. Cutler Soho, LLC et al.
14-Civ. 0240 (AKH)
Page 2 of 2

### Amber Coutee

| | |
|---|---|
| Actual Hourly Wage: | $5.75 |
| Days Worked: | 342 |
| Regular Hours Worked: | 2,280 |
| Overtime Hours Worked: | 1,824 |
| Regular Pay Due: | $3,420.00 |
| Overtime Pay Due: | $19,845.12 |
| Spread of Hours Pay Due: | $2,479.50 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $30,744.62 |
| State Law Liquidated Damages: | $30,744.62 |
| Federal Law Liquidated Damages: | $30,744.62 |
| **Total Damages:** | **$92,233.86** |