UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VICKTOR STEVENSON and GLORIA ESPINOZA,
individually, and on behalf of others similarly
situated,

               Plaintiffs,

   -against-

CUTLER SOHO, LLC, CUTLER PARK AVENUE,
LLC, DANIRO 57TH STREETSALON NEW YORK,
LLC, RODNEY CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID KASTIN,
XYZ COMPANIES 1-10 (UNIDENTIFIED) and JOHN
and JANE DOES A-Z (UNIDENTIFIED),

               Defendants.
-------------------------------------------------------------X

**Civ. Action 14 Civ. 0240 (AKH)**

**Collective Action Under
29 U.S.C. § 216(b)**

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR SANCTIONS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................. 2

STATEMENT OF FACTS ......................................................................... 3

ARGUMENT ............................................................................................. 4

THE APPLICATION FOR SANCTIONS IS WITHOUT MERIT AND SHOULD
BE DENIED ............................................................................................... 4

    A. Defendants' Alleged Refusal to Produce a Witness with Knowledge
       of the Facts ...................................................................................... 4

    B. Defendants' Alleged Destruction of Documents ........................... 7

CONCLUSION .......................................................................................... 8

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendants in opposition to the application of plaintiffs for sanctions. Plaintiffs seek sanctions based on two claims. The first is that defendants refused to produce a Rule 30(b)(6) witness with knowledge of the facts. The second is that defendants destroyed relevant documents.

As we demonstrate below neither one of these claims has any basis in fact. This application is totally frivolous and should be summarily denied.

## **STATEMENT OF FACTS**

For a statement of the relevant facts the Court is respectfully referred to the Declaration of Mark L. Kalish, Esq., submitted herewith.

# ARGUMENT

## THE APPLICATION FOR SANCTIONS IS WITHOUT MERIT AND SHOULD BE DENIED

### A. Defendants' Alleged Refusal to Produce a Witness with Knowledge of the Facts

Plaintiffs claim that defendants violated an order of this Court by refusing produce a witness for deposition with knowledge of the payroll operations of the corporate defendants. As such plaintiffs request that the Court sanction the defendants. Plaintiffs' claim is without basis in fact or in law.

At page 14 of plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Sanctions, plaintiffs' attorney, Tim Bukher, Esq. states that following the depositions of the corporate defendants' principal owner, Rodney Cutler, plaintiffs served a supplemental notice of deposition pursuant to Rule 30 (b)(6) demanding that defendant produces another witness with knowledge of the facts. Mr. Bukher then cites to an email response by defendants' attorney in which he is alleged to have "…responded that they would not produce any knowledgeable organizational witness other than Mr. Cutler…."

In point of fact, the relevant portion of the email from defendants' counsel to which Bukher cited reads as follows:

> …. As to your request that we produce someone else with knowledge of the facts, I note that none of the four plaintiffs who were deposed had the remotest clue as to how their damages were calculated. We will consider producing someone other than Mr. Cutler for an additional deposition as soon as you produce a witness who can explain how the damages which appear in plaintiffs' responses to interrogatories were calculated….

4

It is nothing short of remarkable that plaintiffs' counsel would misrepresent the contents of an email in this fashion. What is even more amazing is that the very email whose contents plaintiffs' counsel distorts is annexed as Exhibit 15 to plaintiffs' own motion papers. As such the statement that defendants refused to provide an additional witness with knowledge of the fact is not an innocent mistake on the part of plaintiffs' counsel . It is a deliberate attempt to mislead this Court.

Even if defendants had, indeed, flatly refused to produce a witness with knowledge of the facts, at this stage plaintiffs are still not entitled to sanctions.

The March 15, 2017 Order on which plaintiffs rely for sanctions fixed the order of the depositions as follows : "...Plaintiff, Victor Stevenson; (2) any of the Defendants, as chosen by Plaintiff's counsel; (3) the remaining Plaintiffs; and (4) the remaining Defendants....

Defendants complied with the March 15, 2017.   Specifically, with respect to Item No. 4, the defendants produced all the individual defendants named in the complaint. They also produced Rodney Cutler as the representatives of the corporate defendants.   It was only after the completion of the depositions of the foregoing that plaintiffs raised the issue of deposing an additional representative of the corporate defendants.

Plaintiffs argue, in essence, that when the Court directed the deposition of the "...remaining Defendants..." the order included the right of plaintiffs to insist on the deposition of additional defense witnesses if they were not satisfied with the depositions previously taken. However, contrary to plaintiffs' contention, the March 15, 2017 Order does not explicitly extend to additional witnesses on behalf of the corporate defendants beyond the one initially put forth as a Rule 30 (b)(6).

5

Additionally, if the test of compliance with the March 15, 2017 Order is the deposition of a witness with knowledge of the facts, then plaintiffs themselves were in gross breach of the Order by refusing to produce a witness who could explain how the damages which was set out in the interrogatory responses and which were certified by each of the plaintiffs to be true and accurate were calculated.

Moreover, for a Court to impose sanctions for the failure to provide a witness with knowledge of the facts "…the inadequacies in the deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas…." Webster v. Travelers Transportation Services, Inc., 2016 U.S. Dist. LEXIS 172321 (W.D.N.Y., 2016).

Defendants submit that even in the snippets provided by plaintiffs, the deposition testimony of Rodney Cutler as representative of the corporate defendants does not rise to the level of being egregiously inadequate. And if plaintiffs believe that it did, their recourse, in the first instance, was to make a motion to this Court for an Order to Compel under Rule 37(a) and not to move for sanctions.

For all these reasons the application to sanction defendants for failing to produce for deposition an additional witness with knowledge of the facts on behalf of the corporate defendants should be denied.

## B. <u>Defendants' Alleged Destruction of Documents</u>

In the interest of economy, the Court is respectfully referred to the Declaration of Mark L. Kalish, Esq., annexed hereto wherein we set forth the reasons why plaintiffs' claim that defendants destroyed documents is utterly specious.

In brief, there is absolutely nothing in the deposition testimony of the defendants which would lead a reasonable person to conclude that defendants, knowingly or otherwise, destroyed relevant documents.

## CONCLUSION

For all the reasons set forth in this memorandum of law and the accompanying declaration plaintiff's application for sanctions should be denied in all respects.

Dated: New York, New York
      May 18, 2017

Respectfully submitted,

MOSS & KALISH, PLLC

By: _____
MARK L. KALISH
Kalish@mosskalish.com
Attorneys for Defendants
122 East 42nd Street
Suite 2100
New York, New York 10168
(212)867-4488

M&K3\CLIENTS\CUTLER\SanctionsMemoOfLaw051817

8