**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICKTOR STEVENSON and GLORIA ESPINOZA, individually, and on behalf of others similarly situated.

*Plaintiffs*,

– against –

CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),

*Defendants*.

**Civ. Action No.: 14-cv-0240 (AKH)**

**Collective Action Under**
**29 U.S.C. § 216(b)**

**ECF Case**

**Magistrate Judge James L. Cott**

---

**REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, New York 10004
(212) 920-6050

*Attorneys for the Plaintiffs*

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually and on behalf of the other joined plaintiffs in this matter (the "**Plaintiffs**"), submit this Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Sanctions against defendants Cutler Soho, LLC ("**Cutler Soho**"), Cutler Park Avenue, LLC ("**Cutler Park Avenue**"), Daniro 57th Street Salon New York, LLC ("**Daniro 57**"), Rodney Cutler ("**Mr. Cutler**"), Ben Stewart ("**Mr. Stewart**"), Anthony Barrow ("**Mr. Barrow**"), and David Kastin ("**Mr. Kastin**") (collectively the "**Defendants**") pursuant to Rules 37(b) and 37(d) of the Federal Rules of Civil Procedure and the inherent power of the Court.

## PRELIMINARY STATEMENT

The Defendants oppose the instant motion by claiming that it "is nothing more than a litigation tactic in response to recent developments in this litigation." (Declaration of Mark Kalish ("**Kalish Decl.**") ¶ 6.)[1] The Defendants are correct.

In point of fact, recent developments—specifically the conclusion of discovery—have resulted in the Defendants (i) violating the Court's order of March 15, 2017 (the "**Discovery Order**") (Dkt. 47); (ii) failing to produce an adequately prepared Rule 30(b)(6) witness; (iii) refusing to produce a substitute Rule 30(b)(6) witnesses after having been served a supplemental notice of deposition pursuant to Rule 30; and (iv) failing to produce records that Defendants were <u>required</u> to maintain pursuant to 29 C.F.R. §§ 516.2, 516.5, 516.28 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

Accordingly, it has become tactically incumbent upon the Plaintiffs to respond to the Defendants' foregoing violations with this motion for sanctions.

---

[1] The substance of the Defendants' opposition is set forth in the Kalish Decl. thus, to the extent that this brief addresses arguments not found in the Defendants' memorandum of law, we respectfully direct the Court's attention to the former document.

1

**ARGUMENT**

A. **Rules 37(b) and (d): Defendants Refused to Produce Adequate Rule 30(b)(6) Witnesses Pursuant to the Court's Order**

    1. **Mr. Kalish's email evidences Defendants' refusal to produce a witness in violation of the Discovery Order.**

Plaintiffs' moving papers to this motion cited the April 12, 2017 email of Mr. Kalish, counsel for the Defendants, wherein Mr. Kalish confirmed the Defendants' refusal to produce a replacement Rule 30(b)(6) witness after Mr. Cutler testified to having no knowledge of the Defendants' employee recordkeeping practices. (Thompson Decl. ¶ 37; Ex. 15.) Bizarrely, the Defendants oppose this motion by citing to the same email, claiming that it does not in fact evidence the Defendants' refusal to produce said witness. The relevant text of Mr. Kalish's email follows:

> As to your request that we produce someone else with knowledge of the facts, I note that none of the four plaintiffs who were deposed had the remotest clue as to how their damages were calculated. We will consider producing someone other than Mr. Cutler for an additional deposition as soon as you produce a witness who can explain how the damages which appear in plaintiffs' responses to interrogatories were calculated.

(Ex. 15.)

As an initial matter, we note that Plaintiffs did not simply "request" that Defendants produce an adequately prepared Rule 30(b)(6) replacement witness. Plaintiffs served formal notice on the Defendants pursuant to the Rule. (Thompson Decl. ¶ 34; Ex. 14, Supplemental Notice of Deposition.) Defendants responded to Plaintiffs' formal notice by demanding that the Plaintiffs produce additional witnesses despite the fact that Defendants had already deposed <u>all</u> of the Plaintiffs' witnesses as of that date. As such, Mr. Kalish's response cannot be read as anything other than a refusal by the Defendants to produce a replacement witness.

Nor is it relevant to this motion, or even to this lawsuit, that the four Plaintiffs were unable to testify as to <u>how their damages were calculated</u>. As readily evident from the deposition excerpts submitted by the Defendants (Kalish Decl., Exs. F and G), Mr. Kalish chose to conduct the depositions of the Plaintiffs by asking them about matters of law (e.g., how damages were calculated under the

2

FLSA) rather than about facts (e.g., how often the Plaintiffs worked, which days, how many hours, etc.). Clearly Mr. Kalish avoided questioning the Plaintiffs about the facts of their employment because such facts would have been detrimental to the Defendants. Instead Mr. Kalish chose to ask the Plaintiffs about matters that they, as laypeople, minimum wage workers who were not even properly paid their minimum wages, would know nothing about.

