UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, individually, and on behalf of others similarly situated.<br><br>*Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>*Defendants*. | Civ. Action No.: 14-cv-0240 (AKH)<br><br>Collective Action Under<br>29 U.S.C. § 216(b)<br><br>ECF Case<br><br>Magistrate Judge James L. Cott |

## DECLARATION OF BENJAMIN S. THOMPSON IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEY'S FEES AND REIMBURSEMENT EXPENSES

THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, New York 10004
(212) 920-6050

*Attorneys for the Plaintiffs*

BENJAMIN S. THOMPSON, under penalty of perjury, declares and says:

1. I am an attorney licensed to practice law in the State of New York and before the bar of the Southern District of New York. I am a partner at the law firm of Thompson Bukher LLP ("Plaintiffs' Counsel") and counsel to plaintiffs Vicktor Stevenson, Gloria Espinoza, and all similarly situated plaintiffs (the "Plaintiffs").

2. I have worked on the instant matter alongside my partner Tim Bukher and our associate Michael Feldberg.

3. I received a BS in Psychology from Texas A&M University. I received a Juris Doctorate degree from the Benjamin N. Cardozo School of Law in 2009. I was admitted to the New York bar in 2010. I am also admitted to the bar of the Southern District of New York. I am a member in good standing of each of these bars. Prior to co-founding Thompson Bukher LLP, I was an attorney at Hughes Hubbard & Reed LLP where I engaged in numerous commercial matters including the Lehman Brothers bankruptcy and its various ancillary actions. Since 2010, I have litigated many commercial actions before this Court which are included in the below list.

4. My partner Tim Bukher received a BA in Economics from New York University. He received a Juris Doctorate degree from the Benjamin N. Cardozo School of Law in 2009. He was admitted to the New York bar in 2010. He is also admitted to the bars for the Second Circuit Court of Appeals and the Southern and Eastern Districts of New York. He is a member in good standing of each of these bars. Prior to co-founding Thompson Bukher LLP, he was associated with the litigation practice of Handal & Morofsky, LLC where he engaged in numerous high profile commercial matters. Since 2010, Mr. Bukher has litigated many commercial actions before this Court which are included in the below list.

5.     Plaintiffs' Counsel has substantial experience litigating commercial matters. Plaintiff's Counsel has billed its clients at the partner hourly rate of $375 and associate hourly rate of $275 since 2014; Mr. Bukher's prior firm billed him to its clients at an hourly rate of $350 prior to 2014 and Mr. Thompson's previous firm billed him to its clients at an hourly rate of $350 prior to 2014.

6.     Plaintiff's Counsel have represented the following commercial matters before this Court and other courts in New York State when the above-described hourly policies were in place: *Heptagon Creations Ltd. v. Core Grp. Mktg. LLC*, 12-cv-317 (2d Cir. and underlying S.D.N.Y.); *Jovani Fashion, Ltd. v. Fiesta Fashions*, 12-cv-598 (2d Cir.); *Ipcon Collections LLC v. Costco Wholesale Corp.*, 11-cv-3944 and 11-cv-4166 (2d Cir.); *Casper Sleep, Inc. v. Mitcham*, 16-cv-03224-JSR (S.D.N.Y.); *9089756 Canada, Inc. v. Koppe*, 15-cv-6098 (S.D.N.Y.); *Envirocare Technologies, LLC v. C & D Floor Care, LLC*, 14-cv-04878-LDW (E.D.N.Y.); *NYSA-ILA Pension Trust Fund v. South Pacific Shipping Co. Ltd. et al.*, 16-cv-2439 (S.D.N.Y.); *Easy Tech Services Inc. v. Tracfone Wireless, Inc.*, 15-cv-6878 (S.D.N.Y.); *Home Care Products, LLC v. T & T Enterprises, LLC*, 15-cv-06921-PKC (S.D.N.Y.); *Horsequest (UK) Ltd v. Napoleone*, 15-cv-925-ER (S.D.N.Y.); *The/Studio v. Does*, 14-cv-2159-JR (S.D.N.Y.); *Small Business Bodyguard Inc. v. House of Moxie, Inc.*, 14-cv-07170-CM (S.D.N.Y.); *Pearson Educ., Inc. v. Frances*, 11-cv-6081-LTS (S.D.N.Y.); *Law v. Schneider*, 514719/2015 (Sup. Ct. N.Y.); *Life/Disability Administrative Consultants, Inc. v. Errante*, 161963/2015 (Sup. Ct. N.Y.); *Intellectual Product Solutions, Inc. v. Morstan General Agency, Inc.*, 067995/2014 (Sup. Ct. N.Y.); *Murphy Management & Consulting Inc. v. Single Entry Systems, Inc.*, 605471/14 (Sup. Ct. N.Y.); *Vicki Levine v. NY MOHS Laser Dermatology PLLC, et al.*, 652533/2014 (Sup. Ct. N.Y.); *Davidsohn Global Technologies, Inc. v. Get Storied, Inc. and Michael Margolis*, 158059/2013 (Sup. Ct. N.Y.).

