Stevenson v. Cutler, et al - 14-cv-0240 (AKH)
Plaintiffs' Motion for Approval of Attorney's
Fees and Reimbursement Expenses

# Exhibit 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, *individually, and on behalf of others similarly situated.*<br><br>                       *Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>                       *Defendants*. | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>**Civ. Action No.: 14-cv-0240 (AKH)**<br>ECF Case |

### PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' <u>FIRST SET OF INTERROGATORIES</u>

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually, and on behalf of others similarly situated ("Plaintiffs"), hereby respond to each numbered paragraph of the interrogatories (the "Interrogatories") propounded by the defendants ("Defendants") as follows:

## GENERAL OBJECTIONS

A. Plaintiffs object to Defendants Interrogatories to the extent that they are improper under FRCP Rule 33.

B. Plaintiffs object generally to Defendants Interrogatories on the grounds that they are overly broad and burdensome. Plaintiffs have made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of the Interrogatories.

C. Without waiving these objections and by way of response, Plaintiffs provide the following responses.

## RESPONSES

**INTERROGATORY NO. 2**

Set forth in detail the computation of each category of damage alleged for each plaintiff.

**Response to No. 2:**

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs set forth the computation of damages as follows:

Vicktor Stevenson

Mr. Stevenson recalls having been employed by Defendants from 2/21/2011 to 4/6/2012. Mr. Stevenson recalls that while he was employed by Defendants, he worked, on average, six days per week. Mr. Stevenson recalls that on the days he worked, he would typically arrive at work at 9 a.m. and leave work at 9 p.m. Plaintiffs relied on Defendants' production, bates stamped D000026-D000035 for their calculation of Plaintiffs' average gross weekly earnings. On the basis of Mr. Stevenson's recollection and Defendants' discovery production to date, the computation of Mr.

Stevenson's damages are as follows (calculation formulae in parenthesis):

|   |   | **Stevenson** |
|---|---|---|
| A | Employment Start: | 2/21/2011 |
| B | Employment End: | 4/6/2012 |
| C | Days employed (B-A): | 410 |
| D | Total weeks worked (C/7): | 58.6 |
| E | Days worked per week: | 6 |
| F | Total days worked (C/7*6-3 sick days): | 348 |
| G | Hours worked per day: | 12 |
| H | Hours worked per week (E*G): | 72 |
| I | Total hours worked (F*H): | 4,176 |
| J | Weekly overtime hours worked (H-40): | 32 |
| K | Days worked in excess of 10 hours: | 348 |
| L | Standard hours worked (D*40): | 2,344 |
| M | Overtime hours worked (D*J): | 1,875.20 |
| N | Average gross pay per week: | $267.66 |
| O | Federal minimum wage: | $7.25 |
| P | Overtime minimum wage: | $10.875 |
| Q | Required weekly pay (O*40): | $290.00 |
| R | Required overtime weekly pay (J*P): | $348.00 |
| S | Total required weekly pay (Q+R): | $638.00 |
| T | Regular pay due ((Q-N)*D): | $1,309.41 |
| U | Overtime pay due (D*R): | $20,392.80 |
| V | Spread of hours pay due (F*O): | $2,523.00 |
| W | Wage notice violation: | $5,000.00 |
| X | Total pay due (T+U+V+W): | $29,225.21 |
| Y | State Law Liquidated Damages: | $29,225.21 |
| Z | Federal Law Liquidated Damages: | $29,225.21 |
|   | **Total Damages (X+Y+Z):** | **$87,675.62** |

