**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| VICKTOR STEVENSON and GLORIA ESPINOZA, individually, and on behalf of others similarly situated.<br><br>*Plaintiffs*,<br><br>– against –<br><br>CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),<br><br>*Defendants*. | **Civ. Action No.: 14-cv-0240 (AKH)**<br><br>**Collective Action Under**<br>**29 U.S.C. § 216(b)**<br><br>**ECF Case**<br><br>**Magistrate Judge James L. Cott** |

**MEMORANDUM OF LAW IN**
**SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNES' FEES AND**
<u>**REIMBURSEMENT OF EXPENSES**</u>

THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, New York 10004
(212) 920-6050

*Attorneys for the Plaintiffs*

## Table of Contents

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION .........................................................................................................1

II. PLAINTIFFS' COUNSEL IS ENTITLED TO REASONABLE ATTORNEYS FEES IN
    ADDITION TO DAMAGES OWED TO PLAINTIFFS ...................................................1

    A. The Lodestar Method is the Presumptive Starting Point in Fee Award Analysis in
        the Second Circuit ....................................................................................................2

    B. The Hourly Rate of Plaintiffs' Counsel is Reasonable Within Second Circuit
        Standards..................................................................................................................3

    C. The Hours Expended by Plaintiffs' Counsel Litigating the Matter are Reasonable
        Within Second Circuit Standards ............................................................................5

III. PLAINTIFFS' COUNSEL IS ENTITLED TO REIMBURSEMENT OF LITIGATION
     EXPENSES...................................................................................................................7

IV. CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509, 512 (S.D.N.Y. 2011) ......................... 1, 2, 5

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162 (2d Cir. 2007)................................................................................................................. 2, 3

*Blum v. Stevenson*, 465 U.S. 886, 895 n. 11 (1984)....................................................... 3

*Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ................................ 6

*Gonzalez v. Scalinatella, Inc.*, 112 F.Supp.3d 5, 10 (S.D.N.Y. 2015)........................................ 5

*Guallpa v. N.Y. Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393, *11 (S.D.N.Y. May 27, 2014) ................................................................................... 5

*Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) ....................................................... 1

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................ 1

*Imbeault v. Rick's Cabaret Intern. Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc.*, No. 08 Civ. 5458(GEL), (2009 WL 2482134)................................. 3

*In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) .... 8

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 U.S. Dist. LEXIS 82085, 2008 WL 4613752, *9 (S.D.N.Y. Oct. 17, 2008)............................................................................ 6

*Mendez v. Radec Corp.*, 907 F. Supp. 2d 353, 358 n.4 (W.D.N.Y. 2012)..................................... 5

*Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 190977, 2012 WL 4468182, *1 (S.D.N.Y. Sept. 25, 2012)............................................................................ 5

*Tiacoapa v. Carregal*, 386 F.Supp.2d. 362, 369 (S.D.N.Y. 2005) ................................................ 2

## Statutes

29 U.S.C. §216(b) .............................................................................................. 1

N.Y.L.L. §663(1) ............................................................................................... 1

## I. INTRODUCTION

Thompson Bukher LLP ("Plaintiffs' Counsel") respectfully submits this motion for an award of attorneys' fees in the amount of $152,122.50 and reimbursement of $14,331.54 in out-of-pocket expenses that were incurred in prosecuting this action. The Fair Labor Standards Act (FLSA), as well as the New York Labor Law (NYLL) both provide a successfully employee plaintiff with an award of "'reasonable' attorneys fees." 29 U.S.C. §216(b); N.Y.L.L. §663(1). Further, "[t]raditionally 'in determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate'." *Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509, 512 (S.D.N.Y. 2011) (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) and *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

Plaintiffs' Counsel has spent 436.3 attorney hours prosecuting this case. See Declaration of Benjamin S. Thompson in Support of Motion for Attorneys Fees and Reimbursement of Expenses ("Thompson Dec."). Multiplying these hours by the hourly rate of each attorney involved in this matter results in a lodestar amount of $152,122.50. Plaintiffs' Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a positive result.

For the reasons set forth below, Plaintiffs' Counsel respectfully submits that the attorneys' fees and expenses reimbursement sought are fair and reasonable under the applicable legal standards, and should be awarded in light of the contingency risk undertaken and the result achieved in this case.

