UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

VICKTOR STEVENSON and GLORIA ESPINOZA,
individually, and on behalf of others similarly
situated,

                        Plaintiffs,                        Civ. Action 14 Civ. 0240 (AKH)

   -against-

                                                               **Collective Action Under**
CUTLER SOHO, LLC, CUTLER PARK AVENUE,         **29 U.S.C. § 216(b)**
LLC, DANIRO 57TH STREETSALON NEW YORK,
LLC, RODNEY CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID KASTIN,
XYZ COMPANIES 1-10 (UNIDENTIFIED) and JOHN
and JANE DOES A-Z (UNIDENTIFIED),

                        Defendants.
----------------------------------------------------------------X

TABLE OF CONTENTS FOR DECLARATIONS AND EXHIBITS IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Declaration of Mark L. Kalish, Esq. dated July 7, 2017

    Exhibit A to Declaration: Order dated May 16, 2017

    Exhibit B to Declaration: Plaintiffs' Responses To Defendants' First Set of Interrogatories

    Exhibit C to Declaration: Order dated May 26, 2017

    Exhibit D to Declaration: Order dated October 31, 2014

    Exhibit E to Declaration:  Text Only Order entered March 11, 2015

Declaration of Rodney Cutler dated July 6, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICKTOR STEVENSON and GLORIA ESPINOZA,
individually, and on behalf of others similarly
situated,

                Plaintiffs,

   -against-

CUTLER SOHO, LLC, CUTLER PARK AVENUE,
LLC, DANIRO 57TH STREETSALON NEW YORK,
LLC, RODNEY CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID KASTIN,
XYZ COMPANIES 1-10 (UNIDENTIFIED) and JOHN
and JANE DOES A-Z (UNIDENTIFIED),

                Defendants.
------------------------------------------------------------------X

**Civ. Action 14 Civ. 0240 (AKH)**

**Collective Action Under
29 U.S.C. § 216(b)**

## DECLARATION OF MARK L. KALISH IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

MARK L. KALISH, under penalty of perjury, declares as follows:

1. I am an attorney duly admitted to practice in the State of New York and the Southern District of the State of New York. Our firm represents the defendants in this action. I am fully familiar with the facts and circumstances of this action.

2. I submit this Declaration in opposition to the application of plaintiffs for an award of counsel fees in the amount of $152,122.50. The parties recently settled this case for the sum of $80,000 plus attorney's fees as determined by the Court.

3. As set out in the accompanying Memorandum of Law, for multiple reasons there is no basis for the Court awarding plaintiffs' counsel legal fees anywhere near the amount which they are requesting.

4. Exhibit 19 to the Declaration of Benjamin S. Thompson, Esq. in support of the application for counsel fees purports to detail the damages to which plaintiffs are entitled by reason of defendants' alleged failure to comply with FLSA requirements relating to minimum wage, overtime and record keeping requirements. Parenthetically, Exhibit 19 constituted the second attempt by plaintiffs to set forth their damages. The Court struck plaintiffs' first attempt to detail their damages, as "conclusory and unresponsive." (Exhibit A, annexed hereto). The total damage claim submitted on behalf of the four plaintiffs is approximately $250,000.

5. Given that plaintiffs claimed to be entitled to approximately $250,000 in damages, exclusive of any claims of attorney's fees, it is a significant mark of plaintiffs' confidence in their case that they offered to settle the case for $65,000. Clearly plaintiffs did not have a great deal of faith in their clients' claims if at the inception of the litigation they were willing to accept this relatively modest amount in settlement of the case.

6. Based on the progress of the litigation, it is clear that plaintiffs' attorneys based their entire hopes for ultimate success on the alleged failure of the defendants to maintain proper employment records. However, in relying on this proposition plaintiffs' attorneys ignored the basic fact that none of their clients had any idea as to what damages they sustained.

7. The depositions of the plaintiffs confirmed as much. As we have previously advised the Court, when confronted with the damage calculations which each plaintiff personally certified to be true and accurate, none of the plaintiffs were able to offer the even the slightest hint as how the numbers which reflected hours allegedly worked and overtime allegedly not paid for, were derived.

