EXHIBIT A

**MOSS & KALISH, PLLC**
COUNSELLORS AT LAW
122 EAST 42ND STREET
NEW YORK, NY 10168-0098

TELEPHONE: (212) 867-4488
TELECOPIER: (212) 983-5276
E-MAIL: LAWYERS@MOSSKALISH.COM

MARK L. KALISH
GARY N. MOSS
LARRY Z. LAZAR*
HON. DAVID B. GELFARB*

JAMES SCHWARTZMAN

*ALSO ADMITTED IN NEW JERSEY

NASSAU OFFICE
500 OLD COUNTRY, SUITE 206
GARDEN CITY, NY 11530

writer's e-mail:
kalish@mosskalish.com

May 12, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/17

**VIA EXPRESS MAIL AND ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Stevenson and Espinoza v. Cutler Soho, et. al. (14-CV-0240)</u>

Dear Judge Hellerstein:

This firm represents the answering defendants in the above-referenced matter. I write this letter pursuant to Rule 2E of the Court's Individual Rules with plaintiffs' counsel who jointly drafted this letter with me. By this letter, defendants are requesting that the Court extend for a period of 30 days the May 9, 2017 deadline set by the Case Management Order to complete non-expert discovery, and that plaintiffs' counsel or someone in his office with knowledge of the facts be directed to appear for a deposition. Plaintiffs are opposing the foregoing request.

<u>Defendants' Position</u>

In this action, four plaintiffs seek to recover damages arising from the alleged failure of defendants to pay for overtime work. In response to interrogatories propounded by the defendants which requested an itemization of the overtime hours allegedly worked, plaintiffs provided the Response to Interrogatories annexed to this letter.

Between February 23, 2017 and April 5, 2017, defendants deposed the four plaintiffs. In their testimony, none of the plaintiffs had even the slightest clue as to how the numbers which appeared on the Responses to Interrogatories were derived.

During the deposition of Gloria Espinosa, the first plaintiff to be deposed, in response to questioning, she repeatedly stated that she did not know from where the calculations of the number of

*[Handwritten order:]*
1. Def'ts request to depose pl's counsel is denied.
2. Pls' objections to interrog. answers are stricken.
3. Pls' responses to interrog. 2 and 3 are stricken as conclusory and unresponsive. Within two weeks, pls may cure by providing detailed information and production, sufficient to prove the pls' claims for damages, otherwise, discovery is closed.
So Ordered, 5/16/17 /s/ A.K. Hellerstein

Hon. Alvin K. Hellerstein
May 12, 2017
Page Two

days and overtime hours she worked which appeared in her Interrogatory Responses and were certified by her to be accurate were derived. See page 136 of Ms. Espinosa's deposition transcript annexed hereto. The number of days and hours she worked are matters which require no legal calculation or analysis by her attorneys.

In cross examination by Ben Thompson, plaintiffs' counsel, of Ms. Espinosa, Mr. Thompson asked Ms. Espinosa to confirm that they discussed the case, that she provided him with information, that he, in turn, explained to her that he was going to submit the information in various forms to the court, that she provided him with "...many statements and information ...related to the amount of time you worked there, the hours that you worked there, the days that you worked there...."

Ms. Espinosa, in further response to Mr. Thompson's questioning, confirmed that the information which she provided him was sufficient to calculate the damage claim which was ultimately reflected in the Interrogatory Responses. See pages 172 and 173 of Ms. Espinoza's deposition transcript annexed hereto.

Similarly, the three other plaintiffs who were deposed had no idea how the damages which they claimed to have suffered were calculated.

Over the last 10 days or so, following the completion of the depositions of the plaintiffs, I had several conversations and exchanges with Mr. Thompson. I indicated to him that based on my reading of the deposition transcript of Gloria Espinosa, Mr. Thompson, in his cross-examination of her, arguably breached the attorney-client privilege. More importantly, it was clear to me from the exchange between Mr. Thompson and his client that it was either Mr. Thompson or someone in his office who had calculated the damage numbers which appeared in the Responses to Interrogatories. Thus, either Mr. Thompson or someone in his office was now a witness in this case.

I told Mr. Thompson that under the circumstances I felt compelled to depose either him or whoever in his office it was that did the calculations since he or someone in his office appeared to be the only persons who had any idea how the plaintiffs calculated their damages. At the same time, I stated to Mr. Thompson that I felt uncomfortable deposing an opposing attorney in a case.

