# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKTOR STEVENSON and GLORIA ESPINOZA,
*individually, and on behalf of others similarly situated.*

                                      *Plaintiffs,*

– against –

CUTLER SOHO, LLC, CUTLER PARK AVENUE, LLC, DANIRO 57TH STREET SALON NEW YORK, LLC, RODNEY CUTLER, MICHAEL GORDON, BEN STEWART, ANTHONY BARROW, DAVID KASTIN, XYZ COMPANIES 1–10 (UNIDENTIFIED), and JOHN AND JANE DOES A–Z (UNIDENTIFIED),

                                      *Defendants.*

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**Civ. Action No.: 14-cv-0240 (AKH)
ECF Case**

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs Vicktor Stevenson and Gloria Espinoza, individually, and on behalf of others similarly situated ("Plaintiffs"), hereby respond to each numbered paragraph of the interrogatories (the "Interrogatories") propounded by the defendants ("Defendants") as follows:

## GENERAL OBJECTIONS

A. Plaintiffs object to Defendants Interrogatories to the extent that they are improper under FRCP Rule 33.

B. Plaintiffs object generally to Defendants Interrogatories on the grounds that they are overly broad and burdensome. Plaintiffs have made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of the Interrogatories.

C. The following responses and objections are based upon information now known. Plaintiffs have not yet completed discovery or preparation for trial in this action and therefore will supplement these responses and objections to the extent required by the FRCP.

D. Without waiving these objections and by way of response, Plaintiffs provide the following responses.

## RESPONSES

**INTERROGATORY NO. 1**

Identify the witnesses with knowledge or information relevant to the subject matter of this action.

**Response to No. 1:**

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs identify Rodney Cutler, Michael Gordon, Ben Stewart, Anthony Barrow, David Kastin, Carissa Joseph, Melinda Cuevas-Ayassi, Vicktor Stevenson, Gloria

2

Espinoza, Amber Coutee, and Sally Laipert as relevant witness to the foregoing subject matter.

**INTERROGATORY NO. 2**

Set forth in detail the computation of each category of damage alleged for each plaintiff.

**Response to No. 2:**

SBBI objects to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs set forth the computation of damages as follows:

Vicktor Stevenson

| | |
|---|---|
| Actual Hourly Wage: | $5.38 |
| Days Worked: | 348 |
| Regular Hours Worked: | 2,320 |
| Overtime Hours Worked: | 1,856 |
| Regular Pay Due: | $4,338.40 |
| Overtime Pay Due: | $20,193.28 |
| Spread of Hours Pay Due: | $2,523.00 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $32,054.68 |
| State Law Liquidated Damages: | $32,054.68 |
| Federal Law Liquidated Damages: | $32,054.68 |
| **Total Damages:** | **$96,164.04** |

Gloria Espinoza

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 131 |
| Regular Hours Worked: | 1,048 |
| Overtime Hours Worked: | 695 |
| Overtime Pay Due: | $7,485.44 |
| Spread of Hours Pay Due: | $949.75 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $13,435.19 |
| State Law Liquidated Damages: | $13,435.19 |
| Federal Law Liquidated Damages: | $13,435.19 |
| **Total Damages:** | **$40,305.57** |

3

### Sally (Clemente) Laipert

| | |
|---|---|
| Actual Hourly Wage: | $7.25 |
| Days Worked: | 65 |
| Regular Hours Worked: | 440 |
| Overtime Hours Worked: | 407 |
| Overtime Pay Due: | $4,428.16 |
| Spread of Hours Pay Due: | $471.25 |
| Wage Notice Violation: | $3,250.00 |
| Total Pay Due: | $8,149.41 |
| State Law Liquidated Damages: | $8,149.41 |
| Federal Law Liquidated Damages: | $8,149.41 |
| **Total Damages:** | **$24,448.23** |

### Amber Coutee

| | |
|---|---|
| Actual Hourly Wage: | $5.75 |
| Days Worked: | 342 |
| Regular Hours Worked: | 2,280 |
| Overtime Hours Worked: | 1,824 |
| Regular Pay Due: | $3,420.00 |
| Overtime Pay Due: | $19,845.12 |
| Spread of Hours Pay Due: | $2,479.50 |
| Wage Notice Violation: | $5,000.00 |
| Total Pay Due: | $30,744.62 |
| State Law Liquidated Damages: | $30,744.62 |
| Federal Law Liquidated Damages: | $30,744.62 |
| **Total Damages:** | **$92,233.86** |

## INTERROGATORY NO. 3

Identify each document relied upon by plaintiffs to compute their alleged damages and for each such document identify the custodian and state the location thereof.

## Response to No. 3:

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Subject to, and without waiving any of, the above objections, Plaintiffs have relied on the pay stubs they received during their employ with Defendants; the Employee Handbook drafted by Defendants and provided to Plaintiffs during their

4

employ with Defendants; certain letter(s) drafted by Defendants to, or on behalf of, Plaintiffs; and the documents produced by Defendants in this matter.

**INTERROGATORY NO. 4**

If you are aware of any document responsive to any of the requests in the Answering Defendants' First Requests for the Production of Documents that for any reason you cannot product, state where such documents are located and who has possession of them.

<u>Response to No. 4:</u>

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, that the information it seeks is not relevant, that it is not reasonably calculated to lead to admissible evidence, and to the extent that the information it seeks is in the possession of Defendants and/or third parties, and not Plaintiffs. Specifically, the last objection made here, that such documents are in the possession of Defendants, is the sole reason that documents cannot be provided in this matter, considering that Defendants have produced a deficient set of records and documents responsive to Plaintiffs' demands as required by law, both to maintain and to produce.

**INTERROGATORY NO. 5**

Other than plaintiffs' attorney(s), identify each person who provided plaintiffs with information to support the allegations that defendants violated federal and New York state wage and hours laws as asserted in the complaint.

<u>Response to No. 5:</u>

Plaintiffs object to this interrogatory on the ground that it is vague, ambiguous, unduly burdensome, overly broad, that the information it seeks is not relevant, that it is not reasonably calculated to lead to admissible evidence, and to the extent that the information it seeks is in the

5

possession of Defendants and/or third parties, and not Plaintiffs. To the extent that this interrogatory is at all sensible, it is Defendants that have provided Plaintiffs with information to support the allegations set forth in this action.

Dated: New York, New York
       January 8, 2016

          THOMPSON BUKHER LLP

By: *[signature]*

         _____
         Benjamin S. Thompson (BT2176)
         Tim Bukher (TB1984)
         75 Broad Street
         Suite 2120
         New York, New York 10004
         Telephone: (212) 920-6050
         Facsimile: (646) 924-3040

         *Attorneys for Plaintiffs*

Vicktor Stevenson, a plaintiff in the within action, hereby certifies that he has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which he has no knowledge), upon information and belief, he believes the matters to be stated therein to be true.

Dated: New York, New York
       March 24, 2017

                                                    _____
                                                    Vicktor Stevenson

Gloria Espinoza, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
March 24, 2017

_____
Gloria Espinoza

Sally Luipersbeck, [illegible] the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, that the same are true to her own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

Dated: New York, New York
March [illegible], 2017


Sally Luipersbeck

Amber Coutee, a plaintiff in the within action, hereby certifies that she has read the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories and knows the contents thereof, and that except for objections (of which she has no knowledge), upon information and belief, she believes the matters to be stated therein to be true.

Dated: New York, New York
       March 24, 2017

*[signature]*
Amber Coutee