UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VICKTOR STEVENSON and GLORIA ESPINOZA,
individually, and on behalf of others similarly
situated,

                Plaintiffs,

    -against-

CUTLER SOHO, LLC, CUTLER PARK AVENUE,
LLC, DANIRO 57TH STREETSALON NEW YORK,
LLC, RODNEY CUTLER, MICHAEL GORDON, BEN
STEWART, ANTHONY BARROW, DAVID KASTIN,
XYZ COMPANIES 1-10 (UNIDENTIFIED) and JOHN
and JANE DOES A-Z (UNIDENTIFIED),

                Defendants.
------------------------------------------------------------X

**Civ. Action 14 Civ. 0240 (AKH)**

**Collective Action Under
29 U.S.C. § 216(b)**

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS ..................................................................... 1

ARGUMENT ................................................................................ 2

POINT I

THE APPLICATION FOR ATTORNEY'S FEES AND EXPENSES
IN THE AMOUNTS SOUGHT BY PLAINTIFFS IS WITHOUT MERIT
AND SHOULD BE DENIED ................................................................... 2

A. The Fees Sought By Plaintiffs Are Patently Unreasonable ............................. 2

   1. Plaintiffs' Attorneys' Hourly Rates Are Unreasonable ............................ 3
   2. Hours Billed Are Unreasonable .................................................. 6

B. The Court Should Reduce The Billed Hours By A
Substantial Percentage .................................................................. 11

POINT II

PLAINTIFFS' COSTS AND EXPENSES SHOULD BE REDUCED ....................................... 12

CONCLUSION ............................................................................. 12

## TABLE OF AUTHORITIES

Agudelo v. JA Restaurant Management, LLC,
    12 CV 960 (HB), 2013 U.S. Dist. LEXIS 50486 at *7, *8 (S.D.N.Y. April 4, 2013) ...... 9, 11

Aiello v. Town of Brookhaven,
    94 CV 2622 (FB)(WDW), 2005 U.S. Dist. LEXIS 11462, 2005 WL 13972002,
    at *2 (E.D.N.Y. June 13, 2005) .................................................. 6

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
    522 F.3d 182, 190 (2nd Cir. 2007) ............................................... 3

Barfield v. New York City Health and Hospitals Corporation,
    537 F.3d 132, 152 (2nd Cir. 2008) ............................................... 8

Bliven v. Hunt,
    579 F.3d 204, 213 (2d Cir. 2009) ................................................ 2

Blum v. Stenson,
    465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed 891 (1984) ........................ 2, 3

Broome v. Biondi,
    17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997) ......................................... 3

Building Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC,
    08 CV 9264 (DC), 2010 U.S. Dist. LEXIS 36046, 2010 WL 1438117,
    at *2 (S.D.N.Y. April 9, 2010) .................................................. 2

Cesario v. BNI Construction, Inc.,
    07 CV 8545 (LLS)(GWG), 2008 U.S. Dist. LEXIS 103155, 2008 WL 5210209,
    at *7, 9 (S.D.N.Y. December 15, 2010) ......................................... 4, 6

Days Inn Worldwide, Inc. v. Amar Hotels, Inc.,
    05 CV 10100 (KMW)(KNF), 2008 U.S. Dist. LEXIS 37328,
    at *24 (S.D.N.Y. May 2, 2008) .................................................. 11

Fujiwara v. Sushi,
    58 F. Supp.3d 424, 437 (S.D.N.Y. 2014) .......................................... 5

Grant v, Martinez,
    973 F.2d 96, 99 (2d Cir. 1992) .................................................. 6

Guallpa v. N.Y. Pro Signs Inc.,
 11 CV 3133 (LGS) (FM), 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393,
 at *10-11 (S.D.N.Y. May 27, 2014) .................................................. 6

Gurang v. Malhotra,
 851 F. Supp.2d 583, 597 (S.D.N.Y. 2012) .......................................... 5

Hensley v. Eckerhart,
 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) .................... 2

Kahlil v. The Original Old Homestead Restaurant, Inc.,
 657 F. Supp.2d 470, 476, 477, 478 (S.D.N.Y. 2009) .................... 5, 6, 12

Kirsch v. Fleet St., Ltd.,
 148 F.3d 149, 173 (2d Cir. 1998) ..................................................... 2