Mr. Kalish's declaration in opposition to this motion, which blames the Plaintiffs for being unable to analyze the law and blames Plaintiffs' counsel for refusing to consent to an extension of discovery[2], fails to offer any substantive argument against the instant motion for sanctions. This is because no amount of blame can change the fact that Defendants (i) failed to produce an adequately prepared Rule 30(b)(6) witness; (ii) refused to produce a replacement witness in response to a formal notice of deposition; and (iii) refused to abide by the Court's Discovery Order which ordered that the remaining Defendants would be produced by that point in the discovery process.

**2. Awarding sanctions for Defendants' refusal to produce a Rule 30(b)(6) witness is not merely appropriate but is, in fact, necessary.**

Rule 37(d) is applicable when a party fails to attend its own deposition, including failure of a designated Rule 30(b)(6) representative to attend. "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 269 (2d Cir. 1999). "Producing an unprepared witness is tantamount to a failure to appear." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997). Rule 37(d) provides that, in addition to the sanctions prescribed under Rule 37(b)(2)(A)(i)-(iv), the Court "**must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses,

---

[2] It should be noted that Defendants did not request to extend the discovery period because they had additional witnesses or responsive documents to produce; thus Plaintiffs saw no need to consent to such request.

3

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

As detailed in Plaintiffs' moving brief, Mr. Cutler had no knowledge of the Defendants' employee attendance tracking, payment policies, and recordkeeping which evidence is, literally, the only evidence that Plaintiffs need to prove their case in this matter. As such, Mr. Cutler's deposition testimony was utterly useless.

New York courts have consistently sanctioned a party's failure to produce an adequately prepared Rule 30(b)(6) witness by awarding an adverse inference with respect to those facts that the witness should have known. In *Kyoei*, this Court concluded that the defendants' Rule 30(b)(6) witness's performance with respect to the manner in which an audit was performed amounted to a non-appearance and, accordingly, ordered it to be established as fact for the purposes of that action that "no proper audits … were performed." *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152-53 (S.D.N.Y. 2007). Likewise in *Shiu*, a Fair Labor Standards Act case analogous to the instant matter, the New York Eastern District Court awarded an adverse inference with respect to the testimony of an employer who failed to appear at a court-ordered deposition. *Shiu v. New Peking Taste, Inc.*, 2013 U.S. Dist. LEXIS 185347, *10 (E.D.N.Y. 2013). *See also Gen. Motors, LLC v. Lewis Bros., LLC*, 2013 U.S. Dist. LEXIS 91387 (W.D.N.Y. June 27, 2013) (an adverse inference is a proper sanction within the scope of Rule 37(b)(2)(A)) (citing *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 392-93 (2d Cir. 2013)).

In this case, the Defendants' Rule 30(b)(6) witness had virtually no knowledge of the Defendants' organizational practices at issue in this matter. The Defendants were served formal notice to produce a replacement witness. This Court had already ordered, in its Discovery Order, that the remaining Defendants would be produced for deposition, so no additional motion to compel the production of a replacement witness was necessary. The Defendants refused to produce an adequately prepared Rule 30(b)(6) witness and, in so doing, violated the Discovery Order. The Defendants'

4

assertive refusal to provide a witness with knowledge of their employee recordkeeping prevents, and therefore severely prejudices, Plaintiffs' ability to litigate a matter whose claims may only be proved or disproved by records that Defendants were required to maintain. Accordingly, it is appropriate to impose upon Defendants the relatively lesser sanction (as compared to a default judgement or striking Defendants' pleadings) of drawing an adverse inference that Defendants have failed to maintain accurate records in violation of 29 U.S.C. § 211(c), N.Y. Lab. Law §§ 195(4) and 661. It is further appropriate to award Plaintiffs their costs and attorneys' fees in connection with this motion as well as in connection with the depositions of Mr. Cutler as a Rule 30(b)(6) witness.

It should be noted that the single case cited by the Defendants in their opposition to this request for sanctions does not stand for, or even actually contain, the line that it purports to quote. In their opposition brief Defendants argued the following:

> Moreover, for a Court to impose sanctions for the failure to provide a witness with knowledge of the facts "…the inadequacies in the deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas…." Webster v. Travelers Transportation Services, Inc., 2016. U.S. Dist. LEXIS 172321 (W.D.N.Y., 2016).