**Legal Fees and Expenses**

7.      Plaintiffs' Counsel has spent more than 436.3 attorney hours prosecuting this case. Multiplying these hours by the hourly rate of each attorney results in a lodestar amount of $152,122.50. Contemporaneous time records are attached hereto at **Exhibit 18**.

8.      To date, Plaintiffs' Counsel has incurred actual legal expenses of $14,331.54, which were incidental and necessary to the representation of the Plaintiffs. These expenses include filing fees, service fees, court reporting, transportation, and photocopies as well as Plaintiffs' collective certification notice mailing and postage. A listing of these expenses is included in **Exhibit 18**.

9.      Plaintiffs' Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a positive result.

10.     Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Plaintiffs' Counsel stood to gain nothing in the event the case was unsuccessful.

**All Hours and Expenses Billed by Plaintiffs' Counsel Were Necessary and Fair**

11.     At a conference on August 8, 2014, prior to the accumulation of any significant legal billings in this matter, the Court asked Plaintiffs' Counsel for an amount for which the Plaintiffs would settle. Plaintiffs' Counsel responded with $65,000, and the Court asked Defendants' counsel whether they would be willing to settle for this amount. The Defendants declined.

12.     During the course of discovery, Plaintiffs served upon Defendants supplemental responses to Defendants' interrogatories regarding calculation of damages which showed Plaintiffs' claimed damages, not including liquidated damages, to be $83,243.74. A copy of

Plaintiffs' responses is attached hereto at **Exhibit 19**, the foregoing calculation is made by summing row X ("Total pay due") for each Plaintiff.

13. The parties have now settled for a total damages amount of $80,000.

14. The settlement of this matter was prompted, in large by, by this Court's ruling on Plaintiffs' motion for sanctions in connection with the Defendants' lack of documentary production, this Court wrote, in relevant part: "The Defendants' deposition testimony and paltry document production already provide an ample basis for plaintiffs to argue for the negative inferences they seek." (Dkt. 61.)

15. Despite knowing that Defendants had maintained virtually no employment records as mandated by state and federal law, the Defendants had initially refused to settle for an amount $15,000 lower than the actual damages they agree to pay approximately three years later.

16. Despite knowing that Defendants had maintained virtually no employment records as mandated by state and federal law, the Defendants insisted on forcing Plaintiffs to engage in a long and onerous litigation, completing discovery and requiring numerous depositions of witnesses for both sides before Defendants were forced to admit defeat.

17. This process was severely exacerbated by Defendants' counsel's seeming inability to concede even the tiniest, least relevant, procedural issues to Plaintiffs, going so far, for example, as to force an argument over witness deposition priority in a federal matter where no priority is mandated in the Federal Rules.

18. Representative copies of correspondence highlighting the obstinacy of Defendants' counsel are attached hereto at **Exhibit 20**.

19. This Court noted the obstinacy of Defendants' counsel when it ordered counsel "to resist writing [joint] letters to the Court." (Dkt. 52.)

20.     Defendants have forced Plaintiffs to work hard for a successful outcome, now Plaintiffs' Counsel moves for compensation in connection with the work that was forced by the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2017
       New York, New York

                                                   Benjamin S. Thompson