Gloria Espinoza

Ms. Espinoza recalls having been employed by Defendants from 1/30/2011 to 6/30/2011. Ms. Espinoza recalls that while she was employed by Defendants, she worked, on average, six days per week. Ms. Espinoza recalls that on the days she worked, she would typically work between 10 and 12 hours a day. Plaintiffs relied on Defendants' production, bates stamped D000052-D000053 for their calculation of Plaintiffs' average gross weekly earnings. On the basis of Ms. Espinoza's recollection and Defendants' discovery production to date, the computation of Ms. Espinoza's damages is as follows (calculation formulae in parenthesis):

|   |   | Espinoza |
|---|---|---|
| A | Employment Start: | 1/30/2011 |
| B | Employment End: | 6/30/2011 |
| C | Days employed (B-A): | 151 |
| D | Total weeks worked (C/7): | 21.6 |
| E | Days worked per week: | 6 |

| | | |
|---|---|---|
| F | Total days worked (C/7*6): | 129 |
| G | Hours worked per day: | 11 |
| H | Hours worked per week (E*G): | 66 |
| I | Total hours worked (F*H): | 1,424 |
| J | Weekly overtime hours worked (H-40): | 26 |
| K | Days worked in excess of 10 hours: | 129 |
| L | Standard hours worked (D*40): | 864 |
| M | Overtime hours worked (D*J): | 561.60 |
| N | Average gross pay per week: | $268.08 |
| O | Federal minimum wage: | $7.25 |
| P | Overtime minimum wage: | $10.875 |
| Q | Required weekly pay (O*40): | $290.00 |
| R | Required overtime weekly pay (J*P): | $282.75 |
| S | Total required weekly pay (Q+R): | $572.75 |
| T | Regular pay due ((Q-N)*D): | $473.40 |
| U | Overtime pay due (D*R): | $6,107.40 |
| V | Spread of hours pay due (F*O): | $938.36 |
| W | Wage notice violation: | $5,000.00 |
| X | Total pay due (T+U+V+W): | $12,519.16 |
| Y | State Law Liquidated Damages: | $12,519.16 |
| Z | Federal Law Liquidated Damages: | $12,519.16 |
| | **Total Damages (X+Y+Z):** | **$37,557.47** |

Sally Laipert

Ms. Laipert recalls having been employed by Defendants from 1/13/2011 to 3/28/2011. Ms. Laipert recalls that while she was employed by Defendants, she worked, on average, six days per week. Ms. Laipert recalls that on the days she worked, she would typically work between 10 and 11 hours per day. Plaintiffs relied on Defendants' production, bates stamped D000055 for their calculation of Plaintiffs' average gross weekly earnings. On the basis of Ms. Laipert's recollection and Defendants' discovery production to date, the computation of Ms. Laipert's damages is as follows (calculation formulae in parenthesis):

| | | Clemente/Laipert |
|---|---|---|
| A | Employment Start: | 1/13/2011 |
| B | Employment End: | 3/28/2011 |
| C | Days employed (B-A): | 74 |
| D | Total weeks worked (C/7): | 10.6 |
| E | Days worked per week: | 5.5 |
| F | Total days worked (C/7*6): | 63 |
| G | Hours worked per day: | 10.5 |
| H | Hours worked per week (E*G): | 57.75 |
| I | Total hours worked (F*H): | 666 |
| J | Weekly overtime hours worked (H-40): | 17.75 |
| K | Days worked in excess of 10 hours: | 63 |
| L | Standard hours worked (D*40): | 424 |
| M | Overtime hours worked (D*J): | 188.15 |
| N | Average gross pay per week: | $269.09 |

4

| O | Federal minimum wage: | $7.25 |
|---|---|---|
| P | Overtime minimum wage: | $10.875 |
| Q | Required weekly pay (O*40): | $290.00 |
| R | Required overtime weekly pay (J*P): | $193.03 |
| S | Total required weekly pay (Q+R): | $483.03 |
| T | Regular pay due ((Q-N)*D): | $221.64 |
| U | Overtime pay due (D*R): | $2,046.13 |
| V | Spread of hours pay due (F*O): | $459.86 |
| W | Wage notice violation: | $5,000.00 |
| X | Total pay due (T+U+V+W): | $7,727.62 |
| Y | State Law Liquidated Damages: | $7,727.62 |
| Z | Federal Law Liquidated Damages: | $7,727.62 |
|   | **Total Damages (X+Y+Z):** | **$23,182.87** |