## II. PLAINTIFFS' COUNSEL IS ENTITLED TO REASONABLE ATTORNEYS FEES IN ADDITION TO DAMAGES OWED TO PLAINTIFFS

1

Plaintiffs' Counsel are entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf of the Plaintiffs. The request for $151,122.50, pursuant to the lodestar method of fee calculation, plus expenses, is reasonable and well within the range approved by courts in similar cases. Under *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162 (2d Cir. 2007), the Second Circuit held that there is no proportionality requirement so long as "a party [sic] has established his entitlement to some relief on the merits of his claims." Here, through a settlement, Plaintiffs' Counsel achieved success on behalf of its clients for their claims of unpaid wages, unpaid overtime wages, and unpaid spread of hours wages in the amount of $80,000.00. Even though Plaintiffs' Counsel's fees exceed the award to Plaintiff, such fees and expenses should be approved so long as the hours expended are reasonable.

Moreover, it should be noted that the final settlement amount of $80,000.00 is substantially close to Plaintiffs' actual damage calculations of $83,243.74 (exclusive of liquidated damages) and $15,000.00 greater than the amount on which Plaintiffs offered to settle at the onset of this litigation. (Thompson Dec. ¶¶ 11 – 13.)

### A. The Lodestar Method is the Presumptive Starting Point in Fee Award Analysis in the Second Circuit

The traditional practice of the Second Circuit in determining fee awards is to multiply the reasonable hours expended by the reasonable hourly rate, also known as the lodestar method. "The lodestar represents the presumptively reasonable fee award, but the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." *Tiacoapa v. Carregal*, 386 F.Supp.2d. 362, 369 (S.D.N.Y. 2005). Within the Second Circuit the lodestar method is favored for its promotion of public policy concerns and its ease of application. *See Allende, supra*., at 513-14 (citing *Perdue v. Kenny A*., 130 S.Ct. 1662, 1672-73 (2010)).

As noted by the Court in *Allende*, utilizing the lodestar method to award attorneys' fees, and the attorney's regular hourly rate effectuates the greater public policy consideration of providing an FLSA plaintiff with quality representation, because counsel is placed in the same condition as he would have been in the regular course of business, representing any other plaintiff who pays out of pocket. *Id*. This consideration is of great importance because the typical FLSA plaintiff is represented on a contingent fee or pro bono basis, and there is no guarantee that counsel will be paid for his or her work, despite diligent effort.

Failure to award Plaintiffs' Counsel's fees and expenses in their entirety would deter qualified counsel from accepting single plaintiff claims, where the award would generally be similar to that received by Plaintiff here. As such, an award of attorneys' fees utilizing the lodestar method of calculation would be the only reasonable means of achieving the objective of the FLSA statutory attorneys' fees award provision.

### B. The Hourly Rate of Plaintiffs' Counsel is Reasonable Within Second Circuit Standards

"The reasonable hourly rate is a paying client would be willing to pay." *Imbeault v. Rick's Cabaret Intern. Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc*., No. 08 Civ. 5458(GEL), (2009 WL 2482134), citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Further, "This is determined by reference to rates, 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Imbeault v. Rick's Cabaret Intern. Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc*., No. 08 Civ. 5458(GEL), (2009 WL 2482134), citing *Blum v. Stevenson*, 465 U.S. 886, 895 n. 11 (1984). Thompon Bukher LLP charges Mr. Thompson and Mr. Bukher's rate, as partners, at $375 per hour, and Mr. Feldberg's rate, as an associate, at $275 per hour, to third parties. (Thompson Dec. ¶¶ 5-6.)

3

Plaintiffs' Counsel has substantial experience litigating commercial matters. Plaintiff's Counsel has billed its clients at the partner hourly rate of $375 and associate hourly rate of $275 since 2014; Mr. Bukher's previous firm billed him to its clients at an hourly rate of $350 prior to 2014 and Mr. Thompson's previous firm billed him to its clients at an hourly rate of $350 prior to 2014. (Thompson Dec. ¶ 5.)