8. Indeed, even the most cursory review of the initial damage calculation submitted by plaintiff attests to the utter lack of merit of plaintiffs' damage claims. In response to interrogatory No. 2 propounded by defendants (Exhibit B annexed hereto), under the category "Days Worked" plaintiffs Stevenson, Laipert and Coutee state that they worked 348, 65 and 342 days respectively. Under the category "Regular Hours Worked" these three plaintiffs claimed that on those days each worked a total 2,320, 1,048, 440 and 2,280 hours. Simple division of the "Regular Hours Worked" by the "Days Worked" in each case yields an average work day of approximately 6.6 hours. This calculation in each instance necessarily belies the claim of "Overtime Hours Worked" by each of these plaintiffs as set out in their damage claim. Patently, none of these plaintiffs can claim pay for overtime until their "Regular Hours Worked" aggregate to 8 hours a day.

9. Thus, while the Court determined that at the ultimate trial of the action plaintiffs might be entitled to a negative inference based on the lack of available documentary evidence, plaintiffs ignore that fact that regardless of any inference which might have been drawn in their

3

favor at trial, Plaintiffs still bore the burden of putting forth some evidence, however minimal, as to the extent of the alleged violations of minimum wage and overtime pay laws. Based on the depositions of the plaintiffs, it is clear that this is a burden which plaintiffs could not have sustained.

10. In addition, plaintiffs misleadingly suggest that the determination by the Court with respect to the negative inference amounted to a decision in favor of the plaintiffs on the sanctions motion which they brought. In fact, by its determination the Court was suggesting that given the possibility of a negative inference to be drawn at trial based on the documentary record, plaintiffs did not need to make the sanctions motion in the first place. As reflected in the time records, plaintiffs' counsel is seeking approximately $ 25,000 in legal fees in connection with this motion. The Court denied the motion. See Exhibit C hereto.

11. In the final analysis, contrary to plaintiffs' statement, it was not this negative determination which prompted the settlement. Based on the depositions and the plaintiffs' damage calculations defendants had good reason to believe that the plaintiffs would not be able to sustain their burden of proof at trial. However, as is often the case, the economic realities of preparing and trying the case militated in favor of defendants agreeing to the settlement proposal suggested by the Court.

12. In an early conversation with plaintiff's counsel, Benjamin Thompson, Mr. Thompson painted the defendants' enterprise as essentially a sweat shop and a hotbed of FSLA violations. Mr. Thompson indicated that he was on a "mission" to bring justice to the employees of the defendant-hair salons.

13. After two failed Collective Action applications (see Exhibits D and E hereto), for which plaintiffs' attorneys nevertheless seek to collect some $5,900 in legal fees, of the some

4

120 employees which defendants had at the time of these alleged FSLA violations, plaintiffs managed to recruit exactly two employees in addition to the two who originally sued to pursue this "mission."

14. The reason for this is clear. As attested to in the accompanying declaration of Rodney Cutler, the principal owner of the defendant-companies, on an absolute basis these companies compensated each and every employee, including the plaintiffs in this case, at a minimum, what the FSLA mandates and in many cases the employees, including the plaintiffs, herein earned more than that.

15. Defendants" principal, Rodney Cutler, has acknowledged that the defendants' record keeping may not have met the statutory standards. In that connection, by his accompanying declaration, Mr. Cutler has stated that whatever record keeping deficiencies existed in the defendant companies was inadvertent. Mr. Cutler also avers that he has taken all the steps necessary to correct these deficiencies and that currently the defendant companies are fully compliant with the record keeping requirements of the FLSA.

16. In view of the foregoing, and as set out in our accompanying Memorandum of Law, it is respectfully requested attorney's fees awarded by this Court be commensurate with the underlying settlement and take into account all the other factors discussed in this submission.

**WHEREFORE**, it is respectfully requested that the application by plaintiffs for an award of counsel fees in the amount of $152,122.50 be denied.

/s/ MARK L. KALISH

Dated: New York, New York
July 7, 2017