The Case Management Order directs the parties to engage in a settlement conference on May 17, 2017. I suggested to Mr. Thompson that we agree to extend the discovery cutoff date until some point in time after May 17, 2017. I explained to him that on behalf of the defendants I was prepared to engage in good faith negotiations to settle the case on May 17 and if Mr. Thompson acted in the same manner perhaps we could settle the case and avoid the unpleasantness of me having to depose him.

Hon. Alvin K. Hellerstein
May 12, 2017
Page Three

Mr. Thompson offered to provide me with a declaration detailing how the damages were calculated. I responded that I would be happy to review any declaration he provided but could not, in advance, agree that a deposition of him would not be required.

About one week ago, Mr. Thompson stated that he would review my proposal with his clients. Despite repeated inquiries by me over the last week seeking a response to my proposal, I heard nothing back. This past Monday, on the eve of the expiration of the discovery deadline in the Case Management Order, Mr. Thompson rejected my offer. At the same time, Mr. Thompson filed a motion to sanction defendants for failing to engage in discovery.

Defendants respectfully request that the Court extend the discovery cutoff date of May 9, 2017 for a period of 30 day and that Mr. Thompson or the person in his office with the knowledge of the damage calculations be directed to appear for a deposition on a date after May 17, 2017, the date of the settlement conference, and before the expiration of the newly set discovery cutoff date.

Plaintiffs' Position

Plaintiffs oppose the defendants' foregoing request. It is the plaintiffs' position that defendants are attempting to improperly take a second stab at deposing witnesses, the plaintiffs, who the defendants have, as admitted above, already deposed. The defendants are seeking to depose the plaintiffs' counsel for information that should have been requested from the plaintiff witnesses in the first instance. Plaintiffs also suspect, based on the defendants' position above, that the threat to depose plaintiffs' counsel is nothing more than a settlement tactic.

As evidenced in the annexed deposition transcript of Gloria Espinoza, Ms. Espinoza was unable to answer how the damages were calculated in this matter. This is because the calculation of damages consists of a legal analysis, performed by plaintiffs' counsel, based on the hours that the plaintiff witnesses recollect that they worked for the defendants. As evidenced in the annexed deposition transcript, the defendants' counsel failed to ask Ms. Espinoza what hours she worked, choosing instead to focus on asking her how the legal conclusions in this matter were calculated—something she obviously could not answer. As admitted by the defendants' counsel, above, plaintiffs' counsel has offered to provide details of their damages calculations which details constitute legal argument rather than discoverable fact.

Furthermore, plaintiffs dispute that any attorney-client privilege was waived at Ms. Espinoza's deposition. As evident from the annexed transcript, Mr. Thompson's rebuttal questions to Ms. Espinoza expressly avoided asking Ms. Espinoza to reveal the *substance* of any communication she had made to her counsel. And even if any waiver was made, the proper time to question Ms. Espinoza about such substance was at her deposition. It would not be proper, and would in fact be pointless, to now depose Ms. Espinoza's counsel about statements made to him by Ms. Espinoza because: (i) such statements are

Hon. Alvin K. Hellerstein
May 12, 2017
Page Four

privileged; (ii) even were privilege waived, Ms. Espinoza's counsel would have no recollection of such statements without consulting his notes which notes constitute privileged attorney work-product; and (iii) Ms. Espinoza would be the proper first-hand witness for any statements she made since any of her counsel's testimony regarding such statements would constitute inadmissible hearsay.

Plaintiffs further note that plaintiffs' motion for sanctions is not relevant to this issue. Plaintiffs have moved for sanctions on the basis that (i) the defendants have not produced adequately responsive documents during discovery; and (ii) the defendants have refused to provide an adequately prepared Rule 30(b)(6) witness. As clear from the defendants' position above, the defendants are not requesting to extend discovery deadlines in order to cure the foregoing deficiencies.

Plaintiffs further note that, pursuant to the Court's order dated May 11, 2017 (Dkt. 52), plaintiffs strongly urged the defendants not to file this letter.

Respectfully,

MARK L. KALISH

Cc: Tim Bukher, Esq.

Judge wrote:

"1. Defendant's request to depose plaintiff's counsel is denied.
2. Plaintiffs' objections to interrogatory answers are stricken.
3. Plaintiffs' responses to interrogatories 2 and 3 are stricken as conclusory and unresponsive. Within two weeks, plaintiffs may cure by providing detailed information and production, sufficient to prove the plaintiffs' claims for damages. Otherwise, discovery is closed.

So Ordered, 5/16/17

Alvin K. Hellerstein"