LeBlanc-Sternberg v. Fletcher,
 143 F.3d 748, 763 (2d Cir. 1998) ................................................... 12

Luciano v. Olshen Corp.,
 109 F.3d 111, 117 (2nd Cir. 1997) .................................................... 6

McGlone v. Contract Callers Inc.,
 146 F. Supp.3d 582, 584 (S.D.N.Y. 2015) .......................................... 2

Miclc v. New York State Teamsters Conf. Pension & Ret. Fund,
 831 F.2d 407, 409 (2d Cir. 1987) ..................................................... 3

N. Y. State Ass'n. for Retarded Children v. Carey,
 711 F.2d 1136, 1148 (2d Cir. 1983) .................................................. 6

Patrolmen's Benevolent Ass'n v. City of New York,
 97 CV 7895 (SAS), 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y July 31, 2003) ...... 6

Quaratino v. Tiffany & Co.,
 166 F.3d 422, 425 (2d Cir. 1999) ..................................................... 6

Romeo and Juliette Laser Hair Removal, Inc. v. Assara,
 08 CV 442(TPG)(FM), 2013 U.S. Dist. LEXIS 93691,
 at *20 (S.D.N.Y. July 2, 2013) ....................................................... 11

Rosado v. City of New York,
   11 CV 4285 (SAS), 2012 U.S. Dist. LEXIS 35249, 012 WL 955510,
   at *4 (S.D.N.Y. March 15, 2012) .................................................. 3

Saunders v. The Salvation Army,
   06 CV 2980 (SAS), 2007 U.S. Dist. LEXIS 22347, 2007 WL 927529,
   at *3 (S.D.N.Y March 27, 2007) .................................................. 5

Savino v. Computer Credit, Inc.,
   164 F.3d 81, 87 (2nd Cir. 1998) ................................................ 3

Siegel v. Bloomberg L.P.,
   13 CV 1351 (DF), 2016 U.S. Dist LEXIS 38799,
   at *15, *16, *18 (S.D.N.Y. March 22, 2016) ................................... 3, 5

Wong v. Hunda Glass Corp.,
   09 CV 4402 (RLE), 2010 U.S. Dist. LEXIS 90736,
   at *7, *8, *9 (S.D.N.Y. September 1, 2010) ................................. 4, 5, 6

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendants in opposition to the application of plaintiffs' counsel for attorney's fees in the amount of $152,122.50 and reimbursement of out-of-pocket expenses in the amount of $14,331.54.

Plaintiffs and defendants have agreed to settle the four plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the aggregate sum of $80,000.00 and to have the Court determine the plaintiffs' reasonable and fair attorney's fees. As is demonstrated below, the fee rates sought by plaintiffs' attorneys are extremely inflated and unsupported since they have no experience in litigation employment law cases. Moreover, the hours of legal services for which plaintiffs' attorneys seek compensation are to a significant extent excessive relative to the task at hand, the result of work which is redundant, work attributable to unsuccessful litigation maneuvers, and the result of unwarranted delays on the part of plaintiffs' counsel in moving this case forward. The total fees sought also bear no reasonable relationship to the amount of the underlying settlement.

Accordingly, the amount of legal fees awarded to plaintiffs' counsel should be substantially reduced.

## STATEMENT OF FACTS

For a statement of the relevant facts the Court is respectfully referred to the Declarations of Mark L. Kalish, Esq., and Rodney Cutler submitted herewith.

1

# ARGUMENT

## POINT I

### THE APPLICATION FOR ATTORNEY'S FEES AND EXPENSES IN THE AMOUNTS SOUGHT BY PLAINTIFFS IS WITHOUT MERIT AND SHOULD BE DENIED

**A.** <u>The Fees Sought By Plaintiffs Are Patently Unreasonable</u>

A "'district court has discretion in determining the amount of a fee award.' *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). 'In the Second Circuit, attorneys' fees awards are now calculated based on the '"presumptively reasonable fee" approach.' *Building Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC*, No. 08-cv-9264, 2010 U.S. Dist. LEXIS 36046, 2010 WL 1438117, at *2 (S.D.N.Y. Apr. 9, 2010). Typically under this approach, the 'court sets a "reasonable hourly rate" . . . , and the court then uses that reasonable hourly rate to calculate the "presumptively reasonable fee" by multiplying the rate by the number of hours reasonably expended.' Id. 'In determining what fee is reasonable, the court takes account of claimed hours that it views as "excessive, redundant, or otherwise unnecessary.' *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). '[I]n dealing with such surplusage . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.' *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted) . . . ." <u>McGlone v. Contract Callers Inc.</u>, 146 F. Supp.3d 582, 584 (S.D.N.Y. 2015).