(Def. Mem. Op. at p. 6.) *Webster* does not contain the foregoing-quoted line. Nor does the court in *Webster* even opine on the adequacy of witness testimony. In any event, Plaintiffs respectfully submit that it is egregious, and not merely lacking in desired specificity, when a corporate officer (one who is in fact the owner of the company and to whom notice of the deposition topics was provided) is unable to speak to his company's recordkeeping policies when such records are required to be maintained by state and federal statutes.

      **B.    Rule 37(b): The Defendants Failed to Preserve and/or Destroyed Physical Records in the Form of Wage and Hour Records**

In his declaration in opposition to this motion Mr. Kalish writes, "At no point in the examination did counsel ask specifically and with respect to each plaintiff whether the specific types of record described at page 18 of Plaintiff's Memorandum of Law were maintained by defendants."

5

(Kalish Decl. ¶ 37.) Evidently Mr. Kalish read the cited deposition transcripts as carefully as he read *Webster v. Travelers Transportation Services*. In fact, as quoted on page 19 of the Plaintiff's memorandum, and as reprinted in Plaintiff's Exhibit 11, Mr. Cutler explicitly testified that it was the Defendants' policy to maintain records of employees' applications, start dates, and attendance records:

> Q. You don't know whether there was a policy in place to retain documents?
> A. There was a policy, yes.
> Q. What was the policy?
> A. The management was to have from their application, to their starting date, to -- I do think attendance, I think that was part of it. And if there was any written dialog in-between on anything that would be important.
> Q. Okay. So, an employee's application at Daniro, their start date, their attendance record and any written communication with that employee of anything important, the policy was that it would be retained?
> A. My understanding, yes, we would have -- my understanding is that those records were kept.
> Q. So, it's different -- I think a different response that it's your understanding that they were kept versus was there a policy?
> A. No, there is a policy. My understanding is that it should have been kept. Whether it is or isn't, I don't know.
> Q. Are you saying that the policy was keep the records?
> A. Yes.

(Ex. 11, Cutler Dep. at 207:18-210:6, Apr. 6, 2017.) Moreover, the Plaintiffs' memorandum, at pages 19 through 21, reprints deposition testimony confirming that Defendants (i) claimed to have maintained employee records; and (ii) claimed to have maintained such records in paper form. Nor does Mr. Kalish's insinuation that the Defendants may have been testifying about periods of time not covered by this matter make any sense. Throughout the deposition of Mr. Cutler the deposing counsel repeatedly confirmed that his questions related to the 2010 – 2012 time period at issue in this matter. (Ex. 11, Cutler Dep. at 207:18-20, "Q: Was there a policy between 2010 and 2012 that related to the retention of records for Daniro?") Moreover, Mr. Cutler was Defendants' Rule 30(b)(6) witness who was expressly noticed that he was to be questioned about the time period at issue in this matter.

No amount of logic-twisting will change the fact that (i) Defendants were required to maintain certain employee records by state and federal statute; (ii) Defendants testified to maintaining such

6

records; and (iii) Defendants failed to produce such records in discovery. In his declaration, Mr. Kalish directs the Court's attention to Plaintiffs' Exhibit 17 which contains all of the documents produced in this matter by Defendants. (Kalish Decl. ¶ 42.) We respectfully urge the Court to follow Mr. Kalish's advice and carefully examine Exhibit 17 to decide whether the documents produced comport to the recordkeeping requirement set forth in 29 C.F.R. 516.

Finally, while Plaintiffs submit that Defendants' testimony and document production (or lack thereof) certainly evidence intentional destruction, or at least gross negligence, it is nevertheless the law that *any* destruction of documents required to be maintained by law—regardless of the motive for such destruction—gives rise to an inference of spoliation. *See Byrnie v. Town of Cromwell, Board of Education*, 243 F.3d 93, 108-109 (2d Cir. 2001) (agreeing with other Circuit Courts that have held the same); *accord Latimore v. Citibank Fed. Sav. Bank*, 151 F.3d 712, 716 (7th Cir. 1998) ("The violation of a record[-]retention regulation creates a presumption that the missing record contained evidence adverse to the violator."); *Favors v. Fisher*, 13 F.3d 1235, 1239 (8th Cir. 1994) (because employer violated record retention regulation, plaintiff "was entitled to the benefit of a presumption that the destroyed documents would have bolstered her case"); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1419 (10th Cir. 1987) (same).

Accordingly, if Defendants cannot or otherwise refuse to produce employee records setting forth the facts relevant to Plaintiffs' wage and hour claims, then Plaintiffs are entitled to a mandatory presumption that the information contained in such records was unfavorable to the Defendants.

Dated:  New York, New York
May 22, 2017

                                      THOMPSON BUKHER LLP

By: _____
    Tim Bukher (TB1984)
    Benjamin S. Thompson (BT2176)
    Michael Feldberg (MF0220)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for the Plaintiff*

8