Amber Coutee

Ms. Coutee recalls having been employed by Defendants from 1/30/2011 to 2/15/2012. Ms. Coutee recalls that while she was employed by Defendants, she worked, on average, six days per week. Ms. Coutee recalls that on the days she worked, she would typically arrive at work between 7:30 a.m. and leave work between 9 and 10 p.m. Plaintiffs relied on Defendants' production, bates stamped D000061, D000062, D000064-D000070 for their calculation of Plaintiffs' average gross weekly earnings On the basis of Ms. Coutee's recollection and Defendants' discovery production to date, the computation of Ms. Coutee's damages is as follows (calculation formulae in parenthesis):

|   |   | Coutee |
|---|---|---|
| A | Employment Start: | 1/13/2011 |
| B | Employment End: | 2/15/2012 |
| C | Days employed (B-A): | 398 |
| D | Total weeks worked (C/7): | 56.9 |
| E | Days worked per week: | 6 |
| F | Total days worked (C/7*6): | 341 |
| G | Hours worked per day: | 13.75 |
| H | Hours worked per week (E*G): | 82.5 |
| I | Total hours worked (F*H): | 4,691 |
| J | Weekly overtime hours worked (H-40): | 42.5 |
| K | Days worked in excess of 10 hours: | 341 |
| L | Standard hours worked (D*40): | 2,276 |
| M | Overtime hours worked (D*J): | 2,418.25 |
| N | Average gross pay per week: | $304.16 |
| O | Federal minimum wage: | $7.25 |
| P | Overtime minimum wage: | $10.875 |
| Q | Required weekly pay (O*40): | $290.00 |
| R | Required overtime weekly pay (J*P): | $462.19 |
| S | Total required weekly pay (Q+R): | $752.19 |
| T | Regular pay due ((Q-N)*D): |  |
| U | Overtime pay due (D*R): | $26,298.47 |
| V | Spread of hours pay due (F*O): | $2,473.29 |

5

| W | Wage notice violation: | $5,000.00 |
|---|---|---|
| X | Total pay due (T+U+V+W): | $33,771.75 |
| Y | State Law Liquidated Damages: | $33,771.75 |
| Z | Federal Law Liquidated Damages: | $33,771.75 |
|   | **Total Damages (X+Y+Z):** | **$101,315.26** |

**INTERROGATORY NO. 3**

Identify each document relied upon by plaintiffs to compute their alleged damages and for each such document identify the custodian and state the location thereof.

**Response to No. 3:**

    Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs have relied on Defendants' paystub records produced during discovery, specifically those documents referenced above in Response to Interrogatory No. 2; Plaintiffs' deposition testimony in this matter, specifically the deposition of Ms. Gloria Espinoza on February 23, 2017, the deposition of Ms. Sally Laipert on April 3, 2017, and the deposition of Ms. Amber Coutee on April 5, 2017; the Employee Handbook produced by Defendants, bates stamped D000211 – D000248; certain letter(s) drafted by Defendants to, or on behalf of, Plaintiffs, bates stamped D000001; the documents produced by Defendants in this matter; and Defendants' deposition testimony in this matter. Additionally, Plaintiffs intend to rely on such employee records as required to be maintained by the Defendants pursuant to 29 C.F.R. §§ 516.2, 516.5, 516.28 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6 which record are required, by law, to be in the possession and control of the Defendants.

6

Dated: New York, New York
May 24, 2017

                                                                          THOMPSON BUKHER LLP

By: _____
    Benjamin S. Thompson (BT2176)
    Tim Bukher (TB1984)
75 Broad Street
Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

*Attorneys for Plaintiffs*

Vicktor Stevenson, a plaintiff in the within action, hereby certifies that he has read the foregoing Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which he has no knowledge), upon information and belief, he believes the matters to be stated therein to be true.

Dated: New York, New York
       May 26, 2017

_____
Vicktor Stevenson

Gloria Espinoza, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
      May 26, 2017

_____
Gloria Espinoza

Amber Coutee, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
    May 26, 2017

_____<br>Amber Coutee



Sally Laipert, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
May 26, 2017

_____
Sally Laipert