Plaintiff's Counsel have represented the following commercial matters before this Court and other courts in New York State when the above-described hourly policies were in place: *Heptagon Creations Ltd. v. Core Grp. Mktg. LLC*, 12-cv-317 (2d Cir. and underlying S.D.N.Y.); *Jovani Fashion, Ltd. v. Fiesta Fashions*, 12-cv-598 (2d Cir.); *Ipcon Collections LLC v. Costco Wholesale Corp.*, 11-cv-3944 and 11-cv-4166 (2d Cir.); *Casper Sleep, Inc. v. Mitcham*, 16-cv-03224-JSR (S.D.N.Y.); *9089756 Canada, Inc. v. Koppe*, 15-cv-6098 (S.D.N.Y.); *Envirocare Technologies, LLC v. C & D Floor Care, LLC*, 14-cv-04878-LDW (E.D.N.Y.); *NYSA-ILA Pension Trust Fund v. South Pacific Shipping Co. Ltd. et al.*, 16-cv-2439 (S.D.N.Y.); *Easy Tech Services Inc. v. Tracfone Wireless, Inc.*, 15-cv-6878 (S.D.N.Y.); *Home Care Products, LLC v. T & T Enterprises, LLC*, 15-cv-06921-PKC (S.D.N.Y.); *Horsequest (UK) Ltd v. Napoleone*, 15-cv-925-ER (S.D.N.Y.); *The/Studio v. Does*, 14-cv-2159-JR (S.D.N.Y.); *Small Business Bodyguard Inc. v. House of Moxie, Inc.*, 14-cv-07170-CM (S.D.N.Y.); *Pearson Educ., Inc. v. Frances*, 11-cv-6081-LTS (S.D.N.Y.); *Law v. Schneider*, 514719/2015 (Sup. Ct. N.Y.); *Life/Disability Administrative Consultants, Inc. v. Errante*, 161963/2015 (Sup. Ct. N.Y.); *Intellectual Product Solutions, Inc. v. Morstan General Agency, Inc.*, 067995/2014 (Sup. Ct. N.Y.); *Murphy Management & Consulting Inc. v. Single Entry Systems, Inc.*, 605471/14 (Sup. Ct. N.Y.); *Vicki Levine v. NY MOHS Laser Dermatology PLLC, et al.*, 652533/2014 (Sup. Ct. N.Y.); *Davidsohn Global Technologies, Inc. v. Get Storied, Inc. and Michael Margolis*, 158059/2013 (Sup. Ct. N.Y.). (Thompson Dec. ¶ 6.)

### C. The Hours Expended by Plaintiffs' Counsel Litigating the Matter are Reasonable Within Second Circuit Standards

Plaintiffs' Counsel has expended a total of 436.3 hours on this case. Plaintiffs' Counsel spent significant time and effort to achieve the $80,000.00 settlement on Plaintiff's claims. This action was commenced on January 13, 2014, and, after heavy litigation, a settlement in principle on Plaintiffs' claims was reached in June, 2017. From the outset, Plaintiffs' Counsel thoroughly investigated Plaintiffs' claims, focusing on the underlying merits of Plaintiffs' claims and the damages to which they were entitled. Within the period of the litigation spanning over three years, Plaintiffs' Counsel has engaged in pre-litigation discussions, Court conferences, discovery, motion practice, collective certification mailing, settlement conference, and litigation diligently on behalf of Plaintiff.

As a preliminary matter, "the clear thrust of case law in this Circuit rejects the need for an FLSA attorney's award of fees to be proportional to the success achieved for the client." *Gonzalez v. Scalinatella, Inc.*, 112 F.Supp.3d 5, 10 (S.D.N.Y. 2015). *See, e.g., Guallpa v. N.Y. Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393, *11 (S.D.N.Y. May 27, 2014) ("[T]he legal fees to be awarded need not be proportional to the plaintiff's recovery in FLSA cases because the award of a reasonable fee vindicates Congressionally identified policies and rights.") (internal quotation omitted); *Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 190977, 2012 WL 4468182, *1 (S.D.N.Y. Sept. 25, 2012) ("In FLSA cases the attorney's fees need not be proportional to the damages plaintiffs recover.") (citing cases); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511-12 (S.D.N.Y. 2011) ("While the requested attorneys' fees exceed plaintiffs' own recovery in the case, that is no matter. In FLSA cases . . . the attorneys' fees need not be proportional to the damages [*11] plaintiffs recover.") (citing cases); *accord Mendez v. Radec Corp.*, 907 F. Supp. 2d 353, 358 n.4 (W.D.N.Y. 2012); *Estrella v. P.R. Painting Corp.*, 596

5

F. Supp. 2d 723, 727 (E.D.N.Y. 2009); *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 U.S. Dist. LEXIS 82085, 2008 WL 4613752, *9 (S.D.N.Y. Oct. 17, 2008).