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed 891 (1984) . . . ."

2

Siegel v. Bloomberg L.P.,13 CV 1351 (DF) 2016 U.S. Dist LEXIS 38799 at *15 (S.D.N.Y. March 22, 2016).

Here, plaintiffs' attorneys have failed to meet their burden of demonstrating that hourly rates and hours allegedly expended in representing plaintiffs are reasonable so as to warrant an award of the amount of attorneys' fees they seek.

### 1. Plaintiffs' Attorneys' Hourly Rates Are Unreasonable

"An attorney's hourly rate is considered reasonable when it is 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' *Blum*, 465 U.S. at 895 n. 11; *see also Rosado v. City of New York*, No. 11cv4285 (SAS), 2012 U.S. Dist. LEXIS 35249, 2012 WL 955510, at *4 (S.D.N.Y. Mar. 15, 2012) ('The relevant community to which the court should look is the district in which the case is brought.'). Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, *see Broome v. Biondi*, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997), the Court may also apply its 'own knowledge' of rates charged in the community in assessing the reasonableness of the rates sought, *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). In *Arbor Hill*, the Second Circuit emphasized that the 'reasonable hourly rate is the rate a paying client would be willing to pay.' 522 F.3d at 190. In assessing whether an hourly rate is reasonable, the Court should 'bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.' *Id*. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81,87 (2nd Cir. 1998)." Siegel, supra, 2016 U.S. Dist LEXIS 38799 at *16.

3

Here, plaintiffs' attorneys' invoices seek compensation for legal services performed by three attorneys-partners Benjamin Thompson and Tim Bukher, and an associate with the firm by the name of Michael Feldberg.

In his declaration in support of plaintiff's attorneys' application for legal fees ("Thompson Decl"), Benjamin Thompson alleges that since he was admitted to the bar in 2010 he has "litigated many commercial actions before this Court . . . ," Mr. Thompson charged an hourly rate of $375 for the services he performed for the plaintiffs in this action. Thompson Decl. at paragraphs 1, 3 and 5 and Exhibit 18 thereto.

Mr. Thompson states that since his partner, Tim Bukher, was admitted to the bar in 2010, he too "has litigated many commercial actions before this Court . . . ." Mr. Bukher charged an hourly rate of $375 for his services in this action. Thompson Decl. at paragraphs 4 and 5 and Exhibit 18 thereto.

Plaintiffs' attorneys do not provide a date of admission to the bar or the legal experience and background for associate Michael Feldberg. Plaintiffs' attorneys' firm charged $275 per hour for his services in this action.

Tellingly, plaintiffs' attorneys do not allege that any of them have <u>any</u> prior experience in litigating employment or wage and hour law cases.

"The fee applicant bears the burden of establishing the reasonableness of the hourly rates requested — in particular, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community." <u>Wong v. Hunda Glass Corp.</u>, 09 CV 4402 (DF), 2010 U.S. Dist. LEXIS 90736, at *7 (S.D.N.Y. September 1, 2010), <u>quoting</u> <u>Cesario v. BNI Construction, Inc.</u>, 07 CV 8545 (LLS), 2008 U.S. Dist. LEXIS 103155, 2008 WL 5210209, at * 9 (S.D.N.Y. Dec. 15, 2010).

Plaintiffs' attorneys make no showing whatsoever that the fee rates they charged "are in line with those prevailing in the community." Accordingly, their motion for attorney's fees in the amount requested should be denied.

Moreover, *"the range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour."* Wong, supra, , 2010 U.S. Dist. LEXIS 90736, at *8 (Emphasis added); accord, Siegel, supra, 2016 U.S. Dist LEXIS 38799 at *18; Fujiwara v. Sushi, 58 F. Supp.3d 424, 437 (S.D.N.Y. 2014); Gurang v. Malhotra, 851 F. Supp.2d 583, 597 (S.D.N.Y. 2012). Additionally, "Courts in this district have held that fee awards to small firms should be adjusted downwards, because such firms 'do[] not incur the same overhead costs that burden a large law firm.'" Kahlil v. The Original Old Homestead Restaurant, Inc., 657 F. Supp.2d 470, 476 (S.D.N.Y. 2009), quoting Saunders v. The Salvation Army, (SAS), 06 Civ. 2980, 2007 U.S. Dist. LEXIS 22347, 2007 WL 927529, at *3 (S.D.N.Y Mar. 27, 2007).