The time spent by Plaintiffs' Counsel and staff is described in the Declaration of Benjamin S. Thompson, and evidenced by Plaintiffs' Counsel's contemporaneous time records attached thereto. (Thompson Dec. at Exhibit 18 (Time Records).) The hours expended by Plaintiffs' Counsel and staff represent hours of work necessary to properly represent Plaintiffs throughout this litigation, including through settlement discussions and significant discovery practice. As a result of these efforts, the parties were able to reach a settlement in principle as to Plaintiffs' claims. The hours expended on behalf of Plaintiffs in this matter were not duplicative nor excessive. Counsel's drafting of documents, analysis of discovery, and appearances in Court were all handled as efficiently as possible.

The settlement of this matter was prompted, in large by, by this Court's recent ruling on Plaintiffs' motion for sanctions in connection with the Defendants' lack of documentary production, this Court wrote, in relevant part: "The Defendants' deposition testimony and paltry document production already provide an ample basis for plaintiffs to argue for the negative inferences they seek." (Thompson Dec. ¶ 14; Dkt. 61.) Indeed, Defendants forced Plaintiffs to expend significant effort in the form of numerous depositions to discover that Defendants had an absolute dearth of relevant employment records or knowledgeable testimony. Despite knowing that Defendants had maintained virtually no employment records as mandated by state and federal law, the Defendants had initially refused to settle for an amount $15,000 lower than where they ultimately settled three years later. (Thompson Dec. ¶ 11.) Despite knowing that Defendants had maintained virtually no employment records as mandated by state and federal law, the Defendants insisted on forcing Plaintiffs to engage in a long and onerous litigation process requiring numerous

depositions of witnesses for both sides before Defendants finally admitted defeat. Indeed, Defendants even insisted on deposing, in-person, several of the Plaintiffs residing outside of New York State to ask them questions about records that Defendants were in fact required to maintain. This process was severely exacerbated by Defendants' Counsel's seeming inability to concede even the tiniest, least relevant, procedural issues to Plaintiffs, going so far, for example, as to force an argument over witness deposition priority in a federal matter where no priority is mandated in the Federal Rules. (Thompson Dec. ¶ 17.)

Plaintiffs have included at **Exhibit 20** representative copies of correspondence highlighting the obstinacy of Defendants' counsel in this matter. The point of this exhibit is to drive home the fact that any exacerbation of Plaintiffs' Counsel's billable hours beyond what the Court would deem "reasonable" on a particular issue were caused by the Defendants' knowing insistence on, essentially, making the Plaintiffs "work" for their results in this matter. Indeed, this Court noted the obstinacy of Defendants' counsel when it ordered counsel "to resist writing [joint] letters to the Court." (Dkt. 52.) Joint letters are required by this Court's Individual Rules to resolve issues on which counsel cannot agree; as illustrated in **Exhibit 20**, Defendants' counsel refused to agree on even the most innocuous issues. Ultimately, now that the Plaintiffs have achieved their stated goals, Defendants are required to compensate their Counsel for the time and effort that they were forced to expend.

Given the objective that statutory attorneys' fees compensate counsel sufficiently enough to promote qualified attorneys to represent meritorious wage and hour claims, and the consideration that Plaintiffs' Counsel has demonstrated hours that are not excessive or duplicative, Plaintiffs' Counsel has demonstrated that they are entitled to their legal fees in their entirety.

### III. PLAINTIFFS' COUNSEL IS ENTITLED TO REIMBURSEMENT OF LITIGATION EXPENSES

Plaintiffs' Counsel requests reimbursement of $14,331.54 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal quotation marks omitted). Plaintiffs' Counsel's expenses were incidental and necessary to the representation of Plaintiffs. These expenses include filing and service fees, court reporting, transportation, photocopies, and, in connection with Plaintiff's collective certification notice mailing, postage and photocopies. Plaintiffs' Counsel respectfully requests their reimbursement in full for litigation expenses.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, and enter an Order: (i) awarding attorneys' fees in the amount of $152,122.50; and (ii) reimbursing $14,331.54 in out-of-pocket expenses that were incurred in this action.

Dated: New York, New York
June 28, 2017

THOMPSON BUKHER LLP

By: _____

    Tim Bukher (TB1984)
    Benjamin S. Thompson (BT2176)
    Michael Feldberg (MF0220)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for the Plaintiff*