Here, Benjamin Thompson and Tim Bukher, partners in a small, three attorney law firm aver <u>no</u> employment law experience and have been practicing for only 7 years. Therefore, based upon the prevailing rates in this district, they should be allotted an hourly rate of substantially less than $250 per hour, and certainly should not be awarded fees at the rate they request of $375 per hour for partners.

Plaintiffs' counsel has billed 114.9 hours of time for associate Michael Feldberg, at the rate of $275 per hour. However, as plaintiffs' attorneys offer no information concerning the bar admission date, years of practice and type of legal experience for Mr, Feldberg, there is no basis whatsoever for awarding any legal fees relating to his services.

### 2. Hours Billed Are Unreasonable

"When determining the number of reasonable hours, hours found to be 'excessive, redundant, or otherwise unnecessary' may be excluded. *Patrolmen's Benevolent Ass'n v. City of New York* No. 97 Civ. 7895 (SAS), 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y. July 31, 2003); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). A court has the discretion to make an across-the-board percentage reduction to exclude unreasonable hours. *Luciano*, 109 F.3d at 117. 'Attorneys applying for court-ordered compensation must document the application with time records which 'should specify, for each attorney, the date, the hours expended, and the nature of the work done.' *Kahlil*, 657 F. Supp. 2d at 477 (citing *N. Y. State Ass'n. for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). General descriptions of completed work are sufficient. *Id.* (citing *Aiello v. Town of Brookhaven*, 2005 U.S. Dist. LEXIS 11462, 2005 WL 13972002, at *2 (E.D.N.Y. June 13, 2005)). 'The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."' *Cesario*, 2008 U.S. Dist. LEXIS 103155, 2008 WL 5210209, at *7 (citing *Grant v, Martinez*, 973 F.2d 96, 99 (2d Cir. 1992))." Wong, supra, , 2010 U.S. Dist. LEXIS 90736, at *9.

Further, ". . . billing judgment must be factored into the equation." Guallpa v. N.Y. Pro Signs Inc., No. 11-cv-3133 (LGS) (FM), 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393, at *10-11 (S.D.N.Y. May 27, 2014).

Here, the hours for which plaintiffs' attorneys seek compensation are to a significant extent excessive, redundant, the result of unwarranted delay in litigating this action, attributable to unsuccessful litigation action by plaintiffs' counsel and/or otherwise unnecessary, and reflect poor billing judgment.

6

As a prime example, plaintiffs' counsel billed 6.10 hours for associate Michael Feldberg for his allegedly having "[p]repared exhibits for and participated in deposition of Anthony Barrow," one of the defendants, on April 19, 2017. However, Mr. Feldberg asked no questions of Mr. Barrow on behalf of plaintiffs, the deposition lasted about two and a quarter hours, and only one exhibit was used by plaintiffs' counsel at the deposition. Similarly, plaintiffs' counsel billed 5.8 hours for Mr. Feldberg for his allegedly having "[p]repared exhibits for and participated in deposition of David Kastin," one of the defendants, on April 20, 2017. Thompson Decl. at page 11 of Exhibit 18. However, Mr. Feldberg asked no questions of Mr. Kastin on behalf of plaintiffs, the deposition lasted about one hour, and no exhibits were used by plaintiffs' counsel at the deposition. Clearly, these entries bill for more hours than services performed and reflect services that were not performed, and therefore are patently improper.

Plaintiffs' counsel also <u>triple billed</u> for the same activity by billing varying amounts of time for all three attorneys of the firm for the depositions of defendant Rodney Cutler on April 6, 2017, and <u>double billed</u> the time of Mr. Thompson and Mr. Feldberg for the depositions of Rodney Culter on April 13, 2016 and the depositions of Anthony Barrow and David Kastin on April 20 and 21, 2017, even though only Mr. Thompson asked questions at each of these depositions.[1] Thompson Decl. at pages 10, 11 of Exhibit 18.

" '[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff.... A district court's assessment of the 'degree of success' achieved in a case is not limited to

---

[1] In contrast, although both Mark L. Kalish, Esq. and James Schwartzman, Esq. were present on behalf of defendants at the depositions of plaintiffs Vicktor Stevenson and Sally Laipert, only Mr. Kalish, and not Mr. Schwartzman, billed his time for those depositions.

7

inquiring whether a plaintiff prevailed on individual claims . . . . Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Barfield v. New York City Health and Hospitals Corporation, 537 F.3d 132, 152 (2nd Cir. 2008) (citations omitted).

Here, under Barfield, plaintiffs' attorneys improperly seek compensation for services for which they were unsuccessful and reflect their complete inexperience in FLSA actions, and which render their application for fees unreasonable. In this regard, plaintiffs' attorneys billed 9.3 hours from August 25, 2014 to November 3, 2014 for making a motion to certify the case as a collective action that defendants did not oppose but which the Court nevertheless denied by reason of plaintiffs' counsel's failure to comply with the Court's rules. Similarly, plaintiffs' attorneys' billed 6.4 hours from March 4, 2015 to March 11, 2015 for their second application to certify the case as a collective action, which the Court also denied on procedural grounds as plaintiffs' counsel improperly made the application by way of order to show cause. Thompson Decl. at pages 3-4 of Exhibit 18.

Plaintiffs' counsel's fees must be reduced due to their two unsuccessful applications for collective action certification. See Barfield, supra, 537 F.3d at 151-53 (Second Circuit upheld district court's reduction of fees due to unsuccessful motion to certify a collective FLSA action).

Similarly, plaintiffs' attorneys also billed over 75 hours- and approximately $25,000 in legal fees- from May 1, 2017 to May 26, 2017 in connection with their preparation of motion for

sanctions against defendants which this Court denied.[2]

Plaintiffs' attorneys also bill 10.0 hours from February 24, 2017 to March 2, 2017 in connection with an application to this Court by which they sought to have the plaintiffs deposed via video conferencing. Thompson Decl. at page 9 of Exhibit 18. The Court ordered that plaintiffs be deposed in New York City. See Case Docket Item No. 47.

Thus, plaintiffs' attorney's fees must also be reduced due to their unsuccessful sanctions motion and request that plaintiffs be deposed outside of New York.

Plaintiffs' counsel billed 4.3 hours from March 4, 2017 to March 9, 2017 relating to a joint letter to the Court wherein it insisted that three of the plaintiffs be deposed after all defendants but the court ordered that only one of the defendants be deposed before two of the plaintiffs.

In addition, plaintiffs' counsel, by its own actions and through no fault of the plaintiffs unnecessarily delayed the litigation of this matter. After, as noted above, the Court on October 31, 2014 declined to grant plaintiffs' application, made with the consent of defendants, for an order of Conditional Certification of Collective Action and for Approval of Notice of Lawsuit, plaintiffs delayed until March, 2015, a period of some five months before bringing an additional application, by order to show cause, for such relief. Plaintiff took no action in the interim. As set forth above, the second application was denied as improperly brought by order to show cause. Plaintiffs thereafter made a third application to certify a class which was granted in part and denied in part on May 29, 2015.

---

[2] Plaintiffs counsel's billing for the sanctions motion also was improper on the grounds that May 3, 4 and 5, 2017 plaintiffs' counsel billed for the same work being performed by two attorneys. Furthermore, plaintiffs' counsel improperly billed at the $275 associate rate for Mr. Feldberg for his performing administrative tasks as follows: on May 3, 2017, 5.2 hours to prepare exhibits for the sanctions' motion; on May 11, 2017, 1.2 hours concerning courtesy copies of motion papers; on May 22, 2017, an unidentified portion of the 7.5 hours he billed for that day to file reply papers; and on May 24, 2017, an unidentified portion of the 7.9 hours he billed that day to prepare courtesy copies of the reply papers. Thompson Decl., at pages 11-13 of Exhibit 18. A reduction of hours is warranted for such "paralegal-type work and non-compensable clerical tasks." Agudelo v. JA Restaurant Management, LLC, 2013 U.S. Dist. LEXIS 50486 at *7 (S.D.N.Y.2013).

9

In addition, on March 3, 2016 defendants served their Second Set of Requests for the Production of Documents upon Plaintiffs. Plaintiffs did not provide a response until July 15, 2016, over four months later.

Plaintiffs' attorneys' billings for the following tasks are also patently excessive:

- 25.7 hours from October 31, 2013 to December 29, 2013 relating to preparation and drafting of the summons and complaint (Thompson Decl. at page 2 of Exhibit 18);

- 20.4 hours from August 14, 2013 to October 16, 2013 relating to plaintiffs' counsel learning about the background of the case after receiving case file from previous counsel (Thompson Decl. at page 1 of Exhibit 18);

- 10.9 hours from November 17, 2014 to January 21, 2015 relating to plaintiffs' counsel's preparation of collective action notice after denial of their motion for such relief (Thompson Decl. at page 4 of Exhibit 18);

- 8.6 hours from April 22, 2015 to April 23, 2015 relating to "converting" plaintiffs' unsuccessful order to show cause application for a collective action to a motion (Thompson Decl. at pages 4-5 of Exhibit 18);

- 6.7 hours on May 17, 2015 to prepare a reply brief on motion to certify collective action (Thompson Decl. at page 5 of Exhibit 18);

- 5.3 hours on June 19, 2015 and June 22, 2015 to modify notice of lawsuit (Thompson Decl. at page 5 of Exhibit 18);

- 7.2 hours on December 1,8 and 18, 2015 relating to preparation of plaintiffs' damages calculations (Thompson Decl. at page 6 of Exhibit 18);

10

- 2.4 hours on March 31, 2017 to prepare affidavits "in connection with response to Defendants' first set of discovery demands." Defendants' counsel is unaware of any such affidavits (Thompson Decl. at page 10 of Exhibit 18);

- 8.3 hours on May 4, 2017 and May 5, 2017 relating to review of transcripts for use in plaintiffs' motion for sanctions and review of case docket (Thompson Decl. at page 10 of Exhibit 18).

B. The Court Should Reduce The Billed Hours By A Substantial Percentage

As plaintiffs' counsels' billing practices in this matter are grossly improper, "[r]ather than making minute- by minute deductions, to remedy these billing practices [the Court should] instead reduce all counsel time charges . . .," Agudelo, supra, U.S. Dist. LEXIS 50486 at *8. As is established above, a district court has the discretion to use a percentage deduction to remedy the "fat" of a fee application; see also Romeo and Juliette Laser Hair Removal, Inc. v. Assara, 2013 U.S. Dist. LEXIS 93691 at *20 (S.D.N.Y. 2013). Where, as here, "numerous hours . . . are billed that were either excessive or otherwise unreasonable, a seventy-five percent reduction in her fees is appropriate." Id. at *21; see also Days Inn Worldwide, Inc. v. Amar Hotels, Inc., 05 CV 10100 (KMW)(KNF), 2008 U.S. Dist. LEXIS 37328 at *24 (S.D.N.Y. 2008).

In the case at bar, it is respectfully submitted that the billing by counsel for repeatedly failed applications, the clearly excessive billing with respect to other tasks, and the double and triple billing in instances where clearly only one attorney performed the services warrant a reduction in the fees sought substantially in excess of 75%.

## POINT II

### PLAINTIFFS' COSTS AND EXPENSES SHOULD BE REDUCED

"Fee awards include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Kahlil, supra, 657 F. Supp.2d at 478, quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

Here, plaintiffs seek $342.55 and $569.10 for plane tickets for two of the plaintiffs regarding their deposition attendance in New York. As the Court denied plaintiffs' request that plaintiffs be deposed out of state, these expenses should not be charged to the defendants.

Nor should plaintiffs be reimbursed the sums of $1,653.60, $1,044.45 and $1,877.10 for the deposition transcripts of the defendants, since these transcripts apparently were ordered and used solely in connection with plaintiffs' unsuccessful sanctions motion.

### CONCLUSION

For all the reasons set forth in this memorandum of law and the accompanying declarations plaintiffs' attorneys' application for attorney's fees and expenses in the amounts requested by them should be denied.

Dated: New York, New York
July 7, 2017

                Respectfully submitted,

                MOSS & KALISH, PLLC

                By: _____
                MARK L. KALISH
                Kalish@mosskalish.com
                Attorneys for Defendants
                122 East 42nd Street-Suite 2100
                New York, New York 10168
                (212